PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415-983-1000
Facsimile: 415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5930
Telephone: 916-329-4700
Facsimile: 916-441-3583

KINGSLEY BOGARD LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone: 916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL
PUBLIC SAFETY COMMUNICATIONS CENTER
D/B/A SACRAMENTO REGIONAL FIRE/EMS
COMMUNICATIONS CENTER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation<br><br>Defendant. | Case No.  2:18-cv-01792-KJM<br><br>PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE THIS COURT'S AUGUST 6, 2018 MINUTE ORDER<br><br>Date and Time:  *Ex Parte* Application<br>Courtroom:  3<br>Judge:  Hon. Kimberly J. Mueller |

00098033.2

## NOTICE OF EX PARTE APPLICATION AND APPLICATION/MOTION

TO THE CLERK, THE COURT, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, in the United States District Court, Eastern District of California, 501 I Street, Sacramento, California, 95814, Courtroom 3, 15th Floor, before the Honorable Kimberly J. Mueller, Plaintiff Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC") will and hereby applies for and moves this Court *ex parte* for an order vacating, or in the alternative, modifying its August 6, 2018 minute order so the hearing on SRFECC's motion for partial summary adjudication ("Motion") may be reset for August 24, 2018, or the Court's next feasible hearing date.

Plaintiff respectfully makes this request for good cause out of the public's urgent need for expeditious resolution of this matter. At issue in this case is SRFECC's 9-1-1 computer aided dispatch ("CAD") system, which is integral to providing emergency services to approximately 1.5 million people in the greater Sacramento area. SRFECC's CAD system does not have crucial safeguards and improvements due to Defendant Tyler Technologies, Inc.'s ("Defendant" or "Tyler") material misrepresentations, fraud, and uncontroverted and unambiguous breach of contract. SFRECC has gone to great efforts to file a partially dispositive motion in compliance with federal and local rules. A delay of even a month extends these dire and unfortunate circumstances. SRFECC is duty bound to do everything it can to minimize risk to the public. For this reason, SRFECC hopes this Court understands the gravity of the circumstances and grants the relief requested in this Application.

Plaintiff expects that an opposition will be filed by Defendant. Defendant and the courtroom deputy are aware that this *Ex Parte* Application will be filed. *See* Declaration of Philip S. Warden in support of Plaintiff's Ex Parte Application to Vacate this Court's August 6, 2018 Minute Order ("Warden Decl."), ¶ 6.

This *Ex Parte* Application is based on the accompanying memorandum of points and authorities, the concurrently filed Declarations of Philip S. Warden, Joseph Thuesen, Sherrill Diane House, Ray Schultz and Shane Steckelberg (pending an order to file under seal), their attached

exhibits, the evidence and files on record in this case, and on such further oral and/or written

evidence as may be presented in the papers, if any, on this matter.


Dated:  August 9, 2018                                        PILLSBURY WINTHROP SHAW
                                                             PITTMAN LLP


                                                             _/s/ Philip S. Warden_
                                                  By:        PHILIP S. WARDEN
                                                             ROBERT E. KINGSLEY, Prosecuting
                                                             Authority
                                                             Attorneys for Plaintiff
                                                             SACRAMENTO REGIONAL PUBLIC
                                                             SAFETY COMMUNICATIONS CENTER
                                                             D/B/A SACRAMENTO REGIONAL
                                                             FIRE/EMS COMMUNICATIONS
                                                             CENTER

1

**MEMORANDUM OF POINTS & AUTHORITIES**

2

**I.     INTRODUCTION AND BACKGROUND.**

3

Plaintiff, the Sacramento Regional Public Safety Communications Center d/b/a Sacramento

4

Regional Fire/EMS Communications Center ("SRFECC"), submits this *Ex Parte* Application

5

("Application") respectfully requesting this Court vacate, or in the alternative, modify its August 6,

6

2018 minute order so the hearing on SRFECC's motion for partial summary adjudication may be

7

reset for August 24, 2018, or the Court's next feasible hearing date.

8

This is not a typical case—time is truly of the essence.  *See* Declaration of Joseph Thuesen in

9

support Plaintiff's *Ex Parte* Application to Vacate this Court's August 6, 2018, Minute Order

10

("Thuesen Decl."), ¶ 24.  Defendant Tyler Technologies, Inc., ("Defendant" or "Tyler")

11

unambiguously and unequivocally breached its contract with SRFECC to provide a replacement

12

computer aided dispatch ("CAD") 9-1-1 system used for routing first responders to emergencies in

13

the greater Sacramento region, which services approximately 1.5 million people.  *See* Thuesen Decl.

14

¶ 13.  The breach of contract claim at issue in SRFECC's motion for partial summary adjudication is

15

a matter of urgency for the public.  *See id.* at ¶ 24.  As set forth in the Complaint and SRFECC's

16

partial motion for summary adjudication, the uncontroverted facts show that Defendant has caused

17

SRFECC to continue to rely on a COBOL-based system that was procured in 1995.  *Id*. at ¶ 17.

18

COBOL is an aging platform developed in 1959, with very few remaining technicians who can keep

19

SRFECC's CAD system running and is vulnerable to crash.  *Id*. at ¶ 18.

20

For reasons set forth in the Declaration of Shane Steckelberg in Support of SRFECC's *Ex*

21

*Parte* Application to Vacate This Court's August 6, 2018, Minute Order ("Steckelberg Decl."),

22

which SRFECC lodged pursuant to Local Rule 141, pending this Court's decision to file under seal,

23

Defendant's conduct has put the lives of people and first responders who service the Sacramento

24

region at risk.  *See also*, Thuesen Decl., ¶ 24.  In an emergency, a delay of even seconds, let alone

25

minutes, may be the difference between life and death.  SRFECC hopes to expeditiously resolve this

26

matter, but respectfully requests that this Court not decide this Application until after it has ruled on

27

SRFECC's Request to Seal the Steckelberg Decl. and reviewed the contents of that declaration.

28

Through its review of the Steckelberg Decl., SFRECC believes the Court will understand the gravity of this situation.

SRFECC has done all it can to resolve this matter with Defendant, leaving judicial intervention as a last resort.  *See* Declaration of Sherrill Diane House in support of *Ex Parte* Application to Vacate this Court's August 6, 2018 Minute Order ("House Decl."), ¶¶ 3-20; *see also*, Warden Decl. ¶ 5.  From June to December 2017, SRFECC had multiple meeting with Tyler's project managers and executives meant to address Tyler's shortcomings and problems implementing a CAD system for SRFECC.  *See id*.  Tyler simply lacks the resources and capacity to effect necessary fixes to provide a CAD system Tyler promised to SRFECC.  *See* House Decl. at ¶ 21.  Attempts to amicably resolve continued into 2018, there were in person meetings at SRFECC seeking amicable resolution but no agreement was ever reached.  Since December 2017, SRFECC has tried to resolve this matter without seeking judicial intervention.  *See* Warden Decl. at ¶ 5.  SRFECC has also discovered that its problems with Tyler are not an isolated incident, but in fact shared by other public agencies.  *See* Declaration of Ray Schultz in support of *Ex Parte* Application to Vacate this Court's August 6, 2018 Minute Order ("Schultz Decl.").  Such revelations are deeply disturbing and further corroborate that a solution in part to this dire situation is for Tyler to pay back SRFECC what Tyler received, which was of no benefit to SRFECC, so SRFECC has the necessary funds to seek viable solutions that would provide adequate improvements to SRFECC's CAD system without necessarily involving a new RFP process.  *See* House Decl., ¶ 21.

Defendant, however, continues to behave unabashed by the fact that it blatantly and undeniably breached its contract with SRFECC, forcing SRFECC to file this lawsuit.  *See* Warden Decl. ¶¶ 4-5, Exh. A.  This case urgently needs to be resolved—Defendant must rectify the harm it has caused and pay damages it owes to SRFECC.  SRFECC has no independent revenue stream and its ability to borrow sufficient funds to procure an alternative CAD system is extremely limited.  Thuesen Decl., ¶ 21.  Furthermore, SRFECC will likely incur significant costs for maintenance and up-keeping its existing legacy COBOL CAD system, which is vulnerable to crash.  *See* Thuesen Decl., ¶¶ 18, 23.  SRFECC in turn desperately needs this relief to immediately reinitiate its CAD

replacement project and mitigate the risk imposed on the 1.5 million people SRFECC serves using an outdated legacy 9-1-1 dispatch system. *See id.* at 21. For these reasons and those that follow, SRFECC respectfully requests this Court grant its Application.

## II.   ARGUMENT.

### A.   The Court has discretion to reset the hearing on SRFECC's motion for partial summary adjudication.

The Court has authority to manage this litigation consistent with federal and local rules. *Cf.* Local Rule 103(d); Local Rule 230(b); F.R.C.P. 16(a)(1); F.R.C.P. 83(b); Judge Kimberly Mueller Civil Law and Motion Standing Order (stating that motion dates are not reserved and are subject to change without notice).

SRFECC needs to expeditiously resolve this matter. To this end, it filed its motion for partial summary adjudication pursuant to the federal and local rules just before midnight on Friday, July 27, 2018 so that it could secure an August 24, 2018 hearing. Warden Decl., ¶ 3. Defendant received proper notice and has been aware of this case and the issues at play since at least May 2018. *Id.* Defendant would not be prejudiced if this Court were to reset the hearing for August 24, 2018, or the next feasible hearing date. The relief SRFECC is seeking in the Application is appropriate and within this Court's discretion.

### B.   SRFECC's request to have this Court's August 6. 2018 minute order withdrawn or modified cannot be noticed according to the Court's law and motion calendar.

This Application is necessary as there is no time to file a noticed motion with this Court pursuant to Local Rule 230. Warden Decl. ¶ 3. SRFECC is seeking to have this Court's August 6, 2018 minute order vacated or modified such that an August 24, 2018 hearing on SRFECC's motion for partial summary adjudication gets placed back on calendar, or moved to the next feasible hearing date. *Id.* An *ex parte* application is simply the only means SRFECC has to make this request under the circumstances.

### C.   SRFECC has been unable to obtain a stipulation and amicably resolve this matter with Defendant.

SRFECC has modest and finite funding from the taxpayers. *See* Thuesen Decl. ¶ 11. It has paid Defendant $2,128,393.26 for a product, originally meant to "Go Live" on September 1, 2017,

1  but which has never gone "live."  SRFECC also pre-paid $761,440 Defendant for 5 years of

2  maintenance on this product, but has never received any benefit.  *See id*. at ¶ 21.  As stated in

3  SRFECC's motion for partial summary adjudication, Defendant not only failed to provide

4  assurances that it could perform the contract, it admitted that its software does not meet the technical

5  requirements it contracted to provide and that it would take an additional 33,900 hours, over the next

6  17 to 22 years, for Defendant to resolve the non-compliant issues – except for those issues it could

7  not resolve at all.  *See* House Decl. ¶¶ 15-16.

8       Unfortunately, SRFECC simply does not have the means to obtain a loan and start fixing the

9  problem Defendant has caused while the parties litigate this case, which could take years.  *See*

10  Thuesen Decl. ¶ 21.  SRFECC has repeatedly urged and reminded Defendant of the imminent need

11  to resolve this matter as it places substantial risk to approximately 1.5 million people in the greater

12  Sacramento region who are currently being serviced by an outdated legacy 9-1-1 dispatch system.

13  *See* Warden Decl. ¶¶ 4-5, Exh. A.  The risks associated with the current system are set forth in detail

14  in the Steckelberg Decl., with which a decision to file under seal is pending before this Court.

15       SRFECC has for months repeatedly reminded Defendant of the need to act immediately.

16  SRFECC's entreaties have continued, even in its notice regarding this *Ex Parte* Application.

17  Defendant, however, has persistently ignored SRFECC's requests, including the one contained

18  Exhibit A to the Warden Decl. asking Defendant to stipulate to SRFECC's motion for partial

19  summary adjudication being heard before September 21, 2018.  Accordingly, SRFECC has filed this

20  Application.

21  **III.    CONCLUSION.**

22       For the foregoing reasons, SRFECC respectfully requests that this Court grant the

23  Application and vacate, or in the alternative, modify this Court's August 6, 2018 minute order so the

24  hearing on SRFECC's motion for partial summary judgment may be reset for August 24, 2018, or

25  the Court's next feasible hearing date.  SRFECC also respectfully requests that this Court not decide

26  this Application until after it has ruled on SRFECC's Request to Seal the Steckelberg Decl. and

27  reviewed the contents of that declaration.  Through its review of the Steckelberg Decl., SFRECC

28

believes the Court will understand the gravity of this situation.

Dated:  August 9, 2018                              PILLSBURY WINTHROP SHAW
                                                    PITTMAN LLP


                                                    _/s/ Philip S. Warden_
                                               By:  PHILIP S. WARDEN
                                                    ROBERT E. KINGSLEY, Prosecuting
                                                    Authority
                                                    Attorneys for Plaintiff
                                                    SACRAMENTO REGIONAL PUBLIC
                                                    SAFETY COMMUNICATIONS CENTER
                                                    D/B/A SACRAMENTO REGIONAL
                                                    FIRE/EMS COMMUNICATIONS
                                                    CENTER

00098033.2                                                                                   -7-

PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE THIS COURT'S
AUGUST 6, 2018 MINUTE ORDER
4819-7284-6704.v1                                                      Case No.:  2:18-cv-01792-KJM-KJN