# Mayor, Derek M.

| | |
|---|---|
| **From:** | Warden, Philip S. |
| **Sent:** | Thursday, August 9, 2018 2:59 PM |
| **To:** | Petronio, Beth W.; msegal@segal-pc.com |
| **Cc:** | Ward, Sydney; Mayor, Derek M.; Warden, Philip S. |
| **Subject:** | RE: SRFECC vs. Tyler |

Beth, thank you for your response.
As is already articulated in our Motion; and will be further described in our ex parte motion, SRFECC and Tyler attempted for about 13 months to resolve the problems with the Tyler CAD product. Tyler eventually admitted it's CAD system did not comply with the RFP and the agreement of the parties, and that Tyler lacks the resources and capability to actually fix mission critical functions of the CAD.

It is entirely unrealistic to suggest that Tyler can now produce the product it promised, and has been paid for.

The good news is that with the help of our experts we have identified a way to reduce the risk to the public in an expeditious way, once the client, which has limited funding options, is repaid the sums it has paid to Tyler, and for which it has received no benefit.

Time is critical—we will be filing a request for re setting the hearing later today.

I am sorry that your client declined to even discuss some middle ground options. The client is involved in an important lifesaving business; and will do everything possible to reduce the risk to the public and to enhance and improve its response times and service.

Phil

---

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Wednesday, August 8, 2018 9:32 AM
**To:** Warden, Philip S. <philip.warden@pillsburylaw.com>; msegal@segal-pc.com
**Cc:** Ward, Sydney <sydney.ward@pillsburylaw.com>; Mayor, Derek M. <derek.mayor@pillsburylaw.com>
**Subject:** RE: SRFECC vs. Tyler

Phil:

Your desire to accelerate the hearing purports to be based on a concern about the existing COBAL system and the safety of Sacramento's citizens. However, for almost a year Tyler has been attempting to encourage SRFECC to engage in good faith towards a timely go-live on a new, stable CAD system that is in use in hundreds of other agencies around the country. Tyler's efforts included work beyond what was contracted for, and offers to deliver services at no additional cost to the SRFECC. Tyler has never understood why SRFECC refused to engage in that partnership, and Tyler is only more confused now by the theme you have led with: that the public is at risk because of the SRFECC's existing system.

If SFRECC truly believes that the public is at risk because of that system, then the fastest and most efficient way for SRFECC to remedy that would be to work with Tyler on a solution. Instead, SRFECC apparently intends to rebid the project and start over. Even if a bid were awarded tomorrow (the last RFP process took over 18 months), implementation with another vendor starting over is not likely to be accomplished in less than 18 months. So, at this point, unless SRFECC revisits the idea of permitting Tyler to implement the system, SRFECC is unlikely to have a new

system for several years. Tyler remains willing to engage in discussions, including at mediation, regarding how the parties can efficiently and effectively implement a new CAD system quickly. It is SRFECC that has refused, and continues to refuse, to have such discussions.

That more recent history is not the only history that belies your litigation posture. It is Tyler's understanding that SRFECC began the process of replacing the existing system in the late 1990s. In fact, SRFECC apparently selected other vendors in the late 1990s and mid-2000s to replace the system, yet ran into problems with those selected vendors and threw them out, too. The current contract was awarded in 2015 after an RFP process that took almost 18 months and with the knowledge that the implementation would take at least an additional 18 months to two years. Even after SRFECC suspended the project, it did not express concern over "tragic consequences" as you are doing now. Nor were these concerns expressed in SRFECC's original notice letters to Tyler in early 2018 or at the dispute resolution meetings. The allegations first appeared in the Complaint. And, as we pointed out in our Motion to Strike, SRFECC's public statements have contradicted the allegations in the Complaint. As a result, the allegations appear to be a litigation tactic to accomplish your clients' admitted goal of "moving the litigation process along quickly."

In the grand scheme of this project, the additional four weeks between a hearing on August 24 and a hearing on September 21 are not material. Indeed, entertaining your motion at this stage of the litigation at all is already an accelerated timeframe that addresses your goal. The requirement that we marshal all of our evidence at this early stage of the litigation is, we believe, improper, onerous and premature. I would note that courts in the EDCA have routinely denied motions for summary adjudication filed under similar circumstances. Moreover, the court has moved up the scheduling conference that would otherwise have occurred one month later. Again, you are getting the acceleration that you seek. You're push for even more acceleration is a litigation tactic that is thinly veiled at best, and it is one that ignores fairness, order, and judicial economy.

Our desire to conduct the hearing on a more reasonable schedule is not, as Sydney referred to it, a "delay tactic." It is a necessary product of the unusual procedural posture you have put this case in by virtue of filing a Motion for Summary Adjudication before we even had responded to your Complaint. As we previously explained, Tyler believes that even the Sept 21 hearing is aggressive. In any event, simply to respond to your over 1500 page motion, Tyler will need every bit of time between now and September 7. At least two of our key employees with knowledge of the facts have been out of town and will not be able to spend significant time assisting with preparation of the response until next week. In addition, Tyler's general counsel is leaving for vacation and will not be available until the week of August 20 for meaningful input. The Labor Day holiday weekend (August 31-Sept 3) creates additional limitations on the availability of witnesses and counsel.

Therefore, we must decline your request to stipulate to an earlier date for the September 21 hearing. The Court's order should stand. Also, please indicate to the Court when filing your motion that we intend to file a response in opposition.

Thank you,
Beth

---

**From:** Warden, Philip S. [mailto:philip.warden@pillsburylaw.com]
**Sent:** Tuesday, August 07, 2018 2:48 PM
**To:** Petronio, Beth W.; msegal@segal-pc.com
**Cc:** Warden, Philip S.; Ward, Sydney; Mayor, Derek M.
**Subject:** SRFECC vs. Tyler

Beth, As Sydney explained yesterday, our client and the 1.5 million people it serves are in a precarious situation. Further delay in the resolution of our dispute could have tragic consequences.

The purpose of this communication is to request that you stipulate to moving the hearing to a date earlier than Sept. 21.

We prefer the 24th of August, but are happy to discuss something mutually convenient with you and Malcom.

Can you please let me know your answer to the entreaty by tomorrow before noon your time?

If I hear nothing by noon Texas time tomorrow (10AM Pacific) I will assume you elect not to discuss our concerns and this request; and we will seek relief ex parte to move the date.

Thanks for your consideration.

Phil


**Philip S. Warden** | Partner
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998
t 415.983.7260 | f 415.983.1200 | m 415.359.5129
philip.warden@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES  MIAMI
NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO
SAN DIEGO  SAN DIEGO NORTH COUNTY  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.