Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Fax: (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-CV-1792-KJM-KJN<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE THIS COURT'S AUGUST 6, 2018 MINUTE ORDER**<br><br>Date & Time : *Ex Parte* Application<br>Judge: Hon. Kimberly J. Mueller<br>Courtroom: 3 |

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE THIS COURT'S AUGUST 6, 2018 MINUTE ORDER

Defendant Tyler Technologies, Inc. ("Tyler") files this opposition to Plaintiff Sacramento Regional Public Safety Communications Center d/b/a/Sacramento Regional Fire/EMS Communications Center's ("SRFECC") *Ex Parte* Application to Vacate this Court's August 6, 2018 Minute Order.  The Court's Minute Order reset Plaintiff's Motion for Partial Summary Adjudication from August 24, 2018 to September 21, 2018, when Tyler's Motion to Dismiss is also set, and accelerated the previously-set October 25, 2018 status conference to also take place on September 21, 2018.

Plaintiff, dissatisfied with the fact that the case is already on an accelerated track, now requests that the Court vacate its own rescheduling Minute Order, and instead accelerate its Motion for Partial Summary Adjudication to August 24, 2018, citing "the public's urgent need for expeditious resolution of this matter" because it involves SRFECC's 9-1-1 computer aided dispatch ("CAD") system.  To the contrary, Plaintiff has constructed an inherently false claim of urgency and one completely contrary to statements it has made to the public about the current functionality of its CAD system.  Plaintiff's litigation strategy in making urgency claims, denying ordinary and reasonable extensions of time to respond to voluminous pleadings, and by now asking the Court to accelerate the hearing of its motion for Partial Summary Adjudication will deprive Defendant of fundamental fairness and due process.  The facts underlying Plaintiff's complaint are in sharp dispute.  Defendant's Motion to Dismiss clearly addresses the dispute and the insufficiency of the allegations.

There is no reason or need for the Court to grant the Plaintiff's request.  By accelerating the status conference and permitting a hearing on SRFECC's Motion in September, the Court's Minute Order has already accomplished SRFECC's stated desire for haste and objective for urgent review of its claims.  Further accelerating the hearing date to August 24, 2018 would serve no purpose other than to deprive Tyler of a meaningful opportunity to respond to SRFECC's 1500+ page motion and incorporated exhibits.  Moreover, despite all of SRFECC's expressed assertions about public safety, they have not established that any actual emergency exists that justifies depriving Tyler of due process when faced with but a four week difference in the hearing dates that this Court has ordered.

/ / /

## STATEMENT OF FACTS

1. SRFECC initiated this lawsuit on June 22, 2018. [Dkt. No. 1] By order dated June 22, 2018, this Court scheduled an initial Status Conference for October 25, 2018. [Dkt. No. 3] By stipulation, Tyler's deadline to respond to the Complaint, which had been July 13, 2018, was extended only to July 31, 2018. [Dkt. No. 7] Tyler originally had requested a standard 30-day extension to August 13, 2018, but SRFECC refused to agree to that extension.

2. On July 27, 2018, before Tyler had even responded to the Complaint, SRFECC filed its Motion for Partial Summary Adjudication [Dkt. No. 10], and set it for hearing on August 24, 2018. SRFECC's Motion consisted of over 1,553 pages, including 73 separate factual assertions and 6 extensive witness declarations. The Motion seeks partial summary judgment on certain elements of SRFECC's claims for breach of contract and fraud. At its core, the Motion asserts that Tyler breached a contract to implement a new CAD system by failing to comply with some 172 separate technical requirements in the parties' agreement. SRFECC also asserts that Tyler's predecessor-in-interest New World Systems Corporation intentionally misrepresented its ability to meet these 172 technical requirements. These 172 separate lines items present numerous, distinct issues that must be addressed in Tyler's response.

3. Tyler has already begun to assemble the responsive papers and to marshal the necessary factual information in response to the Motion, but doing so requires specific technical expertise on the 172 detailed line items, as well as detailed factual analysis of the allegedly "undisputed" facts presented with the Motion. Two witnesses that are required declarants have been out of the office and unavailable to assist in a meaningful way with the response. In addition, Tyler's General Counsel, whose assistance is critical to the response effort, is currently on vacation until August 20, 2018.

4. Based on SRFECC's proposed hearing date, Tyler's response to the motion would ostensibly be due on August 10, 2018, the very day this Opposition is being filed and only one day after SRFECC requested that the hearing be accelerated. Tyler would effectively have no ability to meaningfully respond to the motion and would be fundamentally prejudiced. Moreover, because the August 6, 2018 Minute Order extended Tyler's response deadline to September 7, 2018, Tyler

believed it had the ability to wait for the knowledgeable witnesses to return to the office before gathering additional facts and preparing the necessary responsive declarations and documents. At this point, Tyler will need all of the time between now and September 7, 2018 to prepare its response.

5. Moreover, as previously noted, Tyler's response to the Complaint came in the form of a Motion to Dismiss, which addresses many of the same legal issues presented in the Motion. Tyler's Motion to Dismiss asserts that SRFECC has failed to allege its claims regarding the 172 line items with sufficient specificity to comply with Federal Rules of Civil Procedure 9(b) and 12(b)(6). As a result, it is possible that, at a minimum, SRFECC will be required to re-plead and file an Amended Complaint. Such Amended Complaint would necessarily inform the scope of SRFECC's motion.

## ARGUMENT

6. For reasons of fundamental fairness and due process, Tyler requests that this Court deny SRFECC's request to vacate the Minute Order and accelerate the hearing date on SRFECC's motion. The motion—filed before Tyler had even responded to the Complaint—is extraordinarily premature at this stage of the litigation and requires a response to over 1,553 pages regarding 172 separate alleged breaches and fraudulent statements. The motion incorporated 73 separate factual assertions and 6 extensive witness declarations. SRFECC is already asking the Court to take the extraordinary measure of granting summary judgment without permitting Tyler to take *any* discovery. On top of that, SRFECC is now asking the Court to accelerate the hearing on that motion. Doing so would prejudice Tyler unnecessarily.

7. SRFECC's desire to accelerate the hearing is purportedly based on the allegation, which Tyler disputes, that this matter involves an urgent public safety issue because it relates to SRFECC's 9-1-1 system. As noted in Tyler's Motion to Dismiss, SRFECC's allegations of an urgent and dangerous situation are inconsistent with its previously crafted public and press statements reassuring residents that no public safety issue exists. *See* Motion to Dismiss [Dkt. No. 11] at pp. 22-23 (noting that despite SRFECC's allegations that a public safety issues exists, its representatives have confirmed that "our existing dispatch software can reliably meet our emergency dispatch needs while we restart the process").

8.      Despite SRFECC's contradictory statements, it now contends that this is a matter of utmost urgency for the people of Sacramento.  By SRFECC's own admission, they have had the current CAD system in place and functional since 1995.  The RFP process for this project initially took over 18 months and the project was slated to take at least 18 months to two years to complete.  If SRFECC chooses to "restart the process," it will not have a replacement CAD system for several years.  Moreover, SRFECC contends that it attempted to negotiate with Tyler's representatives for over 13 months.  It then waited another 6 months to file suit.  In light of the long history of this project, the difference between a hearing on August 24, 2018 and one on September 21, 2108 is simply not prejudicial to SRFECC.  In contrast, accelerating the hearing would prejudice Tyler by forcing it to respond to a lengthy motion, based on a deficiently plead complaint, without adequate time to marshal and focus declarations and exhibits.

9.      Contrary to SRFECC's specious suggestions in its motion, Tyler is not callous or uncaring about the safety of the citizens of Sacramento or elsewhere.  SRFECC has failed to establish that any specific or real emergency exists that will impact SRFECC's constituents in the four weeks between August 24, 2018 and September 21, 2018.  Instead, SRFECC has merely presented evidence of the *possibility* of an issue arising with its current CAD system because it is antiquated, a matter which has been known to SRFECC for many years and which its own filed declarations confirm.  The possibility of problems, however, which are inherent in any CAD system at any time, does not justify the acceleration of this matter beyond what the Court's Minute Order has already provided.

WHEREAS, Tyler respectfully requests that that the Court enter an order (i) denying SRFECC's request to vacate the Court's August 6, 2018 Minute Order; and (ii) granting Tyler any other relief, at law or in equity, to which Tyler may be entitled.

Dated:  August 10, 2018.                    **K&L GATES LLP**

By:     /s/ Beth W. Petronio
        BETH W. PETRONIO *(admitted pro hac vice)*
        Attorneys for Defendant TYLER TECHNOLOGIES, INC.

4

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE THIS COURT'S AUGUST 6, 2018 MINUTE ORDER

Dated:  August 10, 2018.                           **SEGAL & ASSOCIATES, PC**


                                          By:     /s/ Malcolm Segal
                                                  MALCOLM SEGAL
                                                  Attorneys for Defendant TYLER TECHNOLOGIES, INC.