UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | No. 2:18-cv-01792-KJM-KJN<br><br><br><br>ORDER |

Plaintiff Sacramento Regional Public Safety Communications Center filed an August 9, 2018 ex parte application to shorten time to hear its motion for partial summary adjudication. App., ECF No. 13. The underlying motion was originally set to be heard on August 24, 2018, but the court continued the hearing to September 21, 2018 to coincide with defendant Tyler Technologies Inc.'s motion to dismiss. ECF No. 12 (Aug. 6, 2018 minute order). Citing dire consequences that may result in the absence of an expedited ruling, Sacramento Regional Center urges the court to hear the summary adjudication motion on August 24, 2018 or as soon as possible thereafter. For the following reasons, the application is DENIED but the court ORDERS the parties to attend an expedited court-convened settlement conference on August 23, 2018.

Ex parte applications are "justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of

1

evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *In re Intermagnetics Am., Inc.*, 101 B.R. at 193. "[I]t must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Sacramento Regional Center identifies an immediate and irreparable injury, but it has not shown an earlier hearing date is justified or would mitigate the stated risk. This lawsuit concerns Sacramento Regional Center's aged and vulnerable computer-aided emergency dispatch system, "which is integral to providing emergency services to approximately 1.5 million people in the greater Sacramento area." App. at 2. Sacramento Regional Center contends it paid Tyler more than $2 million to create a new dispatch system. *Id.* at 6-7. That dispatch system was set to go live in September 2017, but never did. *Id.* Sacramento Regional Center thus continues to rely on its outdated dispatch system, which lacks "crucial safeguards and improvements" and could apparently crash at any moment, with disastrous effect. *See id.* at 2, 4.

Sacramento Regional Center contends it cannot pay for a new dispatch system unless it prevails here. *See id.* at 5 (arguing "[t]his case urgently needs to be resolved" because Sacramento Regional Center lacks an "independent revenue stream" and has an "extremely limited" ability to obtain funds to secure an alternative system); *id.* ("[A] solution in part to this dire situation is for Tyler to pay back [Sacramento Regional Center] what Tyler received . . . so [Sacramento Regional Center] has the necessary funds to seek viable solutions . . . ."); *id.* at 7 ("[Sacramento Regional Center] simply does not have the means to obtain a loan and start fixing the problem [Tyler] has caused while the parties litigate this case, which could take years."). In other words, Sacramento Regional Center urges the court to hear the motion for partial summary
/////

2

judgment in August rather than September because Sacramento Regional Center's emergency response system depends on obtaining a ruling a month or so earlier. *Id.* at 5-7.

Given the serious consequences Sacramento represents are at stake, the court convened a special status conference on August 15, 2018 to discuss Sacramento Regional Center's application, and both parties appeared by phone. *See* ECF No. 17 (Aug. 15, 2018 Hr'g Mins.). As the court noted at the status conference, Sacramento Regional Center has not demonstrated its application is justified. Sacramento Regional Center has been aware of the issues with its current dispatch system, as well as Tyler's inability to provide Sacramento Regional Center with a new system, since at least June 2017. App. at 5. Yet it waited until June 22, 2018, to file this lawsuit, *see* ECF No. 1, and waited until July 27, 2018, to move for partial summary judgment, *see* ECF No. 10. In other words, after "months" of apparently fruitless discussions with Tyler all the while knowing that its system "is vulnerable to crash" and that it had no means to pay for necessary repairs, Sacramento Regional Center now argues it cannot wait one month for the court to hear its motion. *See* App. at 4, 7. If the situation is as dire as Sacramento Regional Center represents, its inaction up to this point is concerning. Regardless, Sacramento Regional Center has not shown its alarming predicament is attributable to the court's modest schedule change made to achieve judicial efficiency and the ends of justice.

Fundamentally, Sacramento Regional Center has not shown its proposed change would eliminate the risk of harm. As the court noted at the special status conference, only rarely will the court rule on a summary adjudication motion from the bench, and it typically reserves such rulings for denials. Rather, reasoned, written summary adjudication orders may take upwards of a month to issue, or even longer in this impacted district. While the court would make its best efforts to expedite ruling in light of the serious issues at stake here, the court's role is to resolve the parties' dispute, not to obtain funding for Sacramento Regional Center's emergency response system.

The court concludes, after discussion with the parties, that it is best able to acknowledge the serious concerns raised in Sacramento Regional Center's application by setting an expedited court-convened settlement conference. As noted in a separate order and confirmed

3

1 | here, the parties are ORDERED to attend a settlement conference on August 23, 2018 at 10:00
2 | a.m. in Courtroom 27 before Magistrate Judge Deborah Barnes.  ECF No. 18 (ordering the parties
3 | to attend settlement conference and providing instructions for settlement conference statements).

        Also, as the court advised at the status conference and confirmed in its hearing minutes, the court believes Sacramento Regional Center's concerns about filing sensitive information in its declaration are better served by redaction rather than sealing.  *See* ECF No. 14 (request to seal document).  The court DENIES the request to seal and DIRECTS Sacramento Regional Center to file its proposed redactions for in camera review.  *See* ECF No. 17.

        For reasons discussed above, Sacramento's ex parte application and request to seal are DENIED, and the parties are ORDERED to attend a settlement conference on August 23, 2018, as provided in ECF No. 18.  Sacramento Regional Center's proposed redactions to its declaration shall be filed in camera within 7 days.

        IT IS SO ORDERED.

DATED:  August 16, 2018.

_____
UNITED STATES DISTRICT JUDGE

4