1  Beth W. Petronio *(pro hac vice granted)*
   **K&L GATES LLP**
2  1717 Main Street, Suite 2800
3  Dallas, TX  75201
   Telephone:  (214) 939-5815
4  Fax:  (214) 939-5849
   beth.petronio@klgates.com
5

6  Malcolm Segal (SBN 075481)
   John T. Kinn (SBN 130270)
7  **SEGAL & ASSOCIATES, PC**
   400 Capitol Mall, Suite 2550
8  Sacramento, CA  95814
   Telephone:  (916) 441-0886
9  Facsimile: (916) 475-1231
   msegal@segal-pc.com
10

11 Attorneys for Defendant TYLER
   TECHNOLOGIES, INC., a Delaware
12 Corporation F/K/A NEW WORLD SYSTEMS
   CORPORATION, a Surrendered California
13 corporation

14
                        UNITED STATES DISTRICT COURT
15
                        EASTERN DISTRICT OF CALIFORNIA
16

17

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION,  a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-1792-KJM-KJN<br><br>**DECLARATION OF BETH W. PETRONIO IN SUPPORT OF DEFENDANTS' RULE 56(D) REQUEST TO CONTINUE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br><br>Date:           September 19, 2018<br>Time:          2:00 p.m.<br>Judge:        Hon. Kimberly J. Mueller<br>Courtroom:  3 |

28 T

PETRONIO DECLARATION IN SUPPORT OF RULE 56(D) REQUEST TO CONTINUE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION

**DECLARATION**

I, Beth W. Petronio, declare as follows:

1. I am an attorney duly admitted to practice before all courts in the State of Texas. I am a partner at the law firm of K&L Gates LLP, counsel of record for Defendant Tyler Technologies, Inc. ("Tyler"). I have been admitted *pro hac vice* in this Court in connection with this action.

2. This declaration is submitted in support of Defendant's Rule 56(d) Request to Continue and Tyler's Opposition to Plaintiff's Motion for Partial Summary Adjudication ("Tyler's Opposition"). Defined terms used herein have the same meaning given them in Tyler's Opposition.

3. Plaintiff Sacramento Regional Public Safety Communication Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC") initiated this lawsuit on June 22, 2018 [Dkt. No. 1]. By order dated June 22, 2018 [Dkt. No. 3], this Court scheduled an initial Status Conference for October 25, 2018. By stipulation, Tyler's deadline to respond to the Complaint was extended to July 31, 2018 [Dkt. No. 7].

4. On July 27, 2018, SRFECC filed its Motion for Partial Summary Adjudication (the "Motion") [Dkt. No. 10] and set it for hearing on August 24, 2018. On July 31, 2018, Tyler filed its Motion to Dismiss [Dkt. No. 11]. The Court reset the August 24, 2018 hearing on SRFECC's Motion to coincide with the September 21, 2018 hearing on Tyler's Motion to Dismiss and accelerated the date for the parties' initial Status Conference to September 21, 2108 as well. [Dkt. No. 12] The September 21, 2018 hearing was subsequently moved to September 19, 2018. [Dkt. No. 36]

5. SRFECC's Motion consists of over 1,553 pages, including 73 separate factual assertions and 6 witness declarations. The Motion seeks partial summary judgment on certain elements of SRFECC's claims for breach of contract and fraud. At its core, the Motion asserts that Tyler breached a contract to implement a new computer aided emergency dispatch system by failing to comply with 172 of the over 2000 separate technical requirements in the parties' agreement. SRFECC also asserts that Tyler's predecessor-in-interest, New World Systems Corporation, intentionally misrepresented its ability to satisfy these 172 technical requirements.

1

PETRONIO DECLARATION IN SUPPORT OF RULE 56(D) REQUEST TO CONTINUE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION

6. SRFECC's Motion was filed 35 days after the Complaint was filed, four days before Tyler responded to that Complaint, and before the parties' Rule 16 scheduling conference with the Court. No discovery has occurred in this case.

7. In order to fully and fairly respond to SRFECC's Motion, Tyler needs, at a minimum, the discovery outlined below in accordance with Federal Rule of Civil Procedure 56(f).

8. Tyler would like SRFECC to produce copies of various video and/or audio tapes or recordings of relevant meetings between Tyler and SRFECC. First, SRFECC videotaped a December 2017 meeting at which Tyler presented a PowerPoint presentation (Exhibit 5 to the Motion). This presentation forms a primary basis for SRFECC's claims. Because there is a significant factual dispute about what was said and agreed to at that meeting, the videotape could provide critical evidence regarding what occurred at that meeting.

9. Second, SRFECC videotaped a number of the demonstrations of various elements of New World's software system that occurred prior to the execution of the Agreement (and prior to Tyler's acquisition of New World). Those videotapes would help establish what SRFECC's representatives knew about the software's functionality and when SRFECC knew that information. These tapes could also establish how New World described various technical elements of its software system prior to the Agreement, which could provide evidence of what the parties' intended and understood the specific technical requirements to mean.

10. Tyler would also benefit from the production of various other categories of documents that are directly relevant to the facts in dispute. For example, the production of internal emails and discussions between the SRFECC team who developed the RFP would establish what the specific technical requirements in the RFP were intended by SRFECC to mean and whether those interpretations varied over time, were consistent with industry standards, and/or were contemplated by the Agreement. Likewise, the production of drafts of the RFP that would assist in the interpretation of the technical requirements in that document and the meaning that the parties ascribed to those technical requirements when the Agreement was executed.

11.     Tyler also wishes to obtain the production of internal emails and other documents discussing SRFECC's desired functionality for a new CAD system.  Again, these documents would establish the intent of SRFECC when entering into the Agreement.  And, documents that discuss any of the alleged issues or problems with Tyler's CAD software would tend to support or rebut SRFECC's allegations about the specific functionality.  Because SRFECC's Motion only specifically addresses 14 of the 172 alleged technical requirements, Tyler will need additional document discovery regarding the remaining 158, including any documents that expressly address what the specific concerns or issues with those items were.

12.     Also, Tyler seeks production of internal emails and other documents regarding the scoring of the RFP and the process by which New World was awarded the right to proceed with the Agreement, including specific score sheets and related information.  SRFECC has maintained that, but for the alleged misstatements of technical capabilities, New World would not have been awarded the Agreement.  Tyler disputes this argument based on the way the contract was awarded and believes these documents will provide evidence regarding SRFECC's allegations.

13.     In addition to this documentary discovery, Tyler needs a number of depositions in order to respond fully to SRFECC's Motion.  First, Tyler should be entitled to depose at least two of the individuals that gave declarations in support of SRFECC's Motion.  Diane House provided a declaration that expressly contended that Tyler's representatives made certain false statements or agreements.  Tyler disputes those allegations and believes that Ms. House's knowledge about a number of matters on which she testified is not based on personal knowledge because she was not employed with SRFECC when the RFP was issued, when the contract was awarded, or when the Agreement was executed.  As such, Tyler should be permitted to test Ms. House's knowledge on the subjects in her declaration.

14.     Similarly, Joseph Thuesen is the acting executive director of SRFECC and provided a declaration contending that Tyler's representatives made certain misstatements or agreements that Tyler disputes.  Although Mr. Thuesen was employed by SRFECC when the RFP was executed, he did not provide any testimony regarding what the RFP requirements meant or whether Tyler had

complied. Tyler believes it is entitled to depose Mr. Thuesen regarding both what was included in his declaration and what was not.

15. Second, Tyler contends that it should be entitled to take the deposition of Teresa Murray, who was the project manager at SRFECC when the RFP was issued and who signed the Agreement. Ms. Murray's involvement in and knowledge of the implementation of similar CAD systems with other agencies is likely to establish what SRFECC knew and understood about the technical capabilities of the software when the Agreement was executed.

16. Third, Tyler should be permitted to depose Lisa Smelser, who was previously employed by the City of Roseville, California and had been in charge of Roseville's implementation of New World's CAD system there. Ms. Smelser was hired by SRFECC to assist with the implementation of the CAD system at SRFECC and can testify regarding SRFECC's knowledge of the system's functionality.

17. Fourth, Tyler would like to depose those SRFECC individuals that were present when New World gave SRFECC demonstrations of its software either directly to SRFECC, at various trade shows, or at other agencies using New World's CAD software. As noted in the Declaration of Craig Nelson, these individuals include Linda Luis, Joyce Starosciak, Matt Wooden, Wendy Croshwaite, Brad Dorset, Chuck Moody, and Sara Roush. These individuals should be able to testify about SRFECC's knowledge of the CAD system's functionality, as well as other aspects of the implementation.

18. Fifth, because SRFECC's Motion only addresses 14 of the 172 alleged technical requirements, Tyler needs to depose either a corporate representative or a SRFECC technical expert regarding what SRFECC contends was non-compliant about the remaining 158.

19. Sixth, Tyler should also be permitted to depose a number of other individuals that have yet to be identified, but who have important and relevant information. For example, the individual team members of SRFECC who developed the RFP and who participated in the meetings with New World/Tyler during which the intended scope and functionality of the CAD were discussed and explained would be able to provide testimony regarding SRFECC's understandings when drafting

the technical requirements of the RFP. Similarly, the individual SRFECC team members who exchanged emails or authored reports or other documents concerning their understanding of the differences between a COTS system and a custom CAD system can provide relevant testimony. The SRFECC team that participated in two days of meetings with New World before the RFP response was submitted have knowledge of what was discussed about the specific technical requirements prior to the execution of the Agreement. And, the individuals involved in the RFP selection process will have relevant information relating to how New World's RFP response was scored and whether New World would have been awarded the bid if the responses to the RFP had been different;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this the 7th day of September, 2018, at Dallas, Texas.

_____
BETH W. PETRONIO