Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX  75201
Telephone:  (214) 939-5815
Fax:  (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone:  (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>           Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION,  a Surrendered California Corporation,<br><br>           Defendant. | Case No.: 2:18-1792-KJM-KJN<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br><br>Date:        September 19, 2018<br>Time:        2:00 pm<br>Judge:      Hon. Kimberly J. Mueller<br>Courtroom:  3 |

Defendant Tyler Technologies, Inc. ("Tyler") submits these objections to the evidence submitted with Plaintiff Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center's ("SRFECC") Motion for Partial Summary Adjudication (the "Motion") [Dkt. No. 10].

| EVIDENCE | OBJECTION |
|---|---|
| Declaration of Joesph Thuesen ("Thuesen Dec.") ¶¶ 36; 39; 40; 41-43; 44, third sentence. | Speculative and not based on the personal knowledge of the declarant. FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |
| Thuesen ¶ 45 | Improperly contains the conclusory and unsupported statement that "Defendant failed to perform the contract." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient).<br>Speculative and not based on the personal knowledge of the declarant. FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |

DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION

| | |
|---|---|
| Thsen ¶ 46 | Improperly contains the conclusory and unsupported statement that "as a result of Defendant's breach, SRFECC will incur costs." Speculative and not based on the personal knowledge of the declarant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient). |
| Declaration of Sherrill Diane House ("House Dec.") ¶ 18 | Improperly contains the conclusory and unsupported statement "Defendant falsely represented its completion of certain milestones and RFP requirements throughout the process." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient). |
| House Dec. ¶ 20 | Improperly contains the conclusory and unsupported statement that items were "falsely marked 'completed'" on Exhibit 28. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient). |
| House Dec. ¶¶ 52; 53; 54, first sentence; 56-58; 60-70; 73. | Speculative and not based on the personal knowledge of the declarant. Ms. House was not employed by SRFECC when the RFP was drafted or the Agreement was signed. *See* House Dec. at ¶ 11 (stating that Ms. House's first involvement with the project was in May 2016). As such, she is not qualified to testify regarding the meaning of specific technical requirements in those documents. FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |

| | |
|---|---|
| House Dec. ¶ 72 | Improperly contains the conclusory and unsupported statement "Defendant's false representations during the RFP process resulted in it receiving a score higher than competing bids." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient). <br> Speculative and not based on the personal knowledge of the declarant. Ms. House was not employed by SRFECC when the RFP was drafted or the Agreement was signed. *See* House Dec. at ¶ 11 (stating that Ms. House's first involvement with the project was in May 2016). As such, she is not qualified to testify regarding the meaning of specific technical requirements in those documents. FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |
| House Dec. ¶ 90 | Improperly contains the conclusory and unsupported statement that "Because Defendant failed to perform the contract, SRFECC has not obtained the benefit of the system it contracted to receive." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir.1981) (conclusory statements unsupported by factual data are insufficient). <br> Speculative and not based on the personal knowledge of the declarant. FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |

DEFENDANT'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION

| Exhibit 7 | Speculative, misleading, and not based on the personal knowledge of the declarant. Ms. House, who created Exhibit 7, was not employed by SRFECC when the RFP was drafted or the Agreement was signed.  *See* House Dec. at ¶ 11 (stating that Ms. House's first involvement with the project was in May 2016).  As such, she is not qualified to testify regarding the meaning of specific technical requirements in those documents.  FED. R. CIV. P. 56(c)(4) (requiring summary judgment declarations to be made based on personal knowledge); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient.") |
|---|---|

Dated:  September 7, 2018				**K&L GATES LLP**


					By:	/s/ Beth W. Petronio_____
						BETH W. PETRONIO *(admitted pro hac vice)*
						Attorneys for Defendant TYLER TECHNOLOGIES, INC.


Dated:  September 7, 2018				**SEGAL & ASSOCIATES, PC**


					By:	/s/ Malcolm Segal_____
						MALCOLM SEGAL
						Attorneys for Defendant TYLER TECHNOLOGIES, INC.