Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX  75201
Telephone:  (214) 939-5815
Fax:  (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone:  (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION,  a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-1792-KJM-KJN<br><br>**DEFENDANT'S RULE 56(D) REQUEST TO CONTINUE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br><br>Date:      September 19, 2018<br>Time:      2:00 pm<br>Judge:     Hon. Kimberly J. Mueller<br>Courtroom: 3 |

DEFENDANT'S RULE 56(D) REQUEST TO CONTINUE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY ADJUDICATION

**FACTUAL BACKGROUND**

Plaintiff Sacramento Regional Public Safety Communication Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC") initiated this lawsuit on June 22, 2018 [Dkt. No. 1]. By order dated June 22, 2018 [Dkt. No. 3], this Court scheduled an initial Status Conference for October 25, 2018. By stipulation, Tyler's deadline to respond to the Complaint was extended to July 31, 2018 [Dkt. No. 7].

On July 27, 2018, SRFECC filed its Motion for Partial Summary Adjudication (the "Motion") [Dkt. No. 10] and set it for hearing on August 24, 2018. On July 31, 2018, Tyler filed its Motion to Dismiss [Dkt. No. 11]. The Court reset the August 24, 2018 hearing on SRFECC's Motion to coincide with the September 21, 2018 hearing on Tyler's Motion to Dismiss and accelerated the date for the parties' initial Status Conference to September 21, 2108 as well. [Dkt. No. 12] The September 21, 2018 hearing was subsequently moved to September 19, 2018. [Dkt. No. 36]

SRFECC's Motion consists of over 1,553 pages, including 73 separate factual assertions and 6 witness declarations. The Motion seeks partial summary judgment on certain elements of SRFECC's claims for breach of contract and fraud. At its core, the Motion asserts that Tyler breached a contract to implement a new computer aided emergency dispatch system by failing to comply with 172 of the over 2000 separate technical requirements in the parties' agreement. SRFECC also asserts that Tyler's predecessor-in-interest, New World Systems Corporation, intentionally misrepresented its ability to satisfy these 172 technical requirements.

SRFECC's Motion was filed 35 days after the Complaint was filed, four days before Tyler responded to that Complaint, and before the parties' Rule 16 scheduling conference with the Court. No discovery has occurred in this case.

**ARGUMENT AND AUTHORITIES**

For the reasons stated in Tyler's Opposition to Partial Motion for Summary Judgment (the "Opposition"), filed contemporaneously with this request, SRFECC's Motion should be denied because SRFECC has failed to meet its burden and virtually every material fact is in dispute. In addition, because of the unusual timing of SRFECC's Motion, Tyler has not been permitted to

conduct discovery. As a result, Tyler has been prevented from obtaining other facts in the possession of SRFECC or various third parties that would further justify denial of the Motion. Tyler therefore requests that the Court deny as premature, or defer consideration of, SRFECC's Motion to allow time to conduct discovery and present further opposition.

In order to fully and fairly respond to SRFECC's Motion, Tyler needs the discovery outlined below in accordance with Federal Rule of Civil Procedure 56(d).[1]

- A copy of video and/or audio tapes or recordings of the December 2017 meeting at which Tyler presented the PowerPoint presentation (Exhibit 5), which forms a primary basis of SRFECC's claims;

- The deposition of Teresa Murray, who was the project manager when the RFP was issued and who executed the Agreement;

- The deposition of Diane House and Joseph Thuesen, who provided declarations supporting SRFECC's Motion;

- A copy of video and/or audio tapes or recordings of CAD software demonstrations;

- Depositions of the SRFECC representatives present at the CAD software demonstrations, including Linda Luis, Joyce Starosciak, Matt Wooden, Wendy Crosthwaite, Brad Dorset, Chuck Moody, and Sara Roush;

- The deposition of Lisa Smelser, who had been responsible for the implementation of New World's CAD system in Roseville, California and was later hired to assist SRFECC;

- Copies of internal emails and documents between the members of the SRFECC team that developed the RFP in which they discuss desired or mandated functions;

- Drafts of the RFP;

- Depositions of the individual team members of SRFECC who developed the RFP and who participated in the meetings with New World/Tyler during which the intended scope and functionality of the CAD were discussed and explained;

- Copies of internal emails and documents discussing SRFECC's desired functionality for a new CAD system and/or alleged issues or problems with Tyler's CAD system;

- Copies of internal emails and documents, including score sheets and related information, regarding the scoring of the RFP and the process by which New World was awarded the Agreement;

---

[1] *See also generally* Declaration of Beth W. Petronio in Support of Rule 56(d) Request to Continue and Opposition to Plaintiff's Motion for Partial Summary Adjudication.

- Depositions of the individuals involved in the RFP selection process;

- Depositions of either corporate representatives or other SRFECC technical experts regarding what SRFECC contends was non-compliant about each technical requirement;

- Depositions of the individual SRFECC team members who exchanged emails or authored reports or other documents concerning their understanding of the differences between a COTS system and a custom CAD system.

Tyler requests that the Court deny as premature, or defer consideration of, SRFECC's Motion in order to allow time for Tyler to conduct, at a minimum, the discovery outlined above and to present further opposition.

Rule 56(d) prevents an opposing party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Where a summary judgment motion is filed early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts freely grant any Rule 56(d) motion. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003). Indeed, in similar circumstances, courts in this District have routinely denied summary judgment motions as premature. *See, e.g., Moore v. Hubbard,* No. CIVS-06-2187-FCD, 2009 WL 688897 at *1 (E.D. Cal. Mar.13, 2009) ("Plaintiff's [summary judgment] motion is premature, as discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order. Thus, defendants have not been given an opportunity to discover any facts or information necessary in drafting an opposition. Thus, plaintiff's motion is denied as premature. Furthermore, defendants have filed a motion to dismiss, which is properly before the court."); *Singleton v. Hedgepath*, No. 1:08-cv-00095-AWI, 2010 WL 4630801 (E.D. Cal. Nov. 8, 2010) (denying as premature a motion for summary judgment filed nine days after defendant responded to the complaint); *Cisneros v. Neubarth*, No. 1:11-cv-01297-LJO, 2013 WL 3992120 (E.D. Cal. Aug. 2, 2013) (denying as premature a motion for summary judgment filed prior to the defendants' responsive pleading).

To comply with Rule 56(d), Tyler must identify specific facts that further discovery would reveal and explain why those facts would preclude summary judgment. FED. R. CIV. P. 56(d);

*Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *see also* Local Rule 260(b).  A lesser showing of specificity is permitted before *any* discovery has taken place.  *See Burlington*, 323 F.3d at 774-75 (finding that it was an abuse of discretion for the district court to decide the summary judgment motion where there had been "no fair opportunity to develop the record").  Here, the detailed factual nature of the underlying issues, the early stage of this litigation, the fact that no discovery whatsoever has yet to occur, and the nature of the discovery Tyler requires, all justify a denial or continuance of the Motion.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 56(d), and for the reasons stated in the accompanying Opposition and the attached Declaration of Beth Petronio, Tyler requests that this Court to deny, or defer consideration of, SRFECC's Motion to allow time to conduct discovery and present further opposition, and grant Tyler such other and further relief to which it may be entitled.

Dated:  September 7, 2018     **K&L GATES LLP**

By: /s/ Beth W. Petronio_____
BETH W. PETRONIO *(admitted pro hac vice)*
Attorneys for Defendant TYLER TECHNOLOGIES, INC.

Dated:  September 7, 2018     **SEGAL & ASSOCIATES, PC**

By: /s/ Malcolm Segal_____
MALCOLM SEGAL
Attorneys for Defendant TYLER TECHNOLOGIES, INC.