Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Fax: (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-1792-KJM-KJN<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE [RULES 9(B), 12(B)(6) AND 12(F)]**<br><br>Date: September 19, 2018<br>Time: 2:00 pm<br>Judge: Hon. Kimberly J. Mueller<br>Courtroom: 3 |

# INTRODUCTION

SRFECC's Opposition to Motion to Dismiss and Motion to Strike (the "Opposition"; Dkt. No. 42) continues to ignore critical portions of the parties' Agreement and to improperly rely on conclusory and contradictory allegations that are insufficient to survive a motion to dismiss.[1]  In short, SRFECC has failed to adequately allege its causes of action and dismissal under Federal Rules of Civil Procedure 9(b) and 12(b)(6) is warranted.

# ARGUMENT AND AUTHORITIES

## A. The Court Need Not Consider SRFECC's Later-Filed Motion

The insufficiency of SRFECC's Complaint is underscored by the fact that SRFECC's Opposition repeatedly refers the Court to the evidence submitted with its Motion for Partial Summary Adjudication (the "MPSA"; Dkt. No. 11) to clarify the allegations in its Complaint.[2] Indeed, SRFECC expressly encourages the Court to "properly consider both th[e] Opposition and the other filings on record in this case to supplement the allegations in the Complaint."[3]  Despite that, SRFECC claims that the Court should ignore the factual recitations in Tyler's Motion as unsupported and outside the record, even though those factual recitations are also before this Court in Tyler's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Adjudication.[4]  If the Court considers SRFECC's additional filings, it should not ignore Tyler's Opposition and evidence, including that which directly refutes and contradicts SRFECC's Complaint.[5]  Regardless of whether the Court considers SRFECC's efforts to clarify its Complaint based on the full record or simply looks to the Complaint and its Exhibits, SRFECC still fails to adequately state its causes of action.

///

---

[1] Unless otherwise indicated, defined terms used herein have the same meaning as in Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss and Motion to Strike ("Tyler's Motion"; Dkt. No. 11).
[2] *See, e.g.*, Opposition pp. 6-7, 11-12, 15.
[3] Opposition pp. 6-7.
[4] Opposition pp. 3-4.
[5] *See, e.g.*, Declaration of David Bonini at ¶¶ 15-16 and Declaration of Kevin Flynn at ¶¶ 24-26, 41-42, which were filed with Tyler's Opposition to the MPSA and which directly contradict the allegation that Tyler agreed that 239 RFP items were "Fails."  *See also* Complaint Exhibits 5, 6, 8 and Exhibit 20 to SRFECC's MPSA, which also directly contradict the allegation that SRFECC and Tyler agreed 239 RFP items failed.

### B. SRFECC Has Not Alleged Fraud With Specificity

SRFECC's entire fraud claim is based on a fallacy that ignores key aspects of the RFP Response and the Agreement. First, SRFECC ignores the language in New World's RFP Response that expressly disclosed to SRFECC that the responses were based on New World's interpretations of the technical requirements in the RFP, which might differ from SRFECC's understandings:

> Our response to your software specifications is based on **our interpretation** of each feature or requirement. Our response will be **accurate in a high percentage of cases**. **Occasionally, however, our interpretation does not coincide with the prospect's intention**. A demonstration of our software will further assure the SRFECC that New World can meet and/or exceed your requirements.[6]

SRFECC's Complaint makes no effort whatsoever to allege how New World's RFP responses were intentionally false, as opposed to instances where New World's interpretation of the RFP did not "coincide" with SRFECC's intention.[7]

Even if SRFECC could identify a response in the RFP that was simply wrong, that still would not be enough to allege intentional fraud. As the Ninth Circuit has stated:

> The requisite intent is the **knowing presentation of what is known to be false, as opposed to innocent mistake or mere negligence**. Bad math is no fraud, **proof of mistakes is not evidence that one is a cheat**, and t**he common failings of engineers and other scientists are not culpable** under the [False Claims Act]. The statutory phrase known to be false does not mean scientifically untrue; it means a lie.

*Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1478-79 (9th Cir. 1996) (internal quotations and citations omitted, emphasis added); *see also Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996). If errors existed in the RFP Response—and SRFECC has not identified any such errors—those errors are not sufficient to support a fraud claim. SRFECC is obligated, when alleging fraud, to provide facts beyond mere errors, mistakes or negligence to support the allegation that a knowingly false statement was made. SRFECC has not done so here.

Second, SRFECC's Complaint and its Opposition both inexplicably ignore the Agreement's definition of "Fully Compliant," which states:

---

[6] SRFECC's MPSA, Exhibit 14 at p. 47 (emphasis added). Having cited the Court to Exhibit 14 (*see* Opposition p. 9, n. 5, p. 11), SRFECC cannot contend that this document is outside the record.
[7] Complaint Exhibits 5, 6 and 8 reveal that there was actually significant disagreement regarding how to interpret the RFP requirements, suggesting that the parties' interpretations did not in fact "coincide."

> All items coded "Fully Compliant" (as qualified) in the New World Detail Response to Customer's RFP Questionnaire will be provided to Customer through currently **existing Exhibit A software capabilities**, Customer's use of 3rd Party software, **custom programming** provided by New World **and/or future enhancements** to Exhibit A software provided under Exhibit C.[8]

SRFECC's fraud claim is premised on a conflicting definition of "Fully Compliant" found in the initial RFP, which required features to have been in use at existing locations for one year.[9] That definition of "Fully Compliant," however, was expressly modified and superseded by the Agreement. The Agreement stated: "If the terms and conditions of the New World Detail Response to the specifications of the RFP and this Agreement are in conflict, the governing terms and conditions shall be this Agreement."[10]

Because SRFECC's Complaint is premised on an incorrect definition of "Fully Compliant" that is squarely contradicted by the Agreement, it fails to state any valid claim for fraud. *Moenig v. Bank of America, N.A.*, No. 2:14-cv-01399-KJM-EFB, 2015 WL 2185245, at *2 (E.D. Cal. May 8, 2015) (noting that the court need not accept as true allegations that contradict "material attached to or incorporated by referenced into the complaint") (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001)).

Moreover, SRFECC's Complaint and related Exhibits actually establish that Tyler could have been "Fully Compliant" with the Agreement by providing the necessary functionality through "custom programming" and/or "future enhancements."[11] Thus, SRFECC cannot properly allege a false statement was made.

Third, SRFECC's conclusory allegations of fraud are not sufficient to satisfy the heightened pleading standards for Rule 9(b). Allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). For a complaint to satisfy the heightened pleading requirements of Rule 9(b),

---

[8] Complaint Exhibit 2, p. 86 (emphasis added).
[9] Opposition, p. 8, Complaint ¶ 55.
[10] Complaint Exhibit 2, p. 86; *see also* Section 19.1 of the Agreement, which provides: "This Agreement is the entire agreement between the parties and supersedes all other communications, written or oral, between the parties relating to the subject matter of this Agreement." Complaint Exhibit 2, p. 38; *see also id.* at p. 39 (acknowledging that the Agreement was the product of "mutual" drafting and was "negotiated and discussed" between the parties).
[11] *See, e.g.*, Complaint Exhibit 5 (projecting when Tyler could provide the requested functionality); Complaint at ¶¶ 7, 27-28, 31-33.

1  a "plaintiff must set forth more than the neutral facts necessary to identify the transaction. **The**
2  **plaintiff must set forth what is false or misleading about a statement, and why it is false.**" *Id*.
3  (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis added).
4  Conclusory statements do not suffice as factual allegations "if those conclusions cannot reasonably
5  be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.
6  2004). And, the Court need not accept as true "a legal conclusion couched as a factual allegation."
7  *Moenig*, 2015 WL 2185245, at *2 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) and *Bell*
8  *Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).

9        Here, SRFECC has failed to allege anything more than conclusory allegations regarding what
10  is allegedly false, why it is false and how it was intentionally false. It is not sufficient for SRFECC
11  to make only the conclusory assertion that the 172 RFP line items listed on Exhibit 7 were
12  misrepresented to "Fully Comply."[12] SRFECC must allege what, specifically, was false about New
13  World's response of "Fully Comply" on each specific line item. *GlenFed*, 42 F.3d at 1548.[13]

14        SRFECC's Opposition doubles down on its conclusory allegations and purports to rely on
15  *GlenFed* in doing so.[14] SRFECC suggests that this case is just like the hypothetical house described
16  in *GlenFed*, where the allegation that the house was built on a landfill was sufficient to plead fraud
17  regarding a statement that the house was "in perfect shape."[15] The hypothetical landfill in *GlenFed*,
18  however, was a specific allegation of fact used to exemplify that, in the right circumstances, pleading
19  fraud could be done with "great simplicity."[16] In contrast, the facts here are not simple. SRFECC's
20  Complaint claims 172 separate statements of fraud about extraordinarily complex technical issues.

---

[12] Exhibit 7 was prepared by SRFECC specifically for purposes of this lawsuit by an individual who was not employed at SRFECC when the RFP was issued and New World responded. As a result, Tyler objected to the use of Exhibit 7 in connection with SRFECC's MPSA and challenges its accuracy. *See* Defendant's Objections to Evidence Submitted in Support of Plaintiff's Motion for Partial Summary Adjudication (Dkt. No. 40).

[13] SRFECC's Opposition contends that it need not "describe each of the 172 fails" because there is not "sufficient space to do so" and because it explained "several failed items" in its MPSA. Opposition, p. 12. Neither the space constraints nor SRFECC's later filings, however, should excuse SRFECC from stating with specificity why and how each individual statement is allegedly false. Indeed, the fact that SRFECC's MPSA admittedly only addresses "several" (actually, only 14) of the items instead of all 172 underscores the lack of specificity generally in SRFECC's claims and the desire to simply lump all 172 together for pleading purposes. Even the 14 specific items addressed in the MPSA were addressed only through the after-the-fact testimony of a declarant that was not employed by SRFECC when the RFP was issued and the responses were made. *See* Tyler's Opposition to MPSA at p. 14, n. 86.

[14] Opposition pp. 9-10.
[15] Opposition p. 9 (citing *GlenFed*, 42 F.3d at 1548).
[16] *GlenFed*, 42 F.3d at 1548.

Instead of providing some basis for why and how these 172 statements were false, SRFECC merely refers to line numbers in the RFP and asserts that "New World/Tyler acknowledged and confirmed" that these items were not "Fully Compliant."[17] Again, however, SRFECC's allegation is not only conclusory, it is objectively contradicted by the Complaint's Exhibits. Tyler *did not agree* with SRFECC's suggestion that 172 items were not "Fully Compliant."[18] SRFECC's allegation, which represents the only factual support for the conclusion that false statements were made, need not be taken as true. *Moenig*, 2015 WL 2185245, at *2.

An example of one of the RFP responses at issue underscores why SRFECC's allegations lack the requisite specificity. Requirement 5.2.5.6.C.a. in the RFP states, in part:

> The CAD system **may** also in addition to soundex utilize **other appropriate look-up aids such as type ahead**. **If** type ahead is utilized, the system shall only display as possible matches those streets on which the numeric address that has been entered is a valid address.[19]

Based on the use of the terms "may" and "if" and "appropriate look-up aids such as type ahead," type ahead was an optional feature in the RFP. How then, could a response of "Fully Compliant" on an optional item be considered a false statement? Because SRFECC's Complaint fails to allege any specific facts regarding any of the 172 line items in the RFP, SRFECC has failed to allege "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

SRFECC's allegation regarding New World's fraudulent intent is equally conclusory and insufficient. SRFECC states only that "Defendants intentionally misrepresented the capabilities of Licensed Standard Software when it entered the Agreement."[20] This conclusion (which Tyler strongly disputes), without more, does not establish intentional fraud. Indeed, even if SRFECC could establish that Tyler could not deliver the technical functionality required by the Agreement, a "mere failure to perform on a contract does not constitute fraud." *Richardson v. Reliance Nat'l*

---

[17] Opposition p. 10; *see also* Opposition p. 10 (incorrectly stating that "Defendant has acknowledged and does not dispute that its software does not meet each of the 172 technical requirements set forth in Exhibit 7.")

[18] *See generally* Complaint Exhibit 5, pp. 96-110 (summarizing Tyler's then-current position regarding whether various items were compliant, based on information exchanged during the implementation process); Complaint Exhibit 6, pp. 111-72 (December 2017 reconciliation with significant discussion evidencing parties disagreement on what specific lines items meant); Complaint Exhibit 6, p. 172 (summarizing the parties' disagreements); Complaint Exhibit 8, pp. 181-85 (same).

[19] Complaint Exhibit 6, p. 123; *see also* Exhibit 13 to SRFECC's MPSA, p. 77.

[20] Complaint ¶ 63.

5

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

*Indemnity Co.*, No. C 99-2952 CRB, 2000 WL 284211, at *4 (N.D. Cal. March 9, 2000). And, an alleged breach of contract is not "evidence that [defendant] never intended to honor the contract, thereby committing fraud." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153-54 (S.D. Cal. 2001).[21] SRFECC cannot transform Tyler's hypothetical failure to perform into a fraud claim.

Finally, SRFECC's allegation that Tyler misrepresented its ability to deliver the CAD system within an 18 to 24-month period cannot give rise to a fraud claim.[22] Again, SRFECC simply ignores the Agreement, which does not require contract completion—much less completion of each technical specification in the RFP—in 18 to 24 months. Instead, the Agreement states:

> A typical implementation project of this size and scope usually spans 18-24 months from contract signing through go live. **Based on unique Customer circumstances and/or Customer resources constraints, the actual project schedule could differ significantly**.[23]

And, as noted, the Agreement contemplated that some functionality would be provided through "future enhancements" to the current system.[24] SRFECC's conclusory and contradictory allegations are insufficient to properly plead SRFECC's fraud-based claims with specificity, as required by Federal Rule 9(b).

C. **SRFECC's False Claims Act Claim Fails for Various Other Reasons**

SRFECC's False Claims Act claim fails for a variety of other reasons as well. First, liability under the False Claims Act is subject to an additional "judicially-imposed requirement that the false statement of claim be material." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999). SRFECC does not dispute the materiality requirement,[25] but claims that it can either be inferred from the face of the Complaint or from SRFECC's later-filed MPSA.[26] SRFECC's

///

---

[21] *See also* Motion to Dismiss, p. 13 (citing numerous additional authorities for this proposition).
[22] Complaint ¶ 58.
[23] Complaint Exhibit 2, p. 62. SRFECC's Complaint does not allege any basis for an agreement on the "timing" of the implementation beyond that expressed in the Agreement.
[24] Complaint Exhibit 2, p. 86.
[25] Opposition, p. 14 and n. 8 (acknowledging that courts interpreting the California False Claims Act "have applied a materiality requirement.").
[26] SRFECC cites *City of Pomona v. Superior Court*, 89 Cal. App. 4th 793, 805 (2001) for the suggestion that the Court can infer materiality. Opposition, pp. 14-15. The *Pomona* court, however, made no such holding. Instead, that court concluded, on the unique facts of that case, that a claim had been properly pled. Here, SRFECC made no effort to plead materiality despite recognizing the requirement to do so.

Complaint makes no attempt to explain how any of the allegedly false statements are independently or collectively material, because they are not.[27] The claim should be dismissed on this basis.

Second, based on a straightforward reading of the applicable statute, neither SRFECC nor its counsel has standing under the False Claims Act. SRFECC lacks standing because the False Claims Act is limited to false claims issued to the state or a political subdivision. CAL. GOV'T. CODE §§ 12650(b)(1), 12651. On the face of the statute, "'[p]olitical subdivision' includes any city, city and county, county, tax or assessment district, or other legally authorized *local governmental entity with jurisdictional boundaries*." CAL. GOV'T. CODE § 12650(b)(6). Here, SRFECC is not a political subdivision with "jurisdictional boundaries." SRFECC's Opposition has not cited any authority recognizing a judicial powers authority as a political subdivision for purposes of standing.

SRFECC's outside counsel also does not qualify per the specific wording of the statute as a "prosecuting authority." A "'[p]rosecuting authority' refers to the county counsel, city attorney, or other local government official." CAL. GOV'T. CODE § 12650(b)(8). Because outside counsel is not a "local government official," specific statutory authority is not present here and the False Claims Act claim should be dismissed.[28]

**D.   <u>SRFECC's UCL Claim Is Not Adequately Plead.</u>**

SRFECC's Statutory Unfair Competition claim consists of bare allegations that Tyler's conduct violated California's Unfair Competition Law ("UCL").[29] Neither SRFECC's Complaint nor its Opposition adequately explains how any of the alleged conduct was fraudulent, unlawful, or unfair as required by the UCL. CAL. BUS. & PROF. CODE § 17200. As a result, the Court should dismiss SRFECC's UCL claim in its entirety.

First, SRFECC does not—and cannot—dispute that the heightened pleading standards of Rule 9(b) apply to claims under the UCL's fraud prong. *See Sipe v. Countrywide Bank*, 690 F. Supp.

---

[27] *See* Tyler's Motion at pp. 16-17.
[28] SRFECC cites *Sierra View Local Health Care District v. Influence Health, Inc.*, No. 1:15-cv-00689, 2017 WL 220304, at * 5-6 (E.D. Cal. 2017) for the suggestion that SRFECC's outside counsel qualifies as a "prosecuting authority." Opposition, p. 17. *Sierra View*, however, delegated authority to its CEO and CFO, not outside legal counsel, and that case is distinguishable. As the *Sierra View* court recognizes, there is little to no law interpreting the statutory definition of "prosecuting authority." *Id.* at *4. In this instance, the Court should let the statute speak for itself, and apply its wording. SRFECC's outside legal counsel does not qualify.
[29] *See* Complaint ¶ 51.

2d 1141, 1158–59 (E.D. Cal. 2010); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). For the reasons stated above, SRFECC's fraud allegations do not satisfy those heightened standards and dismissal of the UCL claim on this basis is warranted.

Second, SRFECC's Complaint fails to satisfy the UCL's unlawfulness prong. SRFECC's Opposition suggests that its False Claims Act allegations are automatically sufficient to plead unlawfulness.[30] However, SRFECC's UCL claim does not incorporate its False Claims Act claim or otherwise even mention unlawfulness.[31] *See Pena v. McArthur*, 889 F. Supp. 403, 407-08 (E.D. Cal. 1994) (advising that a "complaint's mere allegation that defendants had engaged in certain unlawful practices in the past and may do so in the future was not enough to state a cause of action under § 17200."). Moreover, as discussed above, SRFECC's False Claims Act claim fails for independent reasons and therefore cannot serve as a basis for unlawfulness.

Finally, SRFECC's Complaint also fails to allege unfairness. While SRFECC's Opposition recites three possible standards for unfairness based in public policy, the Complaint does not plead or even reference facts satisfying **any** of these three standards.[32] Indeed, the Complaint just characterizes certain alleged conduct as "violations of [the UCL]" and relies on the unsupported legal conclusion that Tyler "will likely continue to engage in unfair business tactics."[33] SRFECC's allegations simply lack any factual basis to support unfairness.[34]

Likewise, SRFECC cannot rely on its breach of contract claim as a basis to allege unfairness.[35] A breach of contract cannot "form the predicate" for a UCL claim unless it is also "**independently** unlawful, unfair, or fraudulent." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (emphasis added). The only authority SRFECC cites in support of its position is easily distinguishable.[36] In *London v. Wells Fargo Bank, N.A.*, 2018 WL 621262, at * 12 (E.D. Cal. 2018), the plaintiff mortgagee alleged an ongoing and repeated practice of failing "to

---

[30] *See* Opposition, p.18 ("The Complaint alleges that these acts independently constitute. . .a violation of the CFCA.").
[31] *See* Complaint ¶¶ 49–53.
[32] *See* Opposition, p. 18; Complaint ¶¶ 49–53.
[33] Complaint ¶¶ 51–53.
[34] Opposition, pp. 18–19.
[35] *See* Opposition, p. 18 ("Even absent claims for fraud or violation of the CCA, the Complaint sets forth a bad faith breach of contract, which constitutes an unfair business act or practice.").
[36] *See* Opposition, p. 19.

honor loan modification agreements and initiating foreclosure" thereby threatening consumers with "loss of their homes[.]" Here, at most, SRFECC alleges a single, breach of contract based on delivery of a disputed software system.

E. **SRFECC Has Not Properly Plead A Breach of Contract**

SRFECC's Complaint also fails to adequately allege a breach of contract. In fact, SRFECC does not point to any provision of the Agreement that has allegedly been breached, and its Opposition makes the unbelievable assertion that it need not do so.[37] It is not sufficient, however, to generally allege breach. "[S]imply a formulaic recitation of the elements of breach of contract . . . is insufficient to withstand a motion to dismiss under Rule 12(b)(6)." *Kane v. Delong*, No. CV-13-05021-KAW, 2014 WL 894587, at *4 (N.D. Cal. Mar. 4, 2014) (citing *Twombly*, 550 U.S. at 555); *see Junod v. Dream House Mortg. Co.*, No. CV-11-7035-ODW, 2012 WL 94355, at *6 (C.D. Cal. Jan. 5, 2012) (dismissing conclusory breach allegations that were "devoid of facts supporting such conclusions" and a "mere formulaic recitation of the elements of a breach of contract claim").

Even with the supposed clarification provided in SRFECC's Opposition and its MPSA, it is still unclear whether SRFECC is asserting a "time is of the essence" breach or a breach of the warranty provisions. Neither Tyler nor this Court should have to guess.

Moreover, to the extent the breach relates to the timing of Tyler's performance, SRFECC's allegations are premised on misapplications of the Agreement's specific terms. As noted, the Agreement does not contain a provision committing to a specific completion date and instead estimates timing for a "typical implementation" that "could differ significantly."[38] SRFECC's Complaint ignores these provisions, contending that—contrary to the express language of the Agreement—performance was required by November 6, 2017. Again, where the Agreement contradicts the allegations in the Complaint, dismissal is proper. *Moenig*, 2015 WL 2185245, at *2.

To the extent SRFECC is now contending that its breach claim is premised on the failure to provide specific functionality (an allegation that does not appear in the Complaint),[39] SRFECC has

---

[37] *See* Opposition, p. 6.
[38] Complaint Exhibit 2, p. 62.
[39] *See* Complaint ¶¶ 36-48 (SRFECC's breach of contact claim for relief, which does not mention the 172 technical specifications).

9

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

ignored the specific warranty provisions of the Agreement and the limited remedies available for breaches of warranty.[40]  In addition, as articulated above in connection with SRFECC's fraud claims, SRFECC has not sufficiently alleged what functionality was required or how Tyler allegedly failed to perform.  At every turn, SRFECC's attempts to plead a breach of contract claim fall short.

**F.     SRFECC's Allegations Regarding a Public Safety Threat Should Be Stricken**

Pursuant to Federal Rule of Civil Procedure 12(f), this Court may strike any portion of a pleading that is "redundant, immaterial, impertinent or scandalous matter."  Here, SRFECC has alleged that New World's conduct has created a "dangerous and imminent public safety problem" and that this contractual dispute presents a potential "life and death" situation for citizens of Sacramento.[41]  As noted in Tyler's Motion, these allegations are inconsistent with other public statements from SRFECC, which stated that SRFECC's "existing dispatch software can reliably meet [SRFECC's] emergency dispatch needs while we restart the process to modernize this computer aided dispatch system."[42]  The allegations appear to be designed to improperly cast Tyler in a derogatory manner, damage Tyler's business reputation and impede Tyler's ability to fully litigate technical and complex contract issues by creating a newly-minted sense of threat and urgency.  The language is unnecessary to the Complaint and the Court should strike paragraph 11 and the last portion of Paragraph 53 of the Complaint alleging a "threat" to public safety.

## CONCLUSION

WHEREFORE, Tyler respectfully requests, for the reasons articulated herein, that the Court grant Tyler's Motion and dismiss SRFECC's claims in this action, strike Paragraphs 11 and 53 of the Complaint, and grant Tyler such other and further relief to which it may be entitled.

---

[40]   Exhibit 2, pp. 17-19.
[41]   Complaint ¶ 11.
[42]   S. Stanton, *Sacramento Bee* article dated July 26, 2018 available at https://www.sacbee.com/latest-news/article213796684.html.  SRFECC contends that the Court should not take judicial notice of this article because it relates to a fact in dispute. Opposition, p. 20.  There is no dispute, however, about the statement made in the article, the fact that it was made by SRFECC's Interim Executive Director or the fact that it directly contradicts the Complaint.

Dated: September 14, 2018.         **K&L GATES LLP**

                                   By:    /s/ Beth Petronio
                                          BETH PETRONIO

Dated: September 14, 2018.         **SEGAL & ASSOCIATES, PC**

                                   By:    /s/ Malcolm Segal
                                          MALCOLM SEGAL

                                          Attorneys for Defendant TYLER TECHNOLOGIES, INC.