1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   PHILIP S. WARDEN (SBN 54752)
2  philip.warden@pillsburylaw.com
   CLARK THIEL (SBN 190212)
3  clark.thiel@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111-5998
   Telephone:  415-983-1000
5  Facsimile:  415-983-1200

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SYDNEY A. WARD (SBN 312615)
7  sydney.ward@pillsburylaw.com
   2600 Capitol Avenue, Suite 300
8  Sacramento, CA 95816-5830
   Telephone:  916-329-4700
9  Facsimile:  916-441-3583

10 KINGSLEY BOGARD, LLP
   ROBERT E. KINGSLEY (SBN 59596)
11 Prosecuting Authority for Plaintiff
   rkingsley@kblegal.us
12 600 Coolidge Drive
   Suite 160
13 Folsom, CA 95630
   Telephone:  916-932-2500
14
   Attorneys for Plaintiff SACRAMENTO REGIONAL
15 PUBLIC SAFETY COMMUNICATIONS CENTER
   D/B/A SACRAMENTO REGIONAL FIRE/EMS
16 COMMUNICATIONS CENTER

17                    **UNITED STATES DISTRICT COURT**

18                    **EASTERN DISTRICT OF CALIFORNIA**

19

20 SACRAMENTO REGIONAL PUBLIC              Case No.  2:18-cv-01792-KJM-KJN
   SAFETY COMMUNICATIONS CENTER
   D/B/A SACRAMENTO REGIONAL               OPPOSITION TO DEFENDANT'S RULE
21 FIRE/EMS COMMUNICATIONS CENTER          56(D) REQUEST TO CONTINUE
                                           PLAINTIFF'S MOTION FOR PARTIAL
22            Plaintiff,                   SUMMARY ADJUDICATION

23        vs.                              Date:  September 19, 2018
                                           Time:  2:00 p.m.
24 TYLER TECHNOLOGIES, INC., a Delaware    Courtroom:  3
   corporation F/K/A NEW WORLD SYSTEMS     Judge:  Hon. Kimberly J. Mueller
25 CORPORATION, a Surrendered California
   corporation
26
              Defendant.
27

28

---

## I. DEFENDANT FAILED TO MEET ITS BURDEN TO DEMONSTRATE THE NEED FOR A CONTINUANCE UNDER 56(D).

### A. LEGAL STANDARD

A party seeking a continuance of a summary judgment motion on the ground that it needs additional discovery must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."   Fed. R. Civ. Pro. 56(d).   In the Ninth Circuit, a party seeking Rule 56(d) relief cannot rely upon generalized conclusions that information not yet obtained in discovery might possibly be useful to support deferral of summary judgment proceedings; rather, a party must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment" such that allowing additional discovery would actually preclude summary judgment.  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *cf. Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012) ("A district court abuses its discretion [in denying a request] only if the party requesting a continuance can show that allowing additional discovery would have precluded summary judgment"); *Home Décor Center, Inc. v. Google, Inc., et al.,* Case No. CV-12-5706-GW(SHx), Doc. 122-1 (C.D. Cal. June. 19, 2013).  The reasons justifying a continuance must be "specific" and "compelling."  *Id.*

### B. DEFENDANT IS NOT PREJUDICED.

#### 1. Defendant already possesses the documents needed to respond to these claims.

Defendant complains, on the one hand, that Plaintiff's Motion for Partial Summary Adjudication consists of 1,553 pages, and on the other, that it does not have sufficient information to respond.  However, the approximately 1,500 pages included with Plaintiff's motion include the evidence needed for the Court and the parties to decide the limited issues presented by the Motion. They consist of:  the Agreement between the parties; Plaintiff's Request for Proposal and Defendant's response[1]; Defendant's PowerPoint presentation; correspondence between the parties

---

[1] Plaintiff points out that because the RFP Response incorporates the RFP, it inflates the total number of pages.  Together, the RFP and Response account for 1,089 pages, while the remainder of the documents consist of the contract, emails between the parties, other documents Defendant

-1-

1   related to the confirmation of the project schedule and the exchange of the reconciliation document

2   tracking performance; various background documents to establish foundational facts (e.g., the

3   acquisition of New World by Tyler, the Joint Powers Authority Agreement, etc.).  There is no

4   question of damages, reliance, or scienter before the court.  The only issues that need to be decided

5   relate to the existence of a contract (undisputed); Plaintiff's performance or excuse (undisputed);

6   Defendant's breach (established by the PowerPoint and the Agreement); resulting harm (undisputed

7   that Plaintiff did not receive the benefit of its bargain – no measurement or award of damages is

8   sought on this motion); and that false statement(s) were made (established by the PowerPoint and the

9   response to the RFP).

10          With few exceptions, all of the exhibits were authored or received by Defendant prior to this

11   litigation.  Excluding the publicly available documents reporting the acquisition of New World by

12   Tyler and SRFECC's JPA Agreement, the "new" documents – the table prepared by Diane House to

13   list the RFPs that were falsely designated Fully Comply and her annotated copy of a status report –

14   total only nine pages.

15                    **2.        Defendant has had substantial time to request documents from Plaintiff
                                  related to this dispute and has not done so.**
16

17          Plaintiff has provided Defendant with multiple opportunities to address the problems with its

18   system and to resolve its dispute with Plaintiff.  When it became clear that Defendant was not

19   prepared to resolve the problems with its software in an acceptable manner, Plaintiff also provided

20   notice of its intention to file suit.

21          On September 1, 2017, Tyler representative and Vice President Kevin Flynn acknowledged

22   that the November 6, 2017 Go-Live date could not be met due to the number of problems identified

23   during the Functional Review process.  *See* Exh. 18, p. 2.  In December 2017, Defendant announced

24   that it would take another 17-22 years to resolve or address other problems with its software.  *See*

25   Exhibit 5, pp. 3, 6, 7, 9.  In March 2018, Plaintiff's counsel sent Defendant a formal Notice of

26   Breach of Warranty.  Compl. Exh. 8, p. 181.  The parties participated in a Dispute Resolution

27   meeting in accordance with the provisions of the Agreement on April 15, 2018.  Compl. Exh. 9A, p.

28   authored or received related to the Project, or documents that are publicly available and provide
background context.

-2-

187.  The parties were unable to resolve their dispute and Defendant failed to correct the defects.  *Id.* Accordingly, on June 22, 2018, Plaintiff filed suit.

Defendant's counsel has listed extensive discovery that it requires in order to respond.  Not only has counsel failed to request this material from Plaintiff (which Plaintiff would happily have provided to expedite the case), but counsel has made no attempt to specify what material it actually needs in order to respond.  *See* Warden Decl. ¶ 6, 10.

**3.      The specific discovery sought is excessive and not material to the claims at issue on this motion for partial summary adjudication.**

Defendant has failed to identify what particular evidence it could provide that would change the outcome of this hearing.  Plaintiff's motion for partial summary adjudication is limited to the claim of breach of contract and to the element of false representation of its fraud claim.  It does not seek a determination of damages or adjudication of elements such as scienter or reliance.

Defendant nevertheless seeks discovery of material unrelated to the claims at issue, discovery for issues that are not disputed, or discovery of material that is of marginal relevance, if any, and what specific facts such discovery would elicit that would preclude the entry of summary judgment. For instance, Defendant seeks to depose Theresa Murray regarding her "involvement in and knowledge of the implementation of similar CAD systems with other agencies" in order to establish what Plaintiff "knew and understood" about the technical capabilities of the software when the agreement was executed.  *See* Petronio Decl. ¶ 15.  Defendant's counsel does not identify any element of any claim to which this information would be relevant, or explain how this evidence, which is objectionable speculation, would be of any value to it.  *Cf.* Petronio Decl. ¶ 16 (seeking deposition of Lisa Smelser re Plaintiff's knowledge of the system's functionality – if relevant at all, it would be relevant to the element of reliance, which is not at issue here); *id.* ¶ 17 (seeking depositions of at least seven people, again regarding "Plaintiff's knowledge of the CAD system's functionality" and other unspecified aspects of the implementation); *id.* ¶ 9 (seeking recorded demonstrations to establish what Plaintiff's representatives knew about the software's functionality – same).

Defendant also seeks extensive discovery regarding the drafting of Plaintiff's RFP (*id.* ¶¶ 10,

-3-

19) and Plaintiff's "desired functionality" for the CAD system (*id.* ¶ 11), again without setting forth "the specific facts it hopes to elicit from further discovery; (2) [that] the facts sought exist; and (3) [that] the sought-after facts are essential to oppose summary judgment." *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Defendant provides no explanation for how this parol evidence would allow it to prevail on the breach of contract or false statement claims.

Defendant states that it needs to depose Ms. House because she made statements not based on personal knowledge, but fails to identify them. Petronio Decl. ¶ 13. Defendant's counsel contends that a deposition is also necessary because it disagrees with certain statements in Ms. House's declaration, again without identifying them. Defendant fails to identify the specific issues it wishes to depose Ms. House on, or what facts it seeks to elicit to adequately respond to the motion for partial summary adjudication. Likewise, Defendant does not identify any specific facts it needs to learn from Mr. Thuesen, alleging generally that it is entitled to depose him regarding what is in his declaration and what is not. *Id.* ¶ 14. These generalized requests for discovery are not sufficient to demonstrate any prejudice from proceeding on a regularly noticed motion such as this, where the evidence in the record is sufficient for entry of partial summary adjudication.

Defendant also seeks discovery, including expert discovery, regarding what is false about the 172 items that Defendant warranted its system complied with. As set forth in the motion, Plaintiff is entitled to partial summary adjudication whether or not the Court finds there is a disputed fact as to all 172, given Defendant's admission that its system failed to comply with 34 or 29. Consequently, Defendant has failed to show how this additional discovery would preclude entry of summary adjudication. The same is true for its request for documents related to the RFP scoring process (contrary to Defendant's assertion, Plaintiff does not dispute that bidders were evaluated on aspects of their bids other than responses to technical requirements, e.g., cost. Moreover, Defendant does not explain how any facts it purports to learn would preclude entry of summary judgment, because there are other facts in the record that establish the materiality of Plaintiff's false representations). Finally, Defendant states that it requires any recording of meetings it participated in or the presentation *its own representative* gave because "there is a significant factual dispute about what

-4-

1    was said and agreed to at that meeting." Petronio Decl. ¶ 8.  This is a purely conclusory assertion.

2    Defendant has filed a declaration from its own representative containing his recollection of the event

3    in question.  The presentation itself is part of the record.  *See* Exhibit 5.  Defendant has not identified

4    any specific facts that it expects to learn from the recording that would preclude summary

5    adjudication.  Finally, if Defendant had requested a copy of this recording from Plaintiff, Plaintiff

6    would have provided it without a formal discovery request.  *See* Warden Decl. ¶ 6, 10-11.

7    **4.    Defendant improperly delayed its request to continue the hearing.**

8    After this lawsuit was filed, Defendant requested an additional 30 days to respond to the

9    Complaint.  *See* Warden Decl. ¶ 3.   Plaintiff's counsel explained that it could provide an extension

10   to July 31, 2018, but that Plaintiff was uncomfortable with any further delay given the urgent public

11   safety considerations described to Defendant from the beginning of the transaction and

12   communicated in the Complaint.  *See id.* Plaintiff's counsel noted that it had engaged in the required

13   dispute resolution with Defendant in April and had sent a draft of the Complaint to Defendant in

14   May, and that an extension of time to respond until July 31, 2018 would mean that Defendant would

15   have had three months to prepare its response.  *See id.*  Plaintiff's counsel reminded Defendant that

16   this is a matter of critical urgency, and that the public's safety was at stake.  *See id.*

17   On July 19, 2018, Plaintiff advised Defendant that it planned to file a motion for summary

18   judgment, and subsequently met and conferred with Defendant regarding the basis for its motion.

19   Defendant's counsel did not then, and has not since then, requested that Plaintiff provide it with any

20   information necessary for its response.  *Id.* ¶ 4.

21   Plaintiff filed its motion on July 27, 2018 in order to obtain the soonest available hearing date

22   of August 24, 2018.  Defendant's counsel then asked Plaintiff to stipulate to continue the hearing

23   date on the Motion for Partial Summary Adjudication to September 21, 2018.  *See id.* ¶ 5.  Plaintiff's

24   counsel explained again that this case involves an urgent matter of public safety and that the

25   litigation process should move quickly in order to safeguard the public.  *See id.* ¶ 6.  Plaintiff's

26   counsel also noted that even though Defendant claimed that the motion was premature, that

27   Defendant had failed to identify any prejudice to either party, and that Plaintiff anticipated that

28   Defendant's opposition would be based on the documents provided with the motion for partial

-5-

1   summary adjudication, or others like them in Defendant's possession.  *See id.* ¶ 5.  Defendant did not

2   identify any material that it did not have and that it would need from Plaintiff in order to respond to

3   the motion.  *See id.* ¶ 6.

4          On August 6, 2018, the Court on its own motion continued the hearing date to September 21,

5   2018, the date requested by Defendant.  *Id.* 10. Plaintiff opposed the continuance, explaining that it

6   has good cause for moving for partial summary adjudication and that there is an urgent need for

7   expeditious resolution of this matter, which concerns the Sacramento County's 9-1-1 computer aided

8   dispatch system, which is integral to providing emergency services to approximately 1.5 million

9   people. *Id.* 8-9.

10          Though Defendant's counsel appeared by phone for a hearing on Plaintiff's ex parte

11   application opposing the continuance, Defendant did not then request a further continuance of the

12   hearing pursuant to Federal Rule of Civil Procedure 56(d).  *Id.* ¶ 9.

13          The Court denied Defendant's motion to keep its original hearing date, or to set it earlier, but

14   stated that it would "make its best efforts to expedite ruling in light of the serious issues at stake

15   here." ECF Dkt. 20.  The Court ordered the parties to attend an expedited court-convened settlement

16   conference, which was duly held on August 23, 2018.  The parties were unable to reach a resolution

17   of the matter.  Decl. ¶ 10.  Defendant's counsel did not then, or thereafter, request that Plaintiff

18   provide it with any additional information for its opposition to Plaintiff's motion for partial summary

19   adjudication.

20

21

22

23

24

25

26

27

28

-6-

-7-

1    **II.    CONCLUSION**

2            For the reasons herein, Plaintiff respectfully requests that the Court deny Defendant's

3    Request for Continuance and hear the Motion for Summary Judgment on September 19, 2018 as

4    scheduled.

5

6     Dated:  September 14, 2018                    PILLSBURY WINTHROP SHAW PITTMAN LLP

7                                                   */s/ Philip S. Warden*

8                                        By:    PHILIP S. WARDEN
                                                ROBERT E. KINGSLEY, Prosecuting Authority
9                                               Attorneys for Plaintiff
                                                SACRAMENTO REGIONAL PUBLIC SAFETY
10                                              COMMUNICATIONS CENTER D/B/A
                                                SACRAMENTO REGIONAL FIRE/EMS
11                                              COMMUNICATIONS CENTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28