PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415-983-1000
Facsimile: 415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5830
Telephone: 916-329-4700
Facsimile: 916-441-3583

KINGSLEY BOGARD, LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone: 916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation<br><br>Defendant. | Case No. 2:18-cv-01792-KJM-KJN<br><br>DECLARATION OF PHILIP S. WARDEN IN SUPPORT OF OPPOSITION TO DEFENDANT'S RULE 56(D) REQUEST TO CONTINUE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION<br><br>Date: September 19, 2018<br>Time: 2:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Kimberly J. Mueller |

Philip S. Warden declares under penalty of perjury as follows:

1. I am a member of the State Bar of California, the Bar of this Court, and the law firm of Pillsbury Winthrop Shaw Pittman LLP, attorneys of record for Plaintiff, Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC"), and make this declaration in opposition to Defendant's Rule 56(D) Request to Continue Plaintiff's Motion for Partial Summary Adjudication filed by Defendant Tyler Technologies, Inc. ("Defendant," "Tyler," or "New World"). .

2. I have personal knowledge of the following, and if called as a witness, would and could testify competently thereto.

3. Plaintiff filed its Complaint on June 22, 2018 ("Complaint"). Defendant requested an additional 30 days to respond to the Complaint. Plaintiff's counsel explained that it could provide an extension to July 31, 2018, but that Plaintiff was uncomfortable with any further delay given the urgent public safety considerations described to Defendant from the beginning of the transaction and communicated in the Complaint. Plaintiff's counsel noted that it had engaged in the required dispute resolution with Defendant in April and had sent a draft of the Complaint to Defendant in May, and that an extension of time to respond until July 31, 2018 would mean that Defendant would have had three months to prepare its response. Plaintiff's counsel reminded Defendant that this is a matter of critical urgency, and that the public's safety was at stake.

4. In July, Defendant advised that it was planning to file its motion for partial summary adjudication. Defendant's counsel did not then, and has not since then, requested that Plaintiff provide it with any information necessary for its response.

5. Defendant filed its Motion for Partial Summary Adjudication on its breach of contract claim and the element of false representation of its fraud claim on July 27, 2018 ("MPSA"). The following week Defendant a motion to dismiss for failure to state a claim and motion to strike "impertinent and scandalous" material from the Complaint ("MTD").

6. Defendant's counsel asked Plaintiff to stipulate to continue the hearing date on the Motion for Partial Summary Adjudication to September 21, 2018. Plaintiff's counsel explained again that this case involves an urgent matter of public safety and that the litigation process should

move quickly in order to safeguard the public. Plaintiff's counsel also noted that even though Defendant claimed that the motion was premature, that Defendant had failed to identify any prejudice to either party, and that Plaintiff anticipated that Defendant's opposition would be based on the documents provided with the motion for partial summary adjudication, or others like them in Defendant's possession. Defendant did not identify any material that it did not have and that it would need from Plaintiff in order to respond to the motion.

7. On its own motion, on August 6, 2018 the Court entered a Minute Order vacating the August 24, 2018 MPSA hearing date and resetting it to September 21, 2018 to be heard with the MTD September 21, 2018 [Dkt. No. 12] and advancing the Status Pretrial Scheduling Conference to September 21, 2018 (all are currently set for September 19, 2018 per the Court's own motion).

8. On August 9, 2018 SRFECC filed an *Ex Parte* Application to Vacate this Court's August 6, 2018 Minute Order [Dkt. 13] and the supporting declarations of Ray Schultz [Dkt. 13-1], Sherrill Diane House [Dkt. 13-2], Joseph Theusen [Dkt. 13-3] and Philip S. Warden [Dkt. 13-4].

9. As Detailed in SRFECC's *Ex Parte* Application and supporting declarations, there is good cause for Plaintiff's Opposition to Defendant's Rule 56(D) Request to Continue due to the public's urgent need for expeditious resolution of this matter. Though Defendant's counsel appeared by phone for a hearing on Plaintiff's ex parte application opposing the continuance, Defendant did not then request a further continuance of the hearing pursuant to Fed. Rule of Civil Procedure 56(d).

10. The Court ordered the parties to attend an expedited court-convened settlement conference, which was duly held on August 23, 2018. The parties were unable to reach a resolution of the matter. Defendant's counsel did not then, or thereafter, request that Plaintiff provide it with any additional information for its opposition to Plaintiff's motion for partial summary adjudication.

///
///
///
///
///
///

-3-

11. Plaintiff's counsel would have provided material requested by Defendant, subject to any applicable privileges, protections, and reasonableness, to facilitate and expedite the case.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on September 14, 2018 in San Francisco, California.

By: *s/ Philip S. Warden*
Philip S. Warden