PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:  415-983-1000
Facsimile:  415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5830
Telephone:  916-329-4700
Facsimile:  916-441-3583

KINGSLEY BOGARD, LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone:  916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation<br><br>Defendant. | Case No.  2:18-cv-01792-KJM-KJN<br><br>SUPPLEMENTAL JOINT STATUS REPORT<br><br>Judge:  Hon. Kimberly J. Mueller |

K&L GATES
BETH W. PETRONIO *(ADMITTED PRO HAC VICE)*
beth.petronio@klgates.com
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: 214-939-5815
Facsimile: 214-939-5849

SEGAL & ASSOCIATES, PC
MALCOLM SEGAL (SBN 075481)
JOHN T. KINN (SBN 130270)
msegal@segal-pc.com
jkinn@segal-pc.com
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: 916-441-0886
Facsimile: 916-575-1231

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

Counsel for Plaintiff, the Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("Plaintiff"), and counsel for Defendant Tyler Technologies, Inc. ("Defendant") conferred on September 24, 2018 regarding the appropriateness of scheduling a trial to commence in four months, their positions with regard to an expedited summary judgment schedule in the alternative, and their positions with regard to another settlement conference or the court's voluntary dispute resolution program.

Pursuant to this Court's Order (ECF Dkt. No. 55) at the Scheduling Conference held on September 19, 2018, the parties jointly and respectfully submit the following Supplemental Joint Status Report:

## I. SCHEDULING TRIAL

Given the public safety concerns at issue in this case and the developed state of the facts and record, Plaintiff believes it is appropriate and respectfully requests the Court to schedule trial to occur in mid-to-late January 2019.

Defendant understood the Court's suggestion at the hearing to be for the parties to agree to forego discovery and proceed with a "summary trial" in January 2019. Defendant is opposed to a summary trial without discovery or any expedited trial date that would occur prior to Defendant's opportunity to respond to a properly pled complaint, fully develop the factual record, and streamline the issues for trial. Defendant believes it should be permitted to fully and fairly discover the relevant facts before proceeding to trial and that going to trial in approximately three months would be prejudicial to Defendant. Defendant is not unsympathetic to the Plaintiff's desire to move this case quickly, but believes that the case should still proceed in an orderly manner in accordance of the Federal Rules of Civil Procedure and consistent with the deadlines that were proposed in the prior Joint Status Conference Statement [Dkt. No. 44] . Defendant believes the discovery schedule and other case deadlines proposed by Defendant in that Joint Status Conference Statement, as modified by the Court on the record at the September 19, 2018 hearing, will have this matter ready for trial in an extremely expeditious manner given the complexity of the case and the issues involved.

## II. EXPEDITED SUMMARY JUDGMENT SCHEDULE

Plaintiff prefers to proceed to trial in January 2019 rather than engage in additional motion

practice.  Plaintiff proposes that it will be in the parties' best interest, and most efficient, to simply go to trial in January 2019.  Plaintiff suggests that only limited and focused depositions are necessary.  Tyler's counsel proposed three depositions prior to defending the Motion for Partial Summary Judgment.  Plaintiff suggested that most documents needed to try this case are before the Court; but is willing to meet and confer with Tyler to learn if agreement can be reached on any other documents that may be needed.

Plaintiff disagrees with Defendant's position that a trial in January 2019 is improper.  Plaintiff believes that a trial date is the most effective means to motivate the parties to expeditiously seek the discovery they need and to "secure the just, speedy, and inexpensive determination" of this action under the Federal Rules of Civil Procedure.  Fed. R. Civ. Proc. 1.

Plaintiff agrees that Defendant should not delay in seeking discovery.  The burden is on Defendant to diligently seek the discovery it deems necessary to defend itself, which Defendant is in an ideal position to do since Plaintiff has provided it with the legal arguments and evidence in support of many of its claims for relief.  Plaintiff does not waive any objections it might have to Defendant's eventual discovery demands.  Plaintiff also notes that Teresa Murray, Linda Luis, and Joyce Starosciak are no longer employed by Plaintiff and consequently Defendant should prepare its deposition subpoenas accordingly.

Plaintiff will withdraw its motion for partial summary adjudication if a January 2019 trial date is set.  If a January 2019 trial date is not set, Plaintiff reserves its right to determine whether and when it will renew a motion for partial summary adjudication, subject to the limits imposed in the Court's scheduling order.  Plaintiff does not believe that it serves the interests of justice or efficiency to limit Plaintiff to filing a motion on or before January 31, 2019 if the Court grants Defendant's request not to set a trial date for early 2019.

Defendant believes the discovery schedule and other case deadlines proposed by Defendant in that Joint Status Conference Statement, as modified by the Court on the record at the September 19, 2018 hearing, are appropriate given the complexity of the case and the issues involved. Defendant understood the Court's suggestion of an expedited discovery schedule at the September 19, 2018 hearing to be a mechanism that would allow for a limited amount of discovery prior to

another hearing on Plaintiff's Motion for Partial Summary Adjudication in early 2019. Based on this understanding, Defendant proposed to Plaintiff the following expedited schedule for discovery prior to a future hearing on Plaintiff's Motion for Partial Summary Adjudication [Dkt. No. 10]:

1. Completion of the production of the documents outlined below by no later than October 31, 2018;

2. Completion of the depositions outlined below by no later than January 15, 2019;

3. Supplemental and/or amended briefing from Plaintiff by no later than January 31, 2019, with deadlines for response and reply briefs to be governed by the EDCA Local Rules;

4. Hearing held no later than February 28, 2019.

Defendant would like to take the following depositions in connection with this expedited schedule:

1. Teresa Murray, who was the project manager for Plaintiff when the RFP was issued, executed the Agreement on Plaintiff' behalf, and was involved in discussions regarding the scheduling of the go-live;

2. Joe Theusen, Plaintiff's Interim Executive Director and a declarant in support of Plaintiff's Motion;

3. Diana House, Plaintiff's Project Manager and a declarant in support of Plaintiff's Motion;

4. Joyce Starosciak, an employee of Plaintiff that was involved in various phases of the project, including the original demonstrations and implementation; and

5. Linda Luis, an employee of Plaintiff that was involved in various phases of the project, including the original demonstrations and implementation.

Defendant understands that several of these individuals are not employed by Plaintiff at this time, but believes that it can obtain their testimony through deposition subpoenas in a timely manner.

In addition, Defendant would like Plaintiffs to produce the following categories of documents in connection with this expedited schedule:

1. Copies of any video or audio tapes of meetings or demonstrations of the software involving representatives of Plaintiff and Defendant, including, but not limited to, the December 2017 meeting at which Exhibit 5 was presented;

2. Copies of all internal emails and documents, including software demonstration documents, that Plaintiff considered before entering into the Agreement;

3. Copies of internal emails and documents between Plaintiff's representatives and/or consultants regarding the RFP and any drafts of the RFP;

4. Copies of internal emails and documents regarding project scheduling;

5. Copies of internal emails and documents between Plaintiff's representatives regarding the desired functionality for a new CAD system and/or any alleged issues or problems with the CAD system that was under development; and

6. Copies of internal emails and documents, including score sheets and related information, regarding the scoring of the RFP and the process by which Defendant's predecessor was awarded the Agreement.

After Defendant suggested this expedited discovery plan, Plaintiff indicated that it does not want to commit to refiling its Motion for Partial Summary Adjudication by January 31, 2019 or to having a hearing on that Motion in February 2019.  Defendant has no objection if, following the discovery outlined above, Plaintiff determines that it does not want to refile its Motion until later in the case schedule.  The purpose, however, of Defendant's suggested expedited schedule was to outline the minimum amount of discovery that would need to be completed prior to the refiling of that Motion and to ensure that it is completed on an expedited schedule to accommodate Plaintiff's stated need for urgency (a need that Defendant disputes, but has been attempting to accommodate).  If Plaintiff is not interested in an expedited schedule, Defendant is agreeable to the scheduling deadlines outlined by the Court at the hearing.

### III.     FURTHER SETTLEMENT CONFERENCE

Plaintiff respectfully requests that the Court schedule another settlement conference with Magistrate Judge Deborah Barnes to occur before any further discovery.  Plaintiff respectfully requests that this settlement conference take place as soon as possible and before depositions commence so that the parties can focus their resources and time on achieving settlement.

Defendants are not opposed to another settlement conference with Magistrate Judge Deborah Barnes, but would propose that Judge Barnes be permitted to determine the appropriate timing of any further in-person settlement conferences after first talking by phone directly with the parties and

taking into the consideration the Court's various rulings and the procedural posture of the case. While Judge Barnes has been very accommodating and conducting the prior settlement conference on an expedited schedule, Defendant does not want an additional settlement conference to impact the ability to move forward with discovery, especially if the Court is inclined to order some expedited discovery to occur by January 2019.

Dated:  September 25, 2018             PILLSBURY WINTHROP SHAW PITTMAN LLP

                                       _/s/ Philip S. Warden_
                                By:    PHILIP S. WARDEN
                                       ROBERT E. KINGSLEY, Prosecuting Authority
                                       Attorneys for Plaintiff
                                       SACRAMENTO REGIONAL PUBLIC SAFETY
                                       COMMUNICATIONS CENTER D/B/A
                                       SACRAMENTO REGIONAL FIRE/EMS
                                       COMMUNICATIONS CENTER

Dated:  September 25 2018              K&L GATES

                                       _/s/ Beth W. Petronio_
                                By:    BETH W. PETRONIO
                                       Attorneys for Defendant
                                       TYLER TECHNOLOGIES, INC. F/K/A NEW WORLD
                                       SYSTEMS CORPORATION