Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5815
Fax: (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-CV-1792-KJM-KJN<br><br>**OPPOSED MOTION TO AMEND SCHEDULING ORDER**<br><br>Date:       March 22, 2019<br>Time:       10:00 a.m.<br>Judge:      Hon. Kimberly J. Mueller<br>Courtroom: 3 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 230, Defendant Tyler Technologies, Inc., f/k/a New World Systems Corporation ("Tyler"), hereby moves the Court for an order (i) amending the Court's October 31, 2018 Scheduling Order; and (ii) extending the deadlines for the parties to complete fact discovery, conduct expert discovery, and submit dispositive motions to this Court.

## STATEMENT OF FACTS

1. Plaintiff Sacramento Regional Public Safety Communications Center ("SRFECC") filed this case on June 22, 2018, ECF No. 01, alleging that Tyler had breached a contract for the implementation of a computer aided dispatch software system and had otherwise committed fraud and unfair competition in connection with that contract.

2. On July 27, 2018, four days before Tyler filed its responsive pleading in this case, SRFECC filed a motion for partial summary judgment asking the court to summarily adjudicate the issues of falsity and breach in connection with its claims. ECF No. 10. SRFECC set its summary judgment motion for hearing on August 24, 2018, and asserted that its case presented urgent public safety issues that justified an early adjudication.

3. On July 31, 2018, Tyler filed a motion to dismiss and set it for hearing on September 21, 2018. ECF No. 11. Thereafter, Tyler requested that SRFECC extend the hearing date for its summary judgment motion to at least September 21, 2018. Citing its alleged public safety issues, SRFECC refused Tyler's request. The Court reset the summary judgment hearing for September 21, 2018, ECF No. 12, and attempted to address SRFECC's stated need for urgency by ordering the parties to a settlement conference. ECF No. 18. The settlement conference was not successful.

4. The Court held a hearing on the parties' respective motions on September 19, 2018. At the conclusion of that hearing, the Court took Tyler's motion to dismiss under advisement and that motion remains pending. ECF No. 55. With regard to SRFECC's partial motion for summary judgment, the Court granted Tyler's Rule 56(d) motion for continuance in order to permit Tyler to take discovery relevant to the motion for partial summary judgment. The Court recommended that the parties confer about the possibility of an expedited discovery schedule that would permit Tyler to

1
OPPOSED MOTION TO AMEND SCHEDULING ORDER

take the discovery necessary to oppose plaintiff's motion, and then return for a hearing on the summary judgment motion in the first few months of 2019.

5.  The Court also instructed the parties to submit a Supplemental Joint Status Conference Statement by September 25, 2018.  ECF No. 55.  In the Supplemental Joint Status Conference Statement, Tyler proposed an expedited discovery schedule that required the production of six categories of documents from SRFECC to Tyler and that permitted Tyler to take five depositions.  ECF No. 56.  Because it was directed to discovery Tyler had requested in its Rule 56(d) motion, the proposed expedited schedule did not contemplate discovery to be taken by SRFECC on an expedited basis, and SRFECC had not asserted the need for such discovery.  In the Supplemental Joint Status Conference Statement, SRFECC indicated that it did not agree with the expedited discovery schedule because it did not want to be obligated to re-file its summary judgment motion in early 2019.  ECF No. 56.

6.  On October 31, 2018, the Court issued a Scheduling Order that encouraged the parties to "focus their initial discovery on the categories and persons identified by" Tyler in the Supplemental Joint Status Conference Report.  ECF No. 59.  The Court also set an expedited case schedule that was a compromise between the schedules proposed by each party.  That Scheduling Order set the discovery cutoff for April 2, 2019, expert deadlines in May 2019, and the dispositive motion deadline for July 2019.

7.  Following the issuance of the Scheduling Order, SRFECC proposed to Tyler that both parties exchange documents, take three depositions each, and then attend another settlement conference.  Tyler agreed to this general approach even though it required Tyler to produce documents and give depositions on an even more expedited basis than had been anticipated.  At the time, the parties contemplated that they might be able to complete document production by mid-January and present witnesses by late January or early February 2019.  Tyler made it clear, however, that document production needed to be complete before the depositions could occur.  See Declaration of Beth W. Petronio in Support of Defendant's Opposed Motion to Amend Scheduling Order (Decl. Petronio), at ¶4.

///

8. On November 13, 2018, Tyler served SRFECC with formal Requests for Production, seeking documents from multiple relevant SRFECC custodians. On November 21, 2018, SRFECC served its formal Requests for Production on Tyler. See Decl. Petronio, at ¶5.

9. Tyler timely responded to SRFECC's requests on December 21, 2018, and began a rolling production of documents on January 7, 2019. By February 1, 2019, Tyler had completed its production of more than 10,600 documents (in excess of 67,000 pages) from more than 20 custodians. In all, Tyler gathered, processed and reviewed more than 33 GB of material and over 74,587 documents in approximately two months. See Decl. Petronio, at ¶6.

10. Meanwhile, SRFECC requested (and received) an extension on its deadline for a written reply to Tyler's Requests for Production from December 13, 2018 to January 10, 2019. SRFECC served its written responses and objections on Tyler on January 10, 2019. SRFECC made its first production of documents on January 25, 2019. That production consisted of approximately 3,400 pages from a single custodian. See Decl. Petronio, at ¶7.

11. On February 1, 2019, despite the fact that SRFECC was not even close to completing its document production, SRFECC noticed the depositions of three Tyler witnesses to occur on February 12, 19, and 20, 2019, or dates shortly thereafter available to witnesses and counsel. Tyler immediately objected to the scheduling of depositions prior to SRFECC's completion of document production. Tyler has not been able to notice the depositions of the initial SRFECC witnesses because there is no date certain by which SRFECC's document production will be complete. See Decl. Petronio, at ¶8.

12. At a meet and confer on February 6, 2019, SRFECC indicated that it (a) expected to release another production later that day; and (b) expected to complete its document production on a rolling basis within approximately three weeks (the end of February). Given that estimate, Tyler proposed that the depositions of the three Tyler witnesses previously noticed take place during the weeks of March 18 and 25, 2019. SRFECC refused to agree with Tyler's proposed dates, and the parties have agreed to request an informal discovery conference before Magistrate Judge Newman. See Decl. Petronio, at ¶9. Despite extensive meet and confer, counsel have not been able to informally resolve the issues presented by this motion.

OPPOSED MOTION TO AMEND SCHEDULING ORDER

13. SRFECC did not make a production on February 6. Instead, on February 8, 2019, SRFECC made an additional production of approximately 15,000 pages of documents from two custodians. This still only represents a partial production of responsive information from SRFECC. See Decl. Petronio, at ¶10.

**ARGUMENT**

14. Because the discovery cutoff for the entirety of this case is currently set for April 2, 2019, Tyler believes it is both necessary and appropriate to reset the deadlines in the current Scheduling Order to permit the parties to conduct full discovery and prepare for trial in a reasonable manner. As of the date of this motion, SRFECC agrees that it has only produced a portion of its document production and that production is not expected to be complete until the end of February. Given that schedule, that would give the parties only one month to analyze the documents produced, complete *all* fact depositions, conduct any necessary follow-up discovery, and/or raise any discovery issues or disputes with the Court. Such a schedule is unrealistic in a case of this complexity.

15. As a result, Tyler believes it is appropriate and fair to extend the current deadlines in the Court's Scheduling Order by approximately three months. More specifically, Tyler proposes the following extended deadlines:

- Fact discovery shall be completed by July 3, 2019;
- Expert designations shall be made no later than July 26, 2019;
- Rebuttal expert designations shall be made no later than August 26, 2019;
- Expert discovery shall be completed by September 13, 2019; and
- Dispositive motions shall be heard no later than October 25, 2019.

16. Although it is SRFECC's delay that has necessitated this extension request, SRFECC opposes any extension. SRFECC contends, as it has previously, that this matter should be urgently disposed of due to the potential public safety issues presented by SRFECC's existing CAD system. Tyler does not concede that a public emergency or urgent safety issue exists or that, if one does, it was caused by Tyler. In any event, SRFECC cannot have it both ways—asserting a need for urgency on the one hand, yet failing to exhibit any such urgency in connection with its discovery obligations on the other.

17. Tyler has attempted in good faith to expedite the discovery phase of this case. As noted, Tyler completed an extensive document production effort on an expedited timeline and has been cooperating with SRFECC to attempt to schedule depositions. Tyler is not interested in delay for delay's sake. Instead, Tyler believes that a limited, three month extension of the deadlines in this matter will permit both parties to prepare the case for trial in a fair and appropriate manner, yet still serve to acknowledge any urgency stated by SRFECC. In addition, such an extension will give the parties sufficient time to attend an additional settlement conference in an effort to resolve this dispute. Tyler believes that the proposed extension is still an aggressive schedule for a matter of this complexity, but is willing to continue its efforts to expedite a resolution of this case.

WHEREAS, Tyler respectfully requests that that the Court enter an order (i) amending the Scheduling Order; (ii) extending the deadlines, fact and expert discovery, and dispositive motions as outlined above; and (iii) granting Tyler all other relief, at law or in equity, to which Tyler may be entitled.

Dated: February 15, 2019.   **K&L GATES LLP**

By:   /s/ Beth Petronio
      BETH PETRONIO

**SEGAL & ASSOCIATES, PC**

By:   /s/ Malcolm Segal
      MALCOLM SEGAL

      Attorneys for Defendant
      TYLER TECHNOLOGIES, INC.