Beth W. Petronio *(admitted pro hac vice)*
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX  75201
Telephone:  (214) 939-5815
Fax:  (214) 939-5849
beth.petronio@klgates.com

Malcolm Segal (SBN 075481)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone:  (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION,  a Surrendered California Corporation,<br><br>Defendant. | Case No.: 2:18-CV-1792-KJM-KJN<br><br>**DECLARATION OF BETH W. PETRONIO IN SUPPORT OF DEFENDANT'S OPPOSED MOTION TO AMEND SCHEDULING ORDER**<br><br>Date:         March 22, 2019<br>Time:         10:00 a.m.<br>Judge:       Hon. Kimberly J. Mueller<br>Courtroom:  3 |

# DECLARATION

I, Beth W. Petronio, declare as follows:

1. I am an attorney duly admitted to practice before all courts in the State of Texas. I am a partner at the law firm of K&L Gates LLP, counsel of record for Defendant Tyler Technologies, Inc. ("Tyler"). I have been admitted *pro hac vice* in this Court in connection with this action.

2. This declaration is submitted in support of Defendant's Opposed Motion to Amend Scheduling Order ("Tyler's Motion"). Defined terms used herein have the same meaning given them in Tyler's Motion.

3. On October 31, 2018, the Court issued a Scheduling Order that encouraged the parties to "focus their initial discovery on the categories and persons identified by" Tyler in the Supplemental Joint Status Conference Report. ECF No. 59. The Court also set an expedited case schedule that was a compromise between the schedules proposed by each party. That Scheduling Order set the discovery cutoff for April 2, 2019, expert deadlines in May 2019, and the dispositive motion deadline for July 2019.

4. Following the issuance of the Scheduling Order, SRFECC's counsel proposed to me that both parties exchange documents, take three depositions each, and then attend another settlement conference. Tyler agreed to this general approach even though it required Tyler to produce documents and give depositions on an even more expedited basis than had been anticipated. At the time, the parties contemplated that they might be able to complete document production by mid-January and present witnesses by late January or early February 2019. I made it clear, however, that document production needed to be complete before the depositions could occur.

5. On November 13, 2018, Tyler served SRFECC with formal Requests for Production, seeking documents from multiple relevant SRFECC custodians. On November 21, 2018, SRFECC served its formal Requests for Production on Tyler.

6. Tyler timely responded to SRFECC's requests on December 21, 2018, and began a rolling production of documents on January 7, 2019. By February 1, 2019, Tyler had completed its production of more than 10,600 documents (in excess of 67,000 pages) from more than 20

1  custodians.  In all, Tyler gathered, processed and reviewed more than 33 GB of material and over
2  74,587 documents in approximately two months.

3      7.    SRFECC requested (and received) an extension on its deadline for a written reply to
4  Tyler's Requests for Production from December 13, 2018 to January 10, 2019.  SRFECC served its
5  written responses and objections on Tyler on January 10, 2019.  SRFECC made its first production
6  of documents on January 25, 2019.  That production consisted of approximately 3,400 pages from a
7  single custodian.

8      8.    On February 1, 2019, SRFECC noticed the depositions of three Tyler witnesses to
9  occur on February 12, 19, and 20, 2019, or dates shortly thereafter available to witnesses and
10 counsel.  Tyler immediately objected to the scheduling of depositions prior to SRFECC's completion
11 of document production.  Tyler has not been able to notice the depositions of the initial SRFECC
12 witnesses because there is no date certain by which SRFECC's document production will be
13 complete.

14     9.    At a meet and confer on February 6, 2019, SRFECC's counsel indicated that it (a)
15 expected to release another production later that day; and (b) expected to complete its document
16 production on a rolling basis within approximately three weeks (the end of February).  Given that
17 estimate, I proposed that the depositions of the three Tyler witnesses previously noticed take place
18 during the weeks of March 18 and 25, 2019.  SRFECC refused to agree with these proposed dates.
19 The parties have agreed to request an informal discovery conference before Magistrate Judge
20 Newman.

21     10.    SRFECC did not make a production on February 6.  Instead, on February 8, 2019,
22 SRFECC made an additional production of approximately 15,000 pages of documents from two
23 custodians.  This still only represents a partial production of responsive information from SRFECC.

24     I declare under penalty of perjury under the laws of the State of California that the foregoing
25 is true and correct.

26     Executed this the 15th day of February, 2019, at Dallas, Texas.

27
28                                       /s/ Beth W. Petronio_____
                                      BETH W. PETRONIO