PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415-983-1000
Facsimile: 415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5830
Telephone: 916-329-4700
Facsimile: 916-441-3583

KINGSLEY BOGARD, LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone: 916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL
PUBLIC SAFETY COMMUNICATIONS CENTER
D/B/A SACRAMENTO REGIONAL FIRE/EMS
COMMUNICATIONS CENTER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation<br><br>Defendant. | Case No. 2:18-cv-01792-KJM-KJN<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST TO AMEND SCHEDULING ORDER<br><br>Date: March 22, 2019<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Kimberly J. Mueller |

Plaintiff, the Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC" or "Plaintiff"), submits the following opposition to Defendant Tyler Technologies, Inc. f/k/a New World Systems Corporation ("Tyler" or "Defendant") motion to amend this Court's Scheduling Order.

## I.  STATEMENT OF FACTS

Defendant opposed Plaintiff's Motion for Partial Summary Judgment in part on the grounds that it needed additional time to conduct discovery.  Declaration of Sydney A. Ward ("Ward Decl.") ¶ 4.  While Plaintiff opposed further delay, it agreed to engage in discovery and to renew its motion at a later time, after Defendant had acquired the targeted discovery it needed.  *Id.* ¶ 5.

Following the hearing on Plaintiff's Motion for Partial Summary Judgment, the parties agreed to a plan wherein each side would take three depositions and then participate in a settlement conference.  *Id.* ¶ 6.

Rather than serve specific discovery requests proportional to the needs of the case, Plaintiff served blanket requests seeking all documents related to Defendant's performance or software, the contract, and the RFP (among others).  *See id.* ¶ 7, Ex. A.  Plaintiff represented to Defendant that the custodians most likely to possess material information were the three custodians that Defendant wanted to depose:  the project manager Diane House and Plaintiff's current and former directors Joe Thuesen and Teresa Murray.  *Id.* ¶ 8.  Plaintiff nonetheless asked for another 22 custodians in order for there to be parity between the two sides' number of custodians.  *See id.* ¶ 10, Ex. B.  Plaintiff objected to the scope of the discovery requests, but has engaged in a good faith effort to timely review and produce responsive documents in the hopes of avoiding discovery motion practice.  *See id.* ¶ 11. Plaintiff has prioritized the review and production for the witnesses that Defendant seeks to depose.  *Id.* ¶ 8.

On February 1, 2019, Plaintiff noticed depositions for David Bonini, Bob Motzne, and Kevin Flynn to occur on February 12, 19, and 20.  *Id.* ¶ 15, Ex. C.  Defendant's counsel informed Plaintiff that it would not produce these witnesses for deposition until Plaintiff "completed" producing all documents related to Defendant, the RFP, or the contract.  *Id.* ¶ 16.  Though initially Plaintiff thought this was possible, after assessing the total amount of data for the custodians requested by

-1-

Plaintiff and after applying numerous iterations of search terms, Plaintiff has determined that there were at that time 200,000 additional documents it would need to review for responsiveness – even though it anticipated that only a fraction of those would relate to Defendant, the contract or the RFP and many would be duplicative of documents already produced or otherwise immaterial. *Id.* ¶ 18. Plaintiff informed Defendant that it would not "complete" production (as Defendant used the term) before the depositions occurred, but agreed to Defendant's condition that no documents that had not been produced would be used at their depositions. *Id.* ¶ 19.

Plaintiff has reviewed over 200,000 documents and produced approximately 15,000 (at great expense). *Id.* ¶11. It agreed to Defendant's request to extend the time for discovery by one month to allow Defendant to take depositions. *Id.* ¶ 19. It agreed to schedule Joe Thuesen and Diane House for deposition on April 10 and 11. *Id.* ¶ 21, Ex. D. It reached out to Teresa Murray, who is no longer employed by the Center, and asked her to rearrange her travel and vacation schedule to appear for deposition on April 9, which she ultimately agreed to do. *Id.* ¶ 19. It signed and returned Defendant's stipulation.

Defendant now contends that this is not sufficient and it will not produce David Bonini for deposition on March 21, 2019 and that it will need an additional three months for discovery. *See id.* ¶ 21. This is unacceptable. Plaintiff opposes Defendant's request and asks that the Court limit the modification of the scheduling order to only the time needed for the depositions agreed to by each side to proceed on March 20 (David Bonini); March 27 (Kevin Flynn); March 28 (Bob Motzne); April 9, 2019 (Teresa Murray); April 10 (Diane House); April 11 (Joseph Thuesen).

II.     ARGUMENT

    A.     **Defendant's Request For Delay Is Occasioned By Its Failure to Agree to a Deposition Schedule**

Defendant complains of a problem of its own creation. Defendant propounded overbroad and disproportionate discovery requests on Plaintiff and then argued that it could not proceed with the discovery schedule it had agreed to for the various reasons that (1) Plaintiff needed to produce all documents related to Defendant and the CAD project before Plaintiff could take a single deposition; and (2) Plaintiff had produced so many documents that Defendant was unable to adequately prepare

its witnesses for deposition.  Neither argument has merit.

First, Defendant cites to no case that holds that the parties may not notice or take depositions until both sides complete document production.  Plaintiff is not aware of any.  Even if there were such a rule, Plaintiff agreed to delay depositions for another month and further agreed that it would not use any documents it had not produced at the depositions in exchange for Defendant's agreement to produce her witnesses on March 21, 27, and 28.

Second, Defendant's reasoning is clearly pretextual.  Defendant's witnesses have the documents they produced in discovery (as well as documents they did not), and have had more than seven weeks to prepare for deposition.  This is more than adequate notice for a deposition. Defendant also knows the factual and legal arguments on which Plaintiff's request for relief is based, because these arguments were laid out in Plaintiff's motion for partial summary judgment.  There is little (if any) room for surprise at deposition.

Third, Plaintiff agreed to stipulate to Plaintiff's request to extend the Court's scheduling order by a month in order to accommodate Defendant's depositions of Mr. Thuesen, Ms. House, and Ms. Murray.  Plaintiff signed the stipulation provided by Defendant and agreed to produce Ms. House and Mr. Thuesen on Defendant's requested April 10 and April 11 dates.  Plaintiff also attempted to secure Ms. Murray's agreement to appear for deposition on April 9 or May 1, 2, or 3. Ms. Murray is no longer an employee of the Center and responded that she was unavailable on those dates due to her travel schedule, but could appear for deposition during the first week of April or on May 4 or 5.  *See* Ex. D.  Defendant rejected those dates and announced that it would not file the stipulation.  *Id.* After Plaintiff communicated this to Ms. Murray, she agreed to rearrange her own schedule to appear for deposition on April 9.  Ward Decl. ¶ 23.

Plaintiff's proposed solution – extend the time for the parties to conduct the three depositions each side requested on the schedule previously agreed to – is reasonable.

B.     **Further Delay Is Irresponsible.**

Defendant's revocation of the agreement and pretext for noncompliance with proper deposition notices are improper and unnecessary, not just because it causes delay for the sake of delay (at great cost to both sides), but also because of the unique public safety concerns at issue.  In

-3-

2019 alone, Plaintiff's CAD system has crashed three times, as set forth in the Declaration of Sherill Diane House in support of this opposition. Plaintiff is diligently seeking to obtain interim financing (until this lawsuit concludes and Plaintiff recovers what it paid Defendant, among other damages), but as yet has been unable to do so. *See* Declaration of Patrick J. Kernan ¶¶ 6-9.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Amend and instead order that the parties adhere to the deposition schedule previously agreed to: March 20 (David Bonini); March 27 (Kevin Flynn); March 28 (Bob Motzne); April 9, 2019 (Teresa Murray); April 10 (Diane House); April 11 (Joseph Thuesen).

Dated: March 8, 2019

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ Philip S. Warden

By: PHILIP S. WARDEN
ROBERT E. KINGSLEY, Prosecuting Authority
Attorneys for Plaintiff
SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER