PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:  415-983-1000
Facsimile:  415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5830
Telephone:  916-329-4700
Facsimile:  916-441-3583

KINGSLEY BOGARD, LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone:  916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation<br><br>Defendant. | Case No.  2:18-cv-01792-KJM-KJN<br><br>DECLARATION OF SYDNEY A. WARD IN SUPPORT OF OPPOSITION TO DEFENDANT'S REQUEST TO AMEND SCHEDULING ORDER<br><br>Date:  March 22, 2019<br>Time:  10:00 a.m.<br>Courtroom:  3<br>Judge:  Hon. Kimberly J. Mueller |

I declare under penalty of perjury as follows:

1. I am a member of the State Bar of California, the Bar of this Court, and the law firm of Pillsbury Winthrop Shaw Pittman LLP, attorneys of record for Plaintiff, Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC"), and make this declaration in opposition to Tyler's Opposed Motion to Amend Scheduling Order filed by Defendant Tyler Technologies, Inc. ("Defendant," "Tyler," or "New World").

2. I have personal knowledge of the facts in this declaration where stated herein or my knowledge of the facts stated herein is based on my review of the pleadings and other submissions in the firm's legal files for this matter, which I believe to be accurately maintained. If called as a witness, I could and would competently testify thereto.

**Procedural History**

3. On September 21, 2018, I appeared with Phil Warden, Pat Kernan, and Bob Kingsley on behalf of Plaintiff at the hearing on Plaintiff's Motion for Partial Summary Judgment on Plaintiff's breach of contract claim and the false statement of its fraud claim.

4. Defendant opposed Plaintiff's motion and argued that it was premature. At the same time that Defendant complained about the comprehensive exhibits attached in support of Plaintiff's motion (almost all of which were documents already in Defendant's possession), Defendant asked the Court to continue the hearing on Plaintiff's motion under Rule 56D in order to allow Defendant to engage in what it claimed was necessary discovery prior to determination of the motion.

5. Plaintiff opposed further delay of the action but accepted the Court's proposal to renew its motion after the parties were able to engage in discovery to address Defendant's concern that there were documents or information it needed that it had not been able to acquire before the hearing on Plaintiff's motion.

6. Following the hearing, Plaintiff's counsel proposed that each side take three depositions each and then participate in another settlement conference. Defendant's counsel agreed. To my knowledge, Defendant's counsel did not condition her agreement on the completion of all document production in the case, as she claims in the instant motion (though without citation to any

supporting agreement or correspondence).

**Discovery Proceedings**

7. Defendant served Plaintiff with overbroad and unduly burdensome requests for all documents related to the contract, Defendant, or the RFP. Plaintiff objected to the scope of the requests but has nonetheless engaged in a good faith effort to produce documents in order to expedite the case and avoid motion practice related to discovery. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Response to Defendant Tyler Technologies, Inc's First Set of Request for Production to Plaintiff.

8. I explained to Defendant's counsel Plaintiff's belief that the principal custodians with documents most likely material to the issues in dispute are documents for the individuals Defendant plans to depose: Project Manager Diane House, Director Joseph Thuesen, and former director Teresa Murray. I have prioritized the review of documents and production for these three individuals accordingly.

9. On two occasions, once by email and once on the phone, I informed Defendant that if there were specific documents that Defendant believed existed and wanted us to produce that we would do our best to do so. Defendant requested a copy of the recording of Kevin Flynn's presentation to SRFECC on December 7, 2017, which Plaintiff produced shortly thereafter.

10. I informed Defendant's counsel that I had identified three individuals in addition to Ms. Murray, Ms. House, and Mr. Thuesen involved in the project who might have unique material and agreed to review their documents as well. Defendant argued that those individuals were not sufficient and insisted that Plaintiff review and produce documents for another nineteen individuals in order for there to be parity between the parties in the number of custodians reviewed. A true and correct copy of this correspondence is attached hereto as **Exhibit B.**

11. Plaintiff's counsel has collected thousands of documents that are potentially related to the CAD project for review. At present, I and colleagues working with me have utilized search terms in conjunction with predictive coding to narrow the scope of material to be reviewed to over 77 GB of data. Using a team of thirteen attorneys and around five paralegals and legal support staff,

-2-
DECLARATION OF SYDNEY A. WARD IN SUPPORT OF OPPOSITION TO DEFENDANT'S REQUEST TO AMEND SCHEDULING ORDER

4813-7869-0697.v2                                                                           Case No.: 2:18-cv-01792-KJM-KJN

Plaintiff's legal team has reviewed approximately 208,371 documents and produced approximately 15,444 documents to date.

12. Defendant has represented to me that it considers Plaintiff's discovery to be deficient because it is not "complete." By "complete," I understand Defendant to mean the review of custodians other than the three it plans to depose, regardless of materiality to the claims at issue.

13. Based on my review of Defendant's production, it has produced 10,694 documents. Defendant represented to me that its production is complete. I am not in a position to know the details of Defendant's document review process. However, I have reason to doubt that its production is complete. The metadata of Defendant's production does not identify any documents from four of the custodians specifically requested by Plaintiff,[1] whose involvement in the CAD project (as technical experts, engineers, and/or trainers) lead me to believe that they have information that is material to the claims in issue, including admissions that Defendant's system does not operate as it should.

14. Furthermore, Defendant's production for certain custodians contains far fewer documents than I believe exist. For instance, based on my review of Plaintiff's documents, I know that Defendant's project manager David Bonini received over three thousand documents and text messages over the course of the project (excluding email attachments). The metadata for Defendant's production reveals that it produced only 2,739 documents for which David Bonini is the listed custodian – this number is not limited to documents received by him, but rather includes all documents. For me, this discrepancy casts doubt on Defendant's claim that it has "completed" its discovery production.

**Deposition Agreement**

15. Plaintiff's counsel and Defendant's counsel agreed to three depositions each prior to returning to a magistrate judge for a settlement conference. Defendant's counsel agreed to accept service on behalf of the three deponents that Plaintiff wishes to depose. On February 1, 2019, I noticed depositions for the following dates: February 12, 2019 (David Bonini); February 19, 2019

---

[1] (Tiara Oger; D.J. Pennala; Elise Austin; Brit Wollenweber).

(Bob Motzny); and February 20, 2019 (Kevin Flynn).  A true and correct copy of these notices is attached as **Exhibit C.**

16. Defendant's counsel contacted Plaintiff's counsel to advise that she would not produce these individuals for deposition on the noticed dates.  Defendant's counsel stated that it was improper to depose her witnesses before Plaintiff completed production of all documents in discovery.  She cited no authority for this position.  Plaintiff's counsel responded that Plaintiff knew of no rule or case law that required either party to complete document production before noticing and taking depositions and noted that the deponents would not be prejudiced by being deposed before Plaintiff's production was complete because they already possessed all their own documents which they could use to prepare and because Plaintiff had filed a motion for summary judgment setting forth their legal and factual arguments and attaching as exhibits the documents material to their claims.

17. Defendant's counsel agreed to produce her witnesses for deposition in March if Plaintiff completed its production and agreed not to use any documents not produced at the deponents' depositions.  The dates agreed to were March 20 for David Bonini, March 27 for Kevin Flynn, and March 28 for Bob Motzne.

18. I initially thought this was possible, but after assessing the total amount of data for the custodians requested by Plaintiff and after applying numerous iterations of search terms, I determined that there were at that time 200,000 additional documents I would need to review for responsiveness – even though I anticipated that only a fraction of those would relate to Defendant, the contract or the RFP and many would be duplicative of documents already produced or otherwise immaterial.

19. I informed Defendant that Plaintiff would not "complete" production (as I understood Defendant to use the term (requiring all documents related to the contract be produced, irrespective of materiality or custodian)).  Plaintiff agreed to produce documents for Diane House, Teresa Murray, and Joe Thuesen.  Plaintiff agreed not to use any documents not produced at the depositions of Defendant's witnesses.  Plaintiff further agreed to stipulate to an amendment of the scheduling

1 order extending discovery until early May to allow Defendant to notice and take depositions of
2 Plaintiff's witnesses.

3     20. On March 1, 2019, I produced additional documents for Teresa Murray, Diane House,
4 and Joe Thuesen, but was unable to produce all.  I agreed we would not use documents not produced
5 for them at the depositions of Mr. Bonini, Mr. Flynn, or Mr. Motzne.  On March 7, 2019, my
6 litigation support team informed me that due to a bug that has now been remediated, the Minds' Eye
7 software used to de-duplicate documents failed to export around 1,500 documents to our review
8 platform.  I informed Defendant's counsel of the error.

9     21. After receiving Plaintiff's production on March 1, 2019, Defendant's counsel refused
10 to file the stipulation and refused to adhere to the schedule agreed upon for depositions.  Defendant's
11 counsel stated that Defendant would not proceed with the depositions for a number of reasons.
12 These reasons included issues already addressed by the parties in negotiating the stipulation.  In
13 addition, Defendant also stated that Mr. Bonini was no longer available on the noticed date because
14 of a work commitment.  A true and correct copy is attached as **Exhibit D.**

15     22. I informed Defendant's counsel that Plaintiff had intentionally noticed Mr. Bonini's
16 deposition first and his deposition date needed to be maintained.  It was the date that Defendant's
17 counsel agreed to and should have instructed him to hold open.

18     23. Plaintiff's counsel reached out to Ms. Murray to inform her that the nine dates she
19 proposed were unacceptable to Defendant and asked Ms. Murray if she could re-arrange her travel
20 schedule to be available on April 9 in order to accommodate Defendant.  Ms. Murray agreed to do
21 so.

22     I declare under penalty of perjury under the laws of California and the United States of
23 America that the foregoing is true and correct.

24     Executed on March 8, 2019 in Sacramento, California.

26     By:   /s/ Sydney A. Ward
             Sydney A. Ward

-5-
DECLARATION OF SYDNEY A. WARD IN SUPPORT OF OPPOSITION TO DEFENDANT'S REQUEST TO AMEND SCHEDULING ORDER

4813-7869-0697.v2     Case No.: 2:18-cv-01792-KJM-KJN