# EXHIBIT A

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    PHILIP S. WARDEN (SBN 54752)
2   philip.warden@pillsburylaw.com
    CLARK THIEL (SBN 190212)
3   clark.thiel@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
4   San Francisco, CA 94111-5998
    Telephone:  415-983-1000
5   Facsimile:  415-983-1200

6   PILLSBURY WINTHROP SHAW PITTMAN LLP
    SYDNEY A. WARD (SBN 312615)
7   sydney.ward@pillsburylaw.com
    2600 Capitol Avenue, Suite 300
8   Sacramento, CA 95816-5930
    Telephone:  916-329-4700
9   Facsimile:  916-441-3583

10  KINGSLEY BOGARD, LLP
    ROBERT E. KINGSLEY (SBN 59596)
11  Prosecuting Authority for Plaintiff
    rkingsley@kblegal.us
12  600 Coolidge Drive
    Suite 160
13  Folsom, CA 95630
    Telephone:  916-932-2500

14
    Attorneys for Plaintiff SACRAMENTO REGIONAL
15  PUBLIC SAFETY COMMUNICATIONS CENTER
    D/B/A SACRAMENTO REGIONAL FIRE/EMS
16  COMMUNICATIONS CENTER

17              **UNITED STATES DISTRICT COURT**

18            **EASTERN DISTRICT OF CALIFORNIA**

19  SACRAMENTO REGIONAL PUBLIC          Case No.  2:18-cv-01792-KJM-KJN
    SAFETY COMMUNICATIONS CENTER
20  D/B/A SACRAMENTO REGIONAL           PLAINTIFF'S RESPONSE TO
    FIRE/EMS COMMUNICATIONS CENTER      DEFENDANT TYLER TECHNOLOGIES,
21                                      INC.'S FIRST SET OF REQUESTS FOR
                                        PRODUCTION TO PLAINTIFF)
            Plaintiff,
22                                      Judge:  Hon. Kimberly J. Mueller
23          vs.

24  TYLER TECHNOLOGIES, INC., a Delaware
    corporation F/K/A NEW WORLD SYSTEMS
25  CORPORATION, a Surrendered California
    corporation
26
            Defendant.
27

28

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION

**EXHIBIT A - PAGE 2**

PROPOUNDING PARTY:   Defendant TYLER TECHNOLOGIES, INC.

RESPONDING PARTY:   Plaintiff SACRAMENTO REGIONAL PUBLIC SAFETY
COMMUNICATIONS CENTER D/B/A SACRAMENTO
REGIONAL FIRE/EMS COMMUNICATIONS CENTER

SET NUMBER:   One (1)

Plaintiff Sacramento Regional Public Safety Communications Center d/b/a Sacramento

Regional Fire/EMS Communications Center ("SRFECC" or "Plaintiff"), hereby responds to

Defendant Tyler Technologies, Inc.'s First Set of Request for production to Plaintiff (the

"Requests") served on November 13, 2018 by Tyler Technologies, Inc. f/k/a New World Systems

Corporation ("Tyler" or "Defendant")

**PRELIMINARY STATEMENT**

In making these responses and objections, SRFECC explicitly does not waive any arguments

or defenses.  The responses and objections are based only on facts, information, and documents

currently available and known to SRFECC.

Subject to meet and confer about the proper scope of the Requests in light of SRFECC's

objections, and unless otherwise specified, SRFECC will produce such documents, or portions of

documents, that SRFECC understands are both responsive to the proper scope of the Requests and

not privileged or otherwise protected.  Nothing herein is intended to be or should be construed as a

waiver of the attorney-client privilege, the work product doctrine, or any other privilege or

protection.  Inadvertent production of such protected information is not intended to be and shall not

operate as a waiver of the applicable privilege or protection.

**GENERAL OBJECTIONS**

SRFECC sets forth the following explanations of objections that recur in the responses.

SRFECC will refer to these fuller explanations as appropriate in the responses.

1.      SRFECC objects to the Requests on the grounds that they seek the disclosure of

information or documents that are unrelated to the Request for Proposal and contract for a

replacement computer-aided dispatch ("CAD") system that are the subject of the Complaint and

thereby exceed the scope of permissible discovery.  SRFECC also objects to the Requests on the

-2-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION
4816-2459-1483.v1                                              Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT A, PAGE 3**

1  grounds that they seek the disclosure of information or documents related to the Request for

2  Proposal and contract for a replacement CAD system that are the subject of the Complaint but that

3  are unrelated to the claims or defenses in this action.

4      2.    SRFECC objects to the Requests on the grounds that they are not proportional to the

5  needs of the case in that they require the production of documents regardless of relevance and in that

6  the hardship and burden imposed on SRFECC by attempting to comply with the request would not

7  be commensurate with any marginal benefit that would result from such production.

8      3.    SRFECC objects to the Requests to the extent they seek the production of documents

9  that are protected by the right to privacy, the attorney-client privilege, the work-product doctrine,

10  common-interest protections, or any other constitutional, statutory or common law privilege or

11  protection, including requests that would require SRFECC to produce documents or information

12  covered by confidentiality agreements with others or protective orders, or that would require

13  SRFECC to violate the privacy interests of others.  SRFECC also objects to the Requests to the

14  extent they seek the production of documents that would present a security risk to the Center if

15  disclosed.  Any inadvertent production of privileged or confidential information shall not constitute a

16  waiver of any privilege or protection applicable thereto or to any related information or records.

17      4.    SRFECC objects to the Requests to the extent they do not comply with Federal Rule

18  of Civil Procedure 34, which requires, among other things, that the Requests "describe with

19  reasonable particularity each item or category of items to be inspected."

20      5.    SRFECC objects to the Requests to the extent they seek the production of documents

21  that are readily available from other sources, including any SRFECC Board packets or agendas,

22  which are available to the public online, and any documents that are already in Defendant's custody,

23  possession, or control.

24      6.    To the extent that they might be responsive to some of the broad Requests below,

25  SRFECC will not produce pleadings in this case, since Plaintiff already has them.

26      7.    SRFECC objects to the "DEFINITIONS" and "INSTRUCTIONS" set forth in the

27  Requests to the extent that such DEFINITIONS and INSTRUCTIONS attempt to impose obligations

28  beyond those imposed by law.  SRFECC's responses herein and its production of records in response

-3-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION
4816-2459-1483.v1                                                          Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT A, PAGE 4**

1  to the Requests do not in any way constitute an agreement by SRFECC with the content of the

2  Definitions, Instructions or words or phrases contained in the Requests.

3       a.    SRFECC objects to the definition of "Documents" as overbroad, unduly burdensome,

4  and not reasonably calculated to lead to the discovery of relevant evidence in that it requires

5  SRFECC to conduct an extensive and burdensome search "of all forms of electronic data," without

6  providing practicable limitations on the types of electronic data sought.  Defendant's counsel can

7  meet and confer with Plaintiff's counsel to discuss the need for, and appropriate scope of, requests

8  for production of electronic data.

9       b.    SRFECC's responses herein do not constitute agreement with Defendant's

10  characterization of the agreement.

11       c.    SRFECC's responses herein do not constitute agreement with any purported

12  distinction in identity between New World and Tyler.

13       d.    SRFECC objects to the definition of "you," "your," and "yours" because it is overly

14  broad and unclear.  In this Response, the terms "you," "your," and "yours" shall refer to Plaintiff

15  Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS

16  Communications Center.

17       e.    The use of the term "Project" as defined by Defendant shall not be construed to limit

18  or re-characterize the terms set forth in the parties' Agreement.

19       f.    SRFECC objects to Instruction 1 because it seeks to impose obligations beyond those

20  imposed by law, including by imposing a time frame within which a supplemental production must

21  be made or by requiring the production of documents not within SRFECC's possession, custody, or

22  control.

23       g.    SRFECC objects to Instruction 2 to the extent it seeks information protected by the

24  attorney client privilege, attorney work product or any other privilege or protection.  SRFECC

25  further objects to Instruction 2 to the extent it imposes an undue burden on SRFECC.  Subject to and

26  without waiving these objections, SRFECC will state in writing when it does not identify any

27  documents responsive to a particular numbered paragraph and/or category.

28       h.    SRFECC objects to Instruction 3 on the grounds that the parties agreed on November

-4-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION
4816-2459-1483.v1                                                      Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT A - PAGE 5**

1  29, 2018 that neither side needs to provide a privilege log to record communications protected by the

2  attorney-client privilege.

3       i.       SRFECC objects to Instructions 5-7 and 9 as harassing, burdensome, and not

4  proportional to the needs of the case and as imposing obligations beyond those required by law.

5       j.       SRFECC objects to Instruction 8 as harassing, burdensome, and not proportional to

6  the needs of the case in that it requires SRFECC to search and produce documents for the period

7  from 2010 until 2014, which time period is not relevant to the claims and defenses in this action.

8  SRFECC will only search for and produce documents relating to matters occurring between 2014

9  and the present, unless it expressly states otherwise (hereafter "Relevant Period").

10                    **RESPONSES TO REQUESTS FOR PRODUCTION**

11       SRFECC provides the following objections and responses subject to and without waiving the

12  foregoing General Objections, which are incorporated by reference to specific Requests as

13  appropriate in responding below.

14              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

15  REQUEST FOR PRODUCTION NO. 1:

16       Produce all documents concerning, referring or relating to the Agreement.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

18       Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

19  concerning, referring or relating to the Agreement" is overbroad and not reasonably particularized.

20  Plaintiff further objects that it seeks information that is not relevant, because not all documents

21  concerning, referring or relating to the Agreement are relevant to the claims or defenses in this

22  action.  Even if all documents "concerning, referring, or relating" to the Agreement were relevant,

23  the phrase "concerning, referring, and relating" is vague and ambiguous as used in this Request and

24  fails to provide any practical limitations to focus Plaintiff's production.  To respond to this Request,

25  Plaintiff would need to collect, review, and produce over four years of documents without any

26  limiting criteria and without regard to the relevance of the claims and defenses in this action.  This is

27  not proportional to the needs of the case, and the hardship and burden imposed on SRFECC by

28  attempting to comply with the Request would not be commensurate with any marginal benefit that

1    would result from such production.

2         Plaintiff further objects that this Request seeks information that is readily available from

3    other sources, including documents that are publicly available online and documents that are already

4    in Defendant's possession, custody, or control.  Plaintiff objects that the broad scope of this Request

5    seeks the production of documents protected by the right to privacy, the attorney-client privilege, the

6    work-product doctrine, common-interest protections, and other constitutional, statutory or common

7    law privilege or protection.

8         Plaintiff notes that the scope of this Request is so broad that it is duplicative of every other

9    Request herein, and thus documents produced in response to every other Request will be responsive

10   to this Request as well.  Subject to and without waiving the foregoing objections, Plaintiff states that

11   it will meet and confer with Defendant, at Defendant's request, to discuss how to reasonably tailor

12   this Request such that Defendant can obtain the particular documents it seeks.

13   REQUEST FOR PRODUCTION NO. 2:

14        Produce all documents concerning, referring or relating to the RFP, including any drafts or

15   other documents discussing or detailing the technical specifications therein.

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

17        Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

18   concerning, referring or relating to the RFP" is overbroad and not reasonably particularized.

19   Plaintiff further objects that it seeks information that is not relevant, because not all documents

20   concerning, referring or relating to the RFP are relevant to the claims or defenses in this action.

21   Even if all documents "concerning, referring, or relating" to the RFP were relevant, the phrase

22   "concerning, referring, and relating" is vague and ambiguous as used in this Request and fails to

23   provide any practical limitations to focus Plaintiff's production.  The Request is not proportional to

24   the needs of the case, and the hardship and burden imposed on SRFECC by attempting to comply

25   with the Request would not be commensurate with any marginal benefit that would result from such

26   production.  Plaintiff further objects that the request for "drafts" of the RFP seeks information that is

27   not relevant to the claims or defenses in this action.  The only relevant "draft" of the RFP is the final

28   version, to which Defendant responded and which is incorporated into the parties' agreement.

-6-

**EXHIBIT A, PAGE 7**

1    Plaintiff further objects that this Request seeks information that is readily available from

2    other sources, including documents that are already in Defendant's possession, custody, or control.

3    Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

4    the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

5    protections, and other constitutional, statutory or common law privilege or protection.

6    Plaintiff further objects that this Request is overbroad in that documents responsive to

7    Request Nos. 1, 3, 5, 6, 8, 9, 14, 16, 17, 18, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and

8    35 will overlap with this Request.  Subject to and without waiving the foregoing objections, Plaintiff

9    states that it will produce, subject to the Protective Order, documents discussing or detailing the

10    technical specifications of the final RFP that are not privileged or otherwise protected.

11    REQUEST FOR PRODUCTION NO. 3:

12    Produce all documents concerning, referring or relating to the RFP Response.

13    RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

14    Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

15    concerning, referring or relating to the RFP Response" is overbroad and not reasonably

16    particularized.  Plaintiff further objects that it seeks information that is not relevant, because not all

17    documents concerning, referring or relating to the RFP are relevant to the claims or defenses in this

18    action.  Even if all documents "concerning, referring, or relating" to the RFP Response were

19    relevant, the phrase "concerning, referring, and relating" is vague and ambiguous as used in this

20    Request and fails to provide any practical limitations to focus Plaintiff's production.  The Request is

21    not proportional to the needs of the case, and the hardship and burden imposed on SRFECC by

22    attempting to comply with the Request would not be commensurate with any marginal benefit that

23    would result from such production.

24    Plaintiff further objects that this Request seeks information that is readily available from

25    other sources, including documents that are already in Defendant's possession, custody, or control.

26    Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

27    the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

28    protections, and other constitutional, statutory or common law privilege or protection.

-7-

**EXHIBIT A, PAGE 8**

1    Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

2    subject to the Protective Order in this case, documents that are not otherwise privileged or protected

3    that expressly refer to, or have as their subject, the technical capabilities of the replacement CAD

4    system that is the subject of the Complaint.

5    REQUEST FOR PRODUCTION NO. 4:

6    Produce all internal documents and communications related to or referencing the Project.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

8    Plaintiff incorporates herein General Objection Nos. 1-7. The Request for "all internal

9    documents and communications related to or referencing the Project" is overbroad and not

10   reasonably particularized. Plaintiff further objects that it seeks information that is not relevant,

11   because not all documents related to or referencing the Project are relevant to the claims or defenses

12   in this action. Even if all documents "related to or referencing" the Project were relevant, the

13   phrases "internal" and "related to or referencing" are vague and ambiguous as used in this Request

14   and fail to provide any practical limitations to focus Plaintiff's production. The Request is not

15   proportional to the needs of the case, and the hardship and burden imposed on Plaintiff by

16   attempting to comply with the Request would not be commensurate with any marginal benefit that

17   would result from such production.

18   Plaintiff further objects that this Request seeks the production of documents protected by the

19   right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

20   protections, and other constitutional, statutory or common law privilege or protection.

21   Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

22   subject to the Protective Order, documents expressly discussing or detailing the technical

23   specifications of the final RFP as compared to Defendant's CAD replacement system that are not

24   privileged or otherwise protected.

25   REQUEST FOR PRODUCTION NO. 5:

26   Produce all video or audio recordings of any calls or meetings between SRFECC and Tyler

27   or New World related to the Project, the Agreement, the RFP, and/or the RFP Response.

28   ///

-8-

**EXHIBIT A, PAGE 9**

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

2      Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all video or audio

3  recordings of any calls or meetings between SRFECC and Tyler or New World related to the

4  Project, the Agreement, the RFP, and/or the RFP Response" is overbroad.  It seeks information that

5  is not relevant, because not all recorded calls or meetings between Plaintiff and Defendant are

6  relevant to the claims or defenses in this action.  The Request is not proportional to the needs of the

7  case, and the hardship and burden imposed on Plaintiff by attempting to comply with the Request

8  would not be commensurate with any marginal benefit that would result from such production.

9      Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

10  subject to the Protective Order, the recording of Kevin Flynn's presentation on December 7, 2017

11  and the recording of the software demonstrations that were part of the RFP process.

12  REQUEST FOR PRODUCTION NO. 6:

13      Produce all documents reflecting software demonstrations given by New World/Tyler to

14  SRFECC or at which SRFECC representatives were present, including any scripts used for such

15  demonstrations and any notes taken during such demonstrations.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17      Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

18  reflecting software demonstrations given by New World/Tyler to SRFECC or at which SRFECC

19  representatives were present" is vague and ambiguous as to what is meant by "reflecting software

20  demonstrations."  Plaintiff further objects that the Request is overbroad and not reasonably

21  particularized to the extent it seeks any documents "reflecting software demonstrations" without

22  regard to subject matter.  Plaintiff further objects that it seeks information that is not relevant,

23  because not all documents "reflecting software demonstrations" are relevant to the claims or

24  defenses in this action.  This is not proportional to the needs of the case, and the hardship and burden

25  imposed on SRFECC by attempting to comply with the Request would not be commensurate with

26  any marginal benefit that would result from such production.

27      Plaintiff further objects that this Request seeks information that is readily available from

28  other sources, including documents that are already in Defendant's possession, custody, or control.

-9-

**EXHIBIT A, PAGE 10**

1  Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

2  the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

3  protections, and other constitutional, statutory or common law privilege or protection.

4       Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

5  subject to the Protective Order, the script for the software demonstration provided to Defendant.

6  Plaintiff will also produce notes taken during the demonstration, if any are identified and not

7  privileged or otherwise protected.  Plaintiff's review of documents is ongoing.

8  REQUEST FOR PRODUCTION NO. 7:

9       Produce all drafts and copies of the requirements tracking spreadsheet regarding the Project.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

11       Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all drafts and

12  copies of the requirements tracking spreadsheet regarding the Project" is overbroad and not

13  reasonably particularized.  Plaintiff further objects that the request for all copies of the spreadsheet

14  seeks the production of multiple copies of the same document, where the existence of multiple

15  copies is not relevant to the claims or defenses in this action and the burden of attempting to comply

16  with this request would not be commensurate with any marginal benefit that would result from such

17  production.  Plaintiff further objects that this Request seeks information that is readily available from

18  other sources, including documents that are already in Defendant's possession, custody, or control.

19  Plaintiff objects that this Request seeks the production of documents protected by the right to

20  privacy, the attorney-client privilege, the work-product doctrine, common-interest protections, and

21  other constitutional, statutory or common law privilege or protection.

22       Plaintiff further objects that the Request is duplicative of Request for Production No. 1,

23  which seeks "all documents concerning, referring or relating to the Agreement," and of Request for

24  Production No. 2, which seeks "all documents concerning, referring or relating to the RFP, including

25  any drafts or other documents discussing or detailing the technical specifications therein."  Subject

26  to and without waiving the foregoing objections, Plaintiff states that it will produce, subject to the

27  Protective Order, documents expressly discussing or detailing the technical specifications of the final

28  RFP as compared to Defendant's CAD replacement system that are not privileged or otherwise

-10-

1 | protected.

2 | REQUEST FOR PRODUCTION NO. 8:

3 |     Produce all communications and documents regarding or relating to any deadlines, timelines
4 | or schedules for the Project.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

6 |     Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all
7 | communications and documents regarding or relating to any deadlines, timelines or schedules for the
8 | Project" seeks information that is not relevant or that is already within Defendant's custody,
9 | possession, or control.  The deadlines, timelines, or schedules that are relevant to the claims or
10 | defenses in this action are the deadlines, timelines, or schedules discussed or agreed to by the parties,
11 | and thus are within Defendant's custody, possession, or control.  Even if this were not the case, the
12 | phrase "regarding or relating" is vague and ambiguous as used in this Request and fails to provide
13 | any practical limitations to focus Plaintiff's production.  This is not proportional to the needs of the
14 | case, and the hardship and burden imposed on SRFECC by attempting to comply with the Request
15 | would not be commensurate with any marginal benefit that would result from such production.

16 |     Plaintiff objects that the broad scope of this Request seeks the production of documents
17 | protected by the right to privacy, the attorney-client privilege, the work-product doctrine, common-
18 | interest protections, and other constitutional, statutory or common law privilege or protection.

19 |     Plaintiff notes that given the overbroad scope of this Request, the documents that it produces
20 | in response to Request No. 10 will be responsive to this Request as well.  Subject to and without
21 | waiving the foregoing objections, Plaintiff states that it will produce, subject to the Protective Order,
22 | correspondence with Defendant that expressly references the GANTT chart.

23 | REQUEST FOR PRODUCTION NO. 9:

24 |     Produce all documents reflecting calls and /or meetings between representatives of SRFECC
25 | and of Tyler and/or New World, including any notes, agendas, or summaries of such meetings or
26 | calls.

27 | RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

28 |     Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

-11-

1  reflecting calls and/or meetings between [Plaintiff and Defendant]" is overbroad and not reasonably

2  particularized. Plaintiff further objects that it seeks information that is not relevant, because not all

3  calls and/or meetings between Plaintiff and Defendant are relevant to the claims or defenses in this

4  action. Even if all documents "reflecting calls and/or meetings" were relevant, the phrase

5  "reflecting" is vague and ambiguous as used in this Request and fails to provide any practical

6  limitations to focus Plaintiff's production. This is not proportional to the needs of the case, and the

7  hardship and burden imposed on SRFECC by attempting to comply with the Request would not be

8  commensurate with any marginal benefit that would result from such production. Plaintiff will

9  interpret the word "reflecting" to request documents that expressly identify their contents as the

10  notes, agenda, or summary of a call or meeting between Plaintiff and Defendant.

11     Plaintiff further objects that this Request seeks information that is readily available from

12  other sources, including documents that are already in Defendant's possession, custody, or control.

13  Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

14  the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

15  protections, and other constitutional, statutory or common law privilege or protection.

16     Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

17  subject to the Protective Order, documents that expressly reference an agenda, notes, or explicit

18  summarization of a meeting or call with Defendant that are not privileged or otherwise protected.

19  REQUEST FOR PRODUCTION NO. 10:

20     Produce all documents reflecting the status of the Project, including any status reports or

21  related documents exchanged between SRFECC and Tyler.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

23     Plaintiff incorporates herein General Objection Nos. 1-7. The Request for "all documents

24  reflecting the status of the Project" is overbroad and not reasonably particularized. Plaintiff further

25  objects that it seeks information that is not relevant, because not all documents "reflecting the status

26  of the Project" are relevant to the claims or defenses in this action. Even if all documents "reflecting

27  the status of the Project" were relevant, the phrases "reflecting" and "status reports" are vague and

28  ambiguous as used in this Request and fail to provide any practical limitations to focus Plaintiff's

-12-

1  production.  To respond to this Request, Plaintiff would need to collect, review, and produce over

2  four years of documents without any limiting criteria and without regard to the relevance of the

3  claims and defenses in this action.  This is not proportional to the needs of the case, and the hardship

4  and burden imposed on SRFECC by attempting to comply with the Request would not be

5  commensurate with any marginal benefit that would result from such production.  Plaintiff further

6  objects that this Request expressly seeks documents that are already in Defendant's possession,

7  custody, or control.  Plaintiff objects that the broad scope of this Request seeks the production of

8  documents protected by the right to privacy, the attorney-client privilege, the work-product doctrine,

9  common-interest protections, and other constitutional, statutory or common law privilege or

10  protection.

11         Plaintiff notes that given the overbroad scope of this Request, the documents that it produces

12  in response to Request No. 8 will be responsive to this Request as well.  Subject to and without

13  waiving the foregoing objections, Plaintiff states that it will meet and confer with Defendant, at

14  Defendant's request, to discuss how to reasonably tailor this Request such that Defendant can obtain

15  the particular documents it seeks.

16  REQUEST FOR PRODUCTION NO. 11:

17         Produce all documents related to or referring to the PowerPoint presentation titled "SRFECC

18  -- Project Completion Plan" dated November 30, 2017.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

20         Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that the broad

21  scope of this Request seeks the production of documents protected by the right to privacy, the

22  attorney-client privilege, the work-product doctrine, common-interest protections, and other

23  constitutional, statutory or common law privilege or protection.  Plaintiff further objects that the

24  Request for "all documents related to or referring" to the identified PowerPoint is overbroad, vague,

25  and ambiguous in that the term "related to" as used in this Request  fails to provide any practical

26  limitations to focus Plaintiff's production.  This is not proportional to the needs of the case, and the

27  hardship and burden imposed on SRFECC by attempting to comply with the Request would not be

28  commensurate with any marginal benefit that would result from such production.  Plaintiff interprets

-13-

1  the term "referring to" to mean documents that expressly reference the identified PowerPoint and

2  documents that have the identified PowerPoint as its subject.  Plaintiff further objects that it seeks

3  documents that are already in Defendant's possession, custody, or control.

4        Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

5  subject to the Protective Order in this case, documents that are not otherwise privileged or protected

6  that expressly refer to, or have as their subject, the PowerPoint presentation titled "SRFECC --

7  Project Completion Plan" dated November 30, 2017.

8  REQUEST FOR PRODUCTION NO. 12:

9        Produce all documents reflecting the reconciliation of open items similar to the one dated

10  December 13, 2017, which was attached to the Complaint as Exhibit 6.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

12        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff also objects to this

13  Request on the grounds that it is duplicative of Request Nos.1, 2, and of 7, which seeks "all drafts

14  and copies of the requirements tracking spreadsheet regarding the Project."  Plaintiff interprets this

15  Request as seeking non-identical copies of Exhibit 6 or prior versions of Exhibit 6 that were

16  exchanged between the parties.  Plaintiff further objects that this Request seeks documents that are

17  already in Defendant's possession, custody, or control.  Plaintiff objects that this Request seeks the

18  production of documents protected by the right to privacy, the attorney-client privilege, the work-

19  product doctrine, common-interest protections, and other constitutional, statutory or common law

20  privilege or protection.

21        Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

22  subject to the Protective Order, documents expressly discussing or detailing the technical

23  specifications of the final RFP as compared to Defendant's CAD system that are not privileged or

24  otherwise protected.

25  REQUEST FOR PRODUCTION NO. 13:

26        Produce all documents regarding the preparation and revision of Exhibit 7 to the Complaint.

27  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

28        Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

-14-

**EXHIBIT A, PAGE 15**

1  regarding the preparation and revision of Exhibit 7" is overbroad and not reasonably particularized.

2  Plaintiff further objects that it seeks information that is not relevant, because the request for all

3  documents "regarding" the preparation and revision of Exhibit 7 does not place practical limitations

4  on the scope of responsive material.

5      Plaintiff further objects that this Request seeks information that is readily available from

6  other sources, including documents such as Exhibit 6 and Defendant's responses to the RFP that are

7  already in Defendant's possession, custody, or control.  Plaintiff objects that the broad scope of this

8  Request seeks the production of documents protected by the attorney-client privilege and the work-

9  product doctrine, and other constitutional, statutory or common law privileges or protections.

10      Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

11  subject to the Protective Order, Exhibit 6 and Defendant's responses to the RFP, which were used to

12  create Exhibit 7.

13  REQUEST FOR PRODUCTION NO. 14:

14      Produce all communications and documents related to or referencing the technical

15  capabilities of New World and/or Tyler's licensed software.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

17      Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that the broad

18  scope of this Request seeks the production of documents protected by the right to privacy, the

19  attorney-client privilege, the work-product doctrine, common-interest protections, and other

20  constitutional, statutory or common law privilege or protection.  Plaintiff further objects that the

21  Request for "all communications and documents related to or referencing" Defendant's licensed

22  software's technical capabilities is overbroad, vague, and ambiguous in that the term "related to" as

23  used in this Request fails to provide any practical limitations to focus Plaintiff's production.  This is

24  not proportional to the needs of the case, and the hardship and burden imposed on SRFECC by

25  attempting to comply with the Request would not be commensurate with any marginal benefit that

26  would result from such production.  Plaintiff interprets the term "referencing" to mean documents

27  that expressly reference the technical capabilities of the replacement CAD system that is the subject

28  of the Complaint and documents that have those capabilities as its subject.  Plaintiff further objects

-15-

**EXHIBIT A, PAGE 16**

1  that the Request is unduly burdensome in that it seeks documents that are already in Defendant's

2  possession, custody, or control.

3       Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

4  subject to the Protective Order in this case, documents that are not otherwise privileged or protected

5  that expressly refer to, or have as their subject, the technical capabilities of the replacement CAD

6  system that is the subject of the Complaint.

7  REQUEST FOR PRODUCTION NO. 15:

8       Produce all documents regarding invoices and payments made in connection with the

9  Agreement.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

11      Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that this Request is

12  duplicative of Request Nos. 1 and 24.  Plaintiff further objects that the Request for "all documents

13  regarding invoices and payments made in connection with the Agreement" is overbroad and not

14  reasonably particularized in that it requires Plaintiff to collect, review, and produce over four years

15  of documents without any limiting criteria and without regard to the relevance of the claims and

16  defenses in this action.  The phrases "regarding invoices and payments" and "in connection with the

17  Agreement" are vague and ambiguous as used herein. Plaintiff further objects that the Request

18  expressly seeks documents already within Defendant's possession, custody, or control. This is not

19  proportional to the needs of the case, and the hardship and burden imposed on SRFECC by

20  attempting to comply with the Request would not be commensurate with any marginal benefit that

21  would result from such production.  Plaintiff further objects that the broad scope of this Request

22  seeks the production of documents protected by the right to privacy, the attorney-client privilege, the

23  work-product doctrine, common-interest protections, and other constitutional, statutory or common

24  law privilege or protection.

25      Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

26  subject to the Protective Order, invoices from Defendant and an accounting aging report reflecting

27  payments to Defendant.

28  ///

-16-

1 | REQUEST FOR PRODUCTION NO. 16:

2 |      Produce copies of each response received in connection with the RFP.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

4 |      Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to the request for

5 | responses received "in connection with the RFP" in that the phrase "in connection with the RFP" as

6 | used herein is overbroad, vague, and ambiguous.  Plaintiff interprets this Request to seek responses

7 | *to* the RFP, that is, the proposals submitted in response to and conforming to Plaintiff's Request for

8 | Proposal that were timely submitted.  Plaintiff objects that to the extent this Request seeks a copy of

9 | Defendant's RFP response, that it is already in Defendant's possession, custody, or control.  Plaintiff

10 | objects that the Request seeks the production of documents protected by the right to privacy, the

11 | attorney-client privilege, the work-product doctrine, common-interest protections, and other

12 | constitutional, statutory or common law privilege or protection.

13 |      Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

14 | subject to the Protective Order, the responses to the RFP received from Integraph and Tri-Tech to

15 | the extent the responses are not protected from disclosure.

16 | REQUEST FOR PRODUCTION NO. 17:

17 |      Produce all documents considered in connection with the decision to award the Agreement to

18 | New World, including any documents related to the scoring and/or evaluation of the RFP responses

19 | received.

20 | RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

21 |      Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that the Request

22 | for "all documents considered in connection with the decision to award the Agreement to

23 | [Defendant]" seeks documents that are already within Defendant's possession, custody, or control,

24 | such as the RFP and its response to the RFP.  Plaintiff further objects that this Request is duplicative

25 | of Request Nos. 1, 2, 3, 5, 6, 8, 9, 14, 16, 18, 20, 21, 23, 25, 26, and 27.  Plaintiff objects that the

26 | Request seeks the production of documents protected by the right to privacy, the attorney-client

27 | privilege, the work-product doctrine, common-interest protections, and other constitutional, statutory

28 | or common law privilege or protection.

-17-

1    Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

2    subject to the Protective Order, documents that expressly reference or have as their subject the

3    scoring and/or evaluation of RFP responses that are not privileged or otherwise protected.

4    REQUEST FOR PRODUCTION NO. 18:

5    Produce all documents reflecting SRFECC's Board resolutions, materials, and

6    communications related to the award or approval of the Agreement.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

8    Plaintiff incorporates herein General Objection Nos. 1-7. Plaintiff objects that the Request

9    for "all documents reflecting SRFECC's Board resolutions, materials, and communications related

10   to the award or approval of the Agreement" seeks documents that are readily available from other

11   sources, including any SRFECC Board packets or agendas, which are available to the public online,

12   and any documents that are already in Defendant's custody, possession, or control. Plaintiff further

13   objects that this Request is duplicative of Request Nos. 1, 2, 3, 5, 6, 8, 9, 14, 16, 17, 20, 21, 23, 25,

14   26, and 27. Plaintiff objects that the Request seeks the production of documents protected by the

15   right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

16   protections, and other constitutional, statutory or common law privilege or protection.

17   Plaintiff further objects that the phrase "Board . . . communications related to the award" is

18   vague and ambiguous. Plaintiff interprets this Request as seeking communications that expressly

19   state they are sent on behalf of the Board. Plaintiff also interprets that the phrase "all documents

20   reflecting" resolutions, materials, and communications as a request for a copy of Board resolutions,

21   Board packets, and written communications that are expressly sent on behalf of the Board. Plaintiff

22   does not interpret this Request to call for audio or video files of every Board meeting. It would be

23   unduly burdensome and not proportional to the needs of the case for Plaintiff to review and produce

24   audio and video files of Board meetings. Plaintiff will meet and confer with Defendant, upon

25   Defendant's request, if any recordings of Board meetings are sought.

26   Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

27   subject to the Protective Order, documents that expressly reference or have as their subject the

28   scoring and/or evaluation of RFP responses that are not privileged or otherwise protected.

-18-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION
4816-2459-1483.v1                                                     Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT A, PAGE 19**

1  REQUEST FOR PRODUCTION NO. 19:

2        Produce all documents regarding SRFECC's status as a joint powers authority and its

3  membership, powers, duties, and ability to prosecute this action.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

5        Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

6  regarding SRFECC's status as a joint powers authority (JPA) and its membership, powers, duties,

7  and ability to prosecute this action" is overbroad and not reasonably particularized.  Plaintiff further

8  objects that it seeks information that is not relevant, because not all documents "regarding"

9  SRFECC's status as a JPA and its membership, powers, and duties are relevant to the claims or

10  defenses in this action.  Even if all documents "regarding" Plaintiff's status as a JPA were relevant,

11  the phrase "regarding" is vague and ambiguous as used in this Request and fails to provide any

12  practical limitations to focus Plaintiff's production.  To respond to this Request, Plaintiff would need

13  to collect, review, and produce over four years of documents without any limiting criteria and

14  without regard to the relevance of the claims and defenses in this action.  This is not proportional to

15  the needs of the case, and the hardship and burden imposed on SRFECC by attempting to comply

16  with the Request would not be commensurate with any marginal benefit that would result from such

17  production.

18        Plaintiff further objects that this Request seeks information that is readily available from

19  other sources, including documents that are publicly available online and documents that are already

20  in Defendant's possession, custody, or control, including the Third Amended Joint Powers

21  Agreement to which Plaintiff is subject (Ex. 1 to Plaintiff's Motion for Partial Summary Judgment).

22  Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

23  the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

24  protections, and other constitutional, statutory or common law privilege or protection.

25        Subject to and without waiving the foregoing objections, Plaintiff states that it will meet and

26  confer with Defendant, at Defendant's request, regarding the appropriate scope for this Request, if

27  any, and whether Defendant requires any additional documentation beyond the Third Amended Joint

28  Powers Agreement already in its possession.

-19-

1  REQUEST FOR PRODUCTION NO. 20:

2         Produce all communications by and between members of the evaluation committee regarding

3  the RFP Response or the award or approval of the Agreement.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

5         Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff interprets the Request for

6  "all communications by and between members of the evaluation committee regarding the RFP

7  Response or the award or approval of the Agreement" to seek correspondence from and to members

8  of the evaluation committee that expressly reference Defendant's RFP Response and/or the decision

9  to select Defendant.  Plaintiff further objects that this Request is duplicative of Request Nos. 1, 2, 3,

10  5, 6, 8, 9, 14, 16, 17, 18, 21, 23, 25, 26, and 27.  Plaintiff objects that the Request seeks the

11  production of documents protected by the right to privacy, the attorney-client privilege, the work-

12  product doctrine, common-interest protections, and other constitutional, statutory or common law

13  privilege or protection.

14         Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

15  subject to the Protective Order, documents that expressly reference or have as their subject the

16  scoring and/or evaluation of RFP responses that are not privileged or otherwise protected.

17  REQUEST FOR PRODUCTION NO. 21:

18         Produce all documents related to any site visits to other locations operating with New World

19  and/or Tyler's licensed software, including any agendas, notes and communications regarding such

20  site visits.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

22         Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

23  related to any site visits to other locations operating with [Defendant's] licensed software" is

24  overbroad and not reasonably particularized to the extent it seeks any documents "related to" site

25  visits.  Plaintiff objects that not all documents related to site visits are relevant to the claims or

26  defenses in this action.  This is not proportional to the needs of the case, and the hardship and burden

27  imposed on SRFECC by attempting to comply with the Request would not be commensurate with

28  any marginal benefit that would result from such production.

-20-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET FOR REQUEST FOR PRODUCTION
4816-2459-1483.v1                                                    Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT A - PAGE 21**

1    Plaintiff further objects that this Request seeks information that is readily available from

2    other sources, including documents that are already in Defendant's possession, custody, or control.

3    Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

4    the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

5    protections, and other constitutional, statutory or common law privilege or protection.

6    Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

7    subject to the Protective Order, any documents that are explicitly identified as "agendas" or "notes"

8    of site visits to locations with Defendant's software during the RFP process that are not privileged or

9    otherwise protected, if such documents exist.  Plaintiff has not yet completed its review of

10   documents.

11   REQUEST FOR PRODUCTION NO. 22:

12   Produce all documents related to any request for proposal or other effort to obtain a computer

13   aided dispatch system from another vendor or vendors issued since November 6, 2015.

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

15   Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all documents

16   related to any request for proposal or other effort to obtain a computer aided dispatch system from

17   another vendor or vendors issued since November 6, 2015" is overbroad and not reasonably

18   particularized.  Plaintiff further objects that it seeks information that is not relevant, because not all

19   documents "related to" any request for proposal or other effort to obtain a computer aided dispatch

20   system from another vendor or vendors are relevant to the claims or defenses in this action.  This is

21   not proportional to the needs of the case, and the hardship and burden imposed on SRFECC by

22   attempting to comply with the Request would not be commensurate with any marginal benefit that

23   would result from such production.  Plaintiff objects that the broad scope of this Request seeks the

24   production of documents protected by the right to privacy, the attorney-client privilege, the work-

25   product doctrine, common-interest protections, and other constitutional, statutory or common law

26   privilege or protection, including the rights of third party vendors over commercially sensitive or

27   proprietary information.

28   Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

-21-

1   subject to the Protective Order, its contracts with vendors for costs incurred in obtaining a

2   replacement CAD system that are publicly available.  Plaintiff is working with its vendors to obtain

3   their consent to the production of documents that are not publicly available and that their vendors

4   maintain are subject to protection.  Plaintiff will supplement these responses after those discussions

5   conclude.

6   REQUEST FOR PRODUCTION NO. 23:

7          Produce all documents reflecting or reporting any defects, problems, or shortcomings with

8   Tyler's licensed software, including any issues considered by SRFECC to be breaches of warranty or

9   breaches of the Agreement.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

11         Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that the Request

12  for all documents "reflecting or reporting" defects, problems, or shortcomings with Tyler's licensed

13  software seeks the production of documents protected by the right to privacy, the attorney-client

14  privilege, the work-product doctrine, common-interest protections, and other constitutional, statutory

15  or common law privilege or protection.  Plaintiff further objects that the Request for "all documents

16  reflecting . . . defects, problems, or shortcomings" as used in this Request fails to provide any

17  practical limitations to focus Plaintiff's production.  Plaintiff interprets the phrase "reporting" to

18  mean communications sent from Plaintiff's representatives to Defendant's representatives that

19  describe problems with Defendant's system.  Plaintiff objects that such documents are already within

20  Defendant's possession, custody, and control. This Request is not proportional to the needs of the

21  case, and the hardship and burden imposed on SRFECC by attempting to comply with the Request

22  would not be commensurate with any marginal benefit that would result from such production.

23         Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

24  subject to the Protective Order in this case, documents that are not otherwise privileged or protected

25  that expressly refer to, or have as their subject, the technical capabilities of the replacement CAD

26  system that is the subject of the Complaint.

27  REQUEST FOR PRODUCTION NO. 24:

28         Produce all documents relating to Tyler's performance of the Agreement, including any

-22-

**EXHIBIT A - PAGE 23**

1   invoices, payments, purchases, expenses, change orders, acceptance documents, enhancement

2   requests or other similar documents related to the Project.

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

4        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that this Request is

5   duplicative of Request Nos. 1 and 15.  Plaintiff further objects that the Request for "all documents

6   relating to [Defendant's] performance of the Agreement" is overbroad and not reasonably

7   particularized in that it requires Plaintiff to collect, review, and produce over four years of

8   documents without any limiting criteria and without regard to the relevance of the claims and

9   defenses in this action.  The phrase "relating to Tyler's performance" is vague and ambiguous as

10  used herein. Plaintiff further objects that the Request expressly seeks documents already within

11  Defendant's possession, custody, or control. This is not proportional to the needs of the case, and the

12  hardship and burden imposed on SRFECC by attempting to comply with the Request would not be

13  commensurate with any marginal benefit that would result from such production.  Plaintiff further

14  objects that the broad scope of this Request seeks the production of documents protected by the right

15  to privacy, the attorney-client privilege, the work-product doctrine, common-interest protections, and

16  other constitutional, statutory or common law privilege or protection.

17       Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

18  subject to the Protective Order, invoices, change orders, and an accounting aging report reflecting

19  payments to Defendant.

20  REQUEST FOR PRODUCTION NO. 25:

21       Produce all communications related to the technical specifications in the RFP and/or the

22  implementation of those technical specifications in connection with the Agreement.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

24       Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that this Request is

25  duplicative of Request Nos. 2 and 14 and does not understand there to be a difference between the

26  Requests.  Plaintiff further objects that this Request seeks the production of documents protected by

27  the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

28  protections, and other constitutional, statutory or common law privilege or protection.

-23-

**EXHIBIT A, PAGE 24**

1    Plaintiff further objects that the Request for "all communications related to the technical

2    specifications in the RFP and/or the implementation of those technical specifications" is overbroad,

3    vague, and ambiguous in that the term "related to" as used in this Request fails to provide any

4    practical limitations to focus Plaintiff's production.  Further, the request for "all communications

5    related to the technical specifications" or to "implementation" includes within its scope documents

6    that are not relevant to the claims or defenses in this action.  This is not proportional to the needs of

7    the case, and the hardship and burden imposed on SRFECC by attempting to comply with the

8    Request would not be commensurate with any marginal benefit that would result from such

9    production.  Plaintiff further objects that the Request is unduly burdensome in that it seeks

10    documents that are already in Defendant's possession, custody, or control.

11    Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

12    subject to the Protective Order in this case, documents that are not otherwise privileged or protected

13    that expressly refer to, or have as their subject, the technical capabilities of the replacement CAD

14    system that is the subject of the Complaint.

15    REQUEST FOR PRODUCTION NO. 26:

16    Produce all documents related to the testing of technical requirements in connection with the

17    Project.

18    RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

19    Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects that this Request is

20    duplicative of Request Nos. 2, 14, and 25 and does not understand there to be a difference between

21    the Requests.  Plaintiff further objects that this Request seeks the production of documents protected

22    by the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

23    protections, and other constitutional, statutory or common law privilege or protection.

24    Plaintiff further objects that the Request for "all documents related to the testing of technical

25    requirements in connection with the Project" is overbroad, vague, and ambiguous in that the term

26    "related to" as used in this Request fails to provide any practical limitations to focus Plaintiff's

27    production.  Further, Plaintiff objects that the undefined term "testing" is vague and ambiguous.

28    Plaintiff further objects that the Request is unduly burdensome in that it seeks documents that are

-24-

1   already in Defendant's possession, custody, or control.  This is not proportional to the needs of the

2   case, and the hardship and burden imposed on SRFECC by attempting to comply with the Request

3   would not be commensurate with any marginal benefit that would result from such production.

4          Subject to and without waiving the foregoing objections, Plaintiff states that it will produce,

5   subject to the Protective Order in this case, documents that are not otherwise privileged or protected

6   that expressly refer to, or have as their subject, the technical capabilities of the replacement CAD

7   system that is the subject of the Complaint.

8   REQUEST FOR PRODUCTION NO. 27:

9          Produce all communications between SRFECC and RCC Consultants, Inc. regarding the

10  RFP.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

12         Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all

13  communications between SRFECC and RCC Consultants, Inc." is overbroad and not reasonably

14  particularized.  Plaintiff further objects that it seeks information that is not relevant, because not all

15  communications between SRFECC and RCC Consultants, Inc. regarding the RFP are relevant to the

16  claims and defenses in this action.  The Request is not proportional to the needs of the case, and the

17  hardship and burden imposed on SRFECC by attempting to comply with the Request would not be

18  commensurate with any marginal benefit that would result from such production.  Plaintiff further

19  objects to producing any communications that discuss prior drafts or iterations of the technical

20  specifications in the RFP because that information is not relevant to the claims or defenses in this

21  action.  The only relevant technical specifications are contained in the final draft of the RFP, to

22  which Defendant responded and which is incorporated into the parties' agreement.

23         Plaintiff objects that the broad scope of this Request seeks the production of documents

24  protected by the right to privacy, the attorney-client privilege, the work-product doctrine, common-

25  interest protections, and other constitutional, statutory or common law privilege or protection.

26         Plaintiff notes that this Request is duplicative of Request No. 2.  Subject to and without

27  waiving the foregoing objections, Plaintiff states that it will produce, subject to the Protective Order,

28  documents discussing or detailing the technical specifications of the final RFP that are not privileged

-25-

1  or otherwise protected.

2  REQUEST FOR PRODUCTION NO. 28:

3       Produce all communications between SRFECC and any of its former employees that were

4  involved in the RFP, the Agreement or the Project, including, but not limited to, Wendy Crosthwaite,

5  Teresa Murray, Linda Luis and Joyce Starosciak.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

7       Plaintiff incorporates herein General Objection Nos. 1-7.  The Request for "all

8  communications between SRFECC and any of its former employees involved in the RFP, the

9  Agreement, or the Project," without regard to subject matter, is overbroad and not reasonably

10  particularized.  Plaintiff further objects that it seeks information that is not relevant, because it

11  expressly seeks documents that are irrelevant to the subject matter of this action.  Even if this

12  Request had provided a subject matter, the phrase "between SRFECC and any of its former

13  employees" is vague and ambiguous as to what constitutes an email between an organization and

14  one of its employees and fails to provide any practical limitations to focus Plaintiff's production.  To

15  respond to this Request, Plaintiff would need to collect, review, and produce over four years of

16  documents regardless of subject matter.  This is not proportional to the needs of the case, and the

17  hardship and burden imposed on SRFECC by attempting to comply with the Request would not be

18  commensurate with any marginal benefit that would result from such production.

19       Plaintiff further objects that this Request seeks information that is readily available from

20  other sources, including documents that are already in Defendant's possession, custody, or control.

21  Plaintiff objects that the broad scope of this Request seeks the production of documents protected by

22  the right to privacy, the attorney-client privilege, the work-product doctrine, common-interest

23  protections, and other constitutional, statutory or common law privilege or protection.

24       Subject to and without waiving the foregoing objections, Plaintiff states that it will meet and

25  confer with Defendant, at Defendant's request, to discuss how to reasonably tailor this Request such

26  that Defendant can obtain the particular documents it seeks.

27  REQUEST FOR PRODUCTION NO. 29:

28       Produce all communications with and documents exchanged between SRFECC and Ray

-26-

**EXHIBIT A - PAGE 27**

1    Schultz or any other representative of St. Joseph's County, Illinois regarding this Lawsuit or Tyler.

2    RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

3         Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to this Request on

4    the grounds that it seeks documents protected by the attorney-client privilege, the work-product

5    doctrine, and the common-interest protection, as well as any other constitutional, statutory or

6    common law privilege or protection, including requests that would require SRFECC to produce

7    documents or information covered by confidentiality agreements with others or protective orders, or

8    that would require SRFECC to violate the privacy interests of others.

9         Plaintiff objects that the Request for "all communications with and documents exchanged . . .

10   regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

11   that is not relevant and is not reasonably particularized, because not all documents exchanged

12   regarding Defendant or this action are relevant to the claims or defenses in this action.

13        Plaintiff will not produce documents responsive to this Request.

14   REQUEST FOR PRODUCTION NO. 30:

15        Produce all communications with and documents exchanged between SRFECC and Chad

16   Finke, Brendon Woods, or any other representative of Alameda County, California regarding this

17   Lawsuit or Tyler.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

19        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to this Request on

20   the grounds that it seeks documents protected by the attorney-client privilege, the work-product

21   doctrine, and the common-interest protection, as well as any other constitutional, statutory or

22   common law privilege or protection, including requests that would require SRFECC to produce

23   documents or information covered by confidentiality agreements with others or protective orders, or

24   that would require SRFECC to violate the privacy interests of others.

25        Plaintiff objects that the Request for "all communications with and documents exchanged . . .

26   regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

27   that is not relevant and is not reasonably particularized, because not all documents exchanged

28   regarding Defendant or this action are relevant to the claims or defenses in this action.

-27-

**EXHIBIT A - PAGE 28**

1    Plaintiff will not produce documents responsive to this Request.

2    REQUEST FOR PRODUCTION NO. 31:

3    Produce all communications with and documents exchanged between SRFECC and Deborah

4    Grady or any other representative of the City of Sacramento regarding this Lawsuit or Tyler.

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

6    Plaintiff incorporates herein General Objection Nos. 1-7. Plaintiff objects to this Request on

7    the grounds that it seeks documents protected by the attorney-client privilege, the work-product

8    doctrine, and the common-interest protection, as well as any other constitutional, statutory or

9    common law privilege or protection, including requests that would require SRFECC to produce

10   documents or information covered by confidentiality agreements with others or protective orders, or

11   that would require SRFECC to violate the privacy interests of others.

12   Plaintiff objects that the Request for "all communications with and documents exchanged . . .

13   regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized. It seeks information

14   that is not relevant and is not reasonably particularized, because not all documents exchanged

15   regarding Defendant or this action are relevant to the claims or defenses in this action.

16   Plaintiff will not produce documents responsive to this Request.

17   REQUEST FOR PRODUCTION NO. 32:

18   Produce all communications with and documents exchanged between SRFECC and Police

19   Chief David Bowen or any other representative of Great Falls, Montana regarding this Lawsuit or

20   Tyler.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

22   Plaintiff incorporates herein General Objection Nos. 1-7. Plaintiff objects to this Request on

23   the grounds that it seeks documents protected by the attorney-client privilege, the work-product

24   doctrine, and the common-interest protection, as well as any other constitutional, statutory or

25   common law privilege or protection, including requests that would require SRFECC to produce

26   documents or information covered by confidentiality agreements with others or protective orders, or

27   that would require SRFECC to violate the privacy interests of others.

28   Plaintiff objects that the Request for "all communications with and documents exchanged . . .

-28-

1    regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

2    that is not relevant and is not reasonably particularized, because not all documents exchanged

3    regarding Defendant or this action are relevant to the claims or defenses in this action.

4        Plaintiff will not produce documents responsive to this Request.

5    REQUEST FOR PRODUCTION NO. 33:

6        Produce all communications with and documents exchanged between SRFECC and Sheriff

7    Schmidt or any other representative of Dodge County, Wisconsin regarding this Lawsuit or Tyler.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

9        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to this Request on

10    the grounds that it seeks documents protected by the attorney-client privilege, the work-product

11    doctrine, and the common-interest protection, as well as any other constitutional, statutory or

12    common law privilege or protection, including requests that would require SRFECC to produce

13    documents or information covered by confidentiality agreements with others or protective orders, or

14    that would require SRFECC to violate the privacy interests of others.

15        Plaintiff objects that the Request for "all communications with and documents exchanged . . .

16    regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

17    that is not relevant and is not reasonably particularized, because not all documents exchanged

18    regarding Defendant or this action are relevant to the claims or defenses in this action.

19        Plaintiff will not produce documents responsive to this Request.

20    REQUEST FOR PRODUCTION NO. 34:

21        Produce all communications with and documents exchanged between SRFECC and Chief

22    Rick Bartee or any other representative of the City of Roseville, California regarding this Lawsuit or

23    Tyler.

24    RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

25        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to this Request on

26    the grounds that it seeks documents protected by the attorney-client privilege, the work-product

27    doctrine, and the common-interest protection, as well as any other constitutional, statutory or

28    common law privilege or protection, including requests that would require SRFECC to produce

-29-

**EXHIBIT A, PAGE 30**

1    documents or information covered by confidentiality agreements with others or protective orders, or

2    that would require SRFECC to violate the privacy interests of others.

3         Plaintiff objects that the Request for "all communications with and documents exchanged . . .

4    regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

5    that is not relevant and is not reasonably particularized, because not all documents exchanged

6    regarding Defendant or this action are relevant to the claims or defenses in this action.

7         Plaintiff will not produce documents responsive to this Request.

8    <u>REQUEST FOR PRODUCTION NO. 35:</u>

9         Produce all communications with and documents exchanged between SRFECC and Police

10   Chief David Bowen or any other representative of Great Falls, Montana regarding this Lawsuit or

11   Tyler.

12   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>

13        Plaintiff incorporates herein General Objection Nos. 1-7.  Plaintiff objects to this Request on

14   the grounds that it seeks documents protected by the attorney-client privilege, the work-product

15   doctrine, and the common-interest protection, as well as any other constitutional, statutory or

16   common law privilege or protection, including requests that would require SRFECC to produce

17   documents or information covered by confidentiality agreements with others or protective orders, or

18   that would require SRFECC to violate the privacy interests of others.

19        Plaintiff objects that the Request for "all communications with and documents exchanged . . .

20   regarding this Lawsuit or Tyler" is overbroad and not reasonably particularized.  It seeks information

21   that is not relevant and is not reasonably particularized, because not all documents exchanged

22   regarding Defendant or this action are relevant to the claims or defenses in this action.

23        Plaintiff will not produce documents responsive to this Request.

24

25   Dated:  January 10, 2019              PILLSBURY WINTHROP SHAW PITTMAN LLP

26                                         By:   *Sydney A. Ward*
                                                 SYDNEY A. WARD

27                                         Attorneys for Plaintiff SRFECC

28

-30-

4816-2459-1483.v1                                                                   Case 2:18-cv-01792-KJM-KJN

**EXHIBIT A - PAGE 31**

# EXHIBIT B

**Ward, Sydney**

| | |
|---|---|
| **From:** | Ward, Sydney |
| **Sent:** | Thursday, December 6, 2018 12:52 PM |
| **To:** | Petronio, Beth W. |
| **Cc:** | Warden, Philip S. |
| **Subject:** | RE: SRFECC |
| **Attachments:** | Search Terms 4821-2437-2098 v.1 |

Hi Beth,

Thank you for your email.  I hope you are having a good week as well.

I have attached some of the search terms we have identified so far.  The list evolves as we refine our searches.

The list of custodians we sent you last week were the individuals we identified as likely possessing material information.  We have also collected emails from a number of the individuals you list below.  We are working on getting emails for the ones you identified that we have not collected from yet.  We were delayed somewhat last month because our client's attention was focused on the fires.

We have also identified the following individuals from Tyler whom we expect have responsive material information as well:  Jim Dennig (Interface Development Manager); Anita Jones (Interface Delivery and Support Manager); Earl Karcher (CAD engineer); David Driskell (Application Specialist).  I also realize that I misspelled Tiara Oger's and Mike Aloe's names in the list below.  My apologies.

We would like to request an extension of our deadline to respond.  Ideally, both parties would have their responses in hand in early January in enough time to prepare for the depositions.  Would you be amenable to extend our response deadline to January 10, 2019?

Thanks,

Sydney

---

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Wednesday, December 5, 2018 2:10 PM
**To:** Ward, Sydney <sydney.ward@pillsburylaw.com>
**Cc:** Warden, Philip S. <philip.warden@pillsburylaw.com>
**Subject:** RE: SRFECC

Sydney and Phil:

I hope you are having a good week. I wanted to follow up on some of the discovery issues we have been addressing.

First, we have gathered or are gathering information from the additional 8 Tyler custodians you have identified below, bringing the total number of Tyler custodians to 24. In addition, in an effort to narrow the universe of documents that must be reviewed, we applied a second set of search terms on top of those identified below (SacFire, etc) that were designed to address the specific documents requested in your document requests (terms like "RFP", "fully comply",  etc).  Even with these narrowed terms, there are still over 20,000 documents in the data base that will need

**EXHIBIT B - PAGE 2**

to be reviewed.  I believe you were going to send some additional narrowing terms as well and, if you plan to do so, I would appreciate getting those ASAP so that we can get started with the review process.

Second, your email below identifies only six SRFECC custodians. Given our document requests and the breadth of what you have requested from Tyler, I don't think these 6 are adequate. I think the following individuals undoubtedly were involved with the project and would have relevant information:

- Wendy Crosthwaite
- Kylee Soares
- Asst. Chief Maurice Johnson
- Dep. Chief Chris Costamagna
- Denise Tackett
- Linda Luis
- Joyce Starosciak
- Chuck Moody
- Sara Roush

In addition, Tiara Oger and Britt Wollenweber identified the following additional individuals that they dealt with on the build team:

- Janice Parker
- Tara Poirier
- Mathew Roseberry
- Ryan Gifford
- Robin Davis
- Phillip Challinor
- Jack Haddon
- Tad Suwa
- Tyler Wagaman
- John Herrera

Please let me know if you are agreeable to adding these additional custodians.  Also, what search terms have you used or do you propose to use for your custodians?

As far as depositions, I think there is general availability on our side for late January. Before we finalize dates, I would like to see how much progress we make on these document production issues.

Thanks,
Beth

**From:** Ward, Sydney [mailto:sydney.ward@pillsburylaw.com]
**Sent:** Thursday, November 29, 2018 1:24 PM
**To:** Petronio, Beth W.
**Cc:** Warden, Philip S.
**Subject:** FW: SRFECC

**External Sender:**

Hi Beth,

Thank you for speaking with Phil and me this morning.  Here is a brief summary of our discussion.  Please let me know if you have any revisions or additions to make.

**EXHIBIT B - PAGE 3**

<u>Privilege Log</u>:  We agree that neither party needs to provide a privilege log to record communications protected by the attorney-client privilege, whether the attorney is inside counsel or outside counsel.  We can revisit this agreement if needed.

<u>Search terms</u>:  Plaintiffs will review the search terms to see how we can help focus the searches.  Defendants will run some predictive reports to help determine how to focus the searches.

<u>Custodians</u>:  Plaintiffs have reviewed the list of individuals that Defendant has already pulled data for and believes that the following additional individuals likely have responsive documents as well:  Teri Oger, D.J. Pennala, Elise Austin, Brit Wollenweber, Jodi Foster, Greg Sebastian, Bret Dixon.  It is also possible that Mike Alloy might have responsive documents, but Plaintiffs are not sure of the extent of his involvement in the project.

For the individuals already listed, the search results might be further focused by delimiting searches by time period.  Plaintiffs believe that the following individuals may have participated in the project for discrete periods that can be searched (though Plaintiffs' knowledge is necessarily limited).

- Jonathan Cook:  Plaintiffs are aware of his involvement in the latter part of 2017 – e.g., August 1, 2017 through December 31, 2017.
- Michael Hargrove and Craig Bickley:  Plaintiffs are aware of their involvement in 2014.
- Brian Leary:  Plaintiffs are aware of his involvement in 2017.

Plaintiffs believe that their material custodians include the following individuals:
- Brad Dorsett
- Diane House
- Teresa Murray
- Shane Steckelberg
- Joe Thuesen
- Matt Wooden

Both parties recognize that there are likely responsive documents that would not be identified by custodian or by a keyword search and will look for those documents separately.

<u>Depositions</u>:  The parties will exchange available dates in January.

Please let me know if you have any questions.

Thank you,

Sydney

**Sydney Ward** | Associate
Pillsbury Winthrop Shaw Pittman LLP
2600 Capitol Avenue, Suite 300 | Sacramento, CA 95816-5930
t +1.916.329.4730
sydney.ward@pillsburylaw.com | website bio

---

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Wednesday, November 28, 2018 10:44 AM
**To:** Warden, Philip S. <philip.warden@pillsburylaw.com>
**Cc:** Ward, Sydney <sydney.ward@pillsburylaw.com>
**Subject:** RE: SRFECC

**EXHIBIT B - PAGE 4**

Hi Phil and Sydney:

Unfortunately, I miscalculated the time zone change and will be boarding at this time. Can we reset for tomorrow? I'm open between 9 and 11 PT if that would work.
In the meantime, the individuals below are the custodians that we have currently pulled electronic data on.

- o Craig Nelson
- o Kevin Flynn
- o David Bonini
- o Bob Rausch
- o Larry Piper
- o Kathy Fant
- o Jerrold Emery
- o Jonathan Cook
- o Bob Motzny
- o Sean Gallagher
- o Craig Salyers
- o Bryan Proctor
- o Jim Lucas
- o Michael Hargrove
- o Craig Bickley
- o Brian Leary

If you think this list omits someone material, let me know.  Also, for an initial cut we ran the following broad search terms on the data collected from these individuals:

- SacFire
- Sac Fire
- Sacramento Fire
- SRFECC
- Sacramento Regional
- SacRFECC
- RCC Consultants, Inc.
- Rachel Bello
- rbello@rcc.com
- Wendy Crosthwaite
- Denise Tackett
- @srfecc.ca.gov
- SRFECCCADBuildTeam
- Linda Luis
- Joyce Starosciak
- Kylee Soares
- Joe Thuesen
- Diane House
- Teresa Murray
- Athena
- @athenanets.com
- Cory Bluhm

These broad search terms returned a significant number of hits – approximately 34,000 (w/o attachments) for the named custodians.  Thus, we will need to find a way to further narrow the search terms.

4

**EXHIBIT B - PAGE 5**

As far as privilege logs, I'm still working on getting a number from my tech guys of how many Abby Diaz emails are in the set we gathered.

Finally, on location, I think it is our preference to depose your people either in Sacramento or San Francisco, whichever locale you guys prefer. We would rather do all three of our guys in one trip to Troy/Detroit, Michigan.
I'm still working on getting dates.

Hopefully this moves the ball. I would like to see the custodians you have pulled and/or any search terms used at some point.

Thanks,
Beth.

**From:** Warden, Philip S. [mailto:philip.warden@pillsburylaw.com]
**Sent:** Wednesday, November 28, 2018 11:24 AM
**To:** Petronio, Beth W.
**Cc:** Ward, Sydney
**Subject:** SRFECC

**External Sender:**

Beth, for our call at noon, Pacific; here is my suggested agenda:
  a.  Identify potential custodians to search
  b.  Identify potential search terms
  c.  Privilege logs
  d.  Location of the 6 depositions
My call in is:
1 866 844 4956
Passcode 9559067
Phil

**Philip S. Warden** | Partner
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998
t +1.415.983.7260 | f +1.415.983.1200 | m +1.415.359.5129
philip.warden@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   MIAMI
NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO
SAN DIEGO   SAN DIEGO NORTH COUNTY   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this

**EXHIBIT B - PAGE 6**

message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

**EXHIBIT B - PAGE 7**

# EXHIBIT C

EXHIBIT C - PAGE 1

PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
CLARK THIEL (SBN 190212)
clark.thiel@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415-983-1000
Facsimile: 415-983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
SYDNEY A. WARD (SBN 312615)
sydney.ward@pillsburylaw.com
2600 Capitol Avenue, Suite 300
Sacramento, CA 95816-5930
Telephone: 916-329-4700
Facsimile: 916-441-3583

KINGSLEY BOGARD, LLP
ROBERT E. KINGSLEY (SBN 59596)
Prosecuting Authority for Plaintiff
rkingsley@kblegal.us
600 Coolidge Drive
Suite 160
Folsom, CA 95630
Telephone: 916-932-2500

Attorneys for Plaintiff SACRAMENTO REGIONAL
PUBLIC SAFETY COMMUNICATIONS CENTER
D/B/A SACRAMENTO REGIONAL FIRE/EMS
COMMUNICATIONS CENTER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER | Case No.  2:18-cv-01792-KJM-KJN |
| Plaintiff, | PLAINTIFF'S NOTICE OF SUBPOENA TO DAVID BONINI |
| vs. | Judge:  Hon. Kimberly J. Mueller |
| TYLER TECHNOLOGIES, INC., a Delaware corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation | |
| Defendant. | |

-1-

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 Plaintiff Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS Communications Center ("SRFECC" or "Plaintiff") hereby causes the deposition subpoena attached hereto as Exhibit A to be served upon David Bonini which requires his appearance on February 12, 2019 at 9:00 a.m. at Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 to testify at a deposition to be taken in this action.

Dated:  February 1, 2019

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   PHILIP S. WARDEN
ROBERT E. KINGSLEY, Prosecuting Authority
Attorneys for Plaintiff
SACRAMENTO REGIONAL PUBLIC SAFETY COMMUNICATIONS CENTER D/B/A SACRAMENTO REGIONAL FIRE/EMS COMMUNICATIONS CENTER

1  <u>PROOF OF SERVICE</u>

2  <u>Case No.  2:18-cv-01792-KJM-KJN</u>

3    I, Sydney A. Ward, the undersigned, hereby declare as follows:

4    1.  I am over the age of 18 years and am not a party to the within cause.  I am

5  employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Sacramento, California.

6    2.  My email and business addresses are sydney.ward@pillsburylaw.com,

7  2600 Capitol Avenue, Suite 300, Sacramento, CA  95816-5930.

8    3.  On February 1, 2019, at 2600 Capitol Avenue, Suite 300, Sacramento,

9  California, I served the following documents:

10    • **PLAINTIFF'S NOTICE OF SUBPOENA TO DAVID BONINI**

11  on the parties listed below:

| | |
|---|---|
| Beth W. Petronio, Esq.<br>K&L GATES<br>1717 Main Street, Suite 2800<br>Dallas, Texas 75201<br>beth.petronio@klgates.com<br><br>Telephone:  214-939-5815<br>Facsimile:  214-939-5849<br><br>*Attorneys for Defendant*<br>**TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation** | Malcolm Segal, Esq.<br>John T. Kinn, Esq.<br>SEGAL & ASSOCIATES, PC<br>400 Capitol Mall, Suite 2550<br>Sacramento, CA 95814<br>msegal@segal-pc.com<br>jkinn@segal-pc.com<br><br>Telephone:  916-441-0886<br>Facsimile:  916-575-1231<br><br>*Attorneys for Defendant*<br>**TYLER TECHNOLOGIES, INC., a Delaware Corporation F/K/A NEW WORLD SYSTEMS CORPORATION, a Surrendered California corporation** |

22  in the following manner:

23  ☐ **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Sacramento, CA.  I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

27  ☐ **(BY FACSIMILE)** The above-referenced document(s) was/were transmitted by facsimile transmission, and the transmission was reported as complete and without error to the numbers listed above.

1    ☒    **(BY EMAIL TRANSMISSION)** The above-referenced document(s) was/were
2        transmitted via electronic transmission to the persons at the electronic-email addresses indicated above.

3    ☐    **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver
4        authorized by Capitol Couriers to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed forthwith.

5    ☐    **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
6        Winthrop Shaw Pittman LLP for collection and processing of correspondence for
7        overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by _____ for overnight delivery.

8

9        I declare under penalty of perjury that the foregoing is true and correct.  Executed

February 1, 2019, at Sacramento, California.

10

11                          _Sydney A. Ward_

12                                Sydney A. Ward

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

Case No. 2:18-cv-01792-KJM-KJN

**EXHIBIT C - PAGE 5**

# EXHIBIT A

EXHIBIT C - PAGE 6

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Sacramento Regional Public Safety, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Tyler Technologies, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   2:18-01792-KJM-KJN

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                David Bonini

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Pillsbury Winthrop Shaw Pittman, LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111 | Date and Time:<br><br>02/12/2019 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   video, stenographically, instant visual display of testimony

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/01/2019

| *CLERK OF COURT* | | OR | *Sydney Ward* |
|---|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Sacramento Regional Public Safety Communications Center, et al. _____ , who issues or requests this subpoena, are:

Philip S. Warden, Esq., Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (415) 983-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT C - PAGE 7**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-01792-KJM-KJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT C - PAGE 8**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT C - PAGE 9**

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   PHILIP S. WARDEN (SBN 54752)
2  philip.warden@pillsburylaw.com
   CLARK THIEL (SBN 190212)
3  clark.thiel@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111-5998
   Telephone:  415-983-1000
5  Facsimile:  415-983-1200

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SYDNEY A. WARD (SBN 312615)
7  sydney.ward@pillsburylaw.com
   2600 Capitol Avenue, Suite 300
8  Sacramento, CA 95816-5930
   Telephone:  916-329-4700
9  Facsimile:  916-441-3583

10 KINGSLEY BOGARD, LLP
   ROBERT E. KINGSLEY (SBN 59596)
11 Prosecuting Authority for Plaintiff
   rkingsley@kblegal.us
12 600 Coolidge Drive
   Suite 160
13 Folsom, CA 95630
   Telephone:  916-932-2500

14
   Attorneys for Plaintiff SACRAMENTO REGIONAL
15 PUBLIC SAFETY COMMUNICATIONS CENTER
   D/B/A SACRAMENTO REGIONAL FIRE/EMS
16 COMMUNICATIONS CENTER

17              **UNITED STATES DISTRICT COURT**

18             **EASTERN DISTRICT OF CALIFORNIA**

19 | SACRAMENTO REGIONAL PUBLIC | Case No.  2:18-cv-01792-KJM-KJN |
20 | SAFETY COMMUNICATIONS CENTER |
   | D/B/A SACRAMENTO REGIONAL | PLAINTIFF'S NOTICE OF SUBPOENA TO |
21 | FIRE/EMS COMMUNICATIONS CENTER | ROBERT MOTZNE |

22              Plaintiff,            Judge:  Hon. Kimberly J. Mueller

23          vs.

24 TYLER TECHNOLOGIES, INC., a Delaware
   corporation F/K/A NEW WORLD SYSTEMS
25 CORPORATION, a Surrendered California
   corporation
26
              Defendant.
27

28

                                                                    -1-

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 Plaintiff

3  Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS

4  Communications Center ("SRFECC" or "Plaintiff") hereby causes the deposition subpoena attached

5  hereto as Exhibit A to be served upon Robert Motzne which requires his appearance on February 19,

6  2019 at 9:00 a.m. at Hanson Reporting, 400 Renaissance Center, Suite 2160, Detroit, MI 48243 to

7  testify at a deposition to be taken in this action.

8

9

10  Dated: February 1, 2019

                                    PILLSBURY WINTHROP SHAW
PITTMAN LLP

11

12                                *Sydney Ward*

                        By:   PHILIP S. WARDEN

13                                ROBERT E. KINGSLEY, Prosecuting
Authority

14                                Attorneys for Plaintiff
                              SACRAMENTO REGIONAL PUBLIC

15                                SAFETY COMMUNICATIONS CENTER
                              D/B/A SACRAMENTO REGIONAL

16                                FIRE/EMS COMMUNICATIONS
                              CENTER

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF SUBPOENA TO **EXHIBIT C - PAGE 11**

4813-9546-4826.v1                                           Case No.: 2:18-cv-01792-KJM-KJN

1

PROOF OF SERVICE

2

Case No. 2:18-cv-01792-KJM-KJN

3
       I, Sydney A. Ward, the undersigned, hereby declare as follows:

4
       1.     I am over the age of 18 years and am not a party to the within cause. I am

5
employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Sacramento, California.

6
       2.     My email and business addresses are sydney.ward@pillsburylaw.com,

7
2600 Capitol Avenue, Suite 300, Sacramento, CA 95816-5930.

8
       3.     On February 1, 2019, at 2600 Capitol Avenue, Suite 300, Sacramento,

9
California, I served the following documents:

10
     •  **PLAINTIFF'S NOTICE OF SUBPOENA TO ROBERT MOTZNE**

11
on the parties listed below:

12

| Beth W. Petronio, Esq. | Malcolm Segal, Esq. |
|---|---|
| K&L GATES | John T. Kinn, Esq. |
| 1717 Main Street, Suite 2800 | SEGAL & ASSOCIATES, PC |
| Dallas, Texas 75201 | 400 Capitol Mall, Suite 2550 |
| beth.petronio@klgates.com | Sacramento, CA 95814 |
| | msegal@segal-pc.com |
| Telephone: 214-939-5815 | jkinn@segal-pc.com |
| Facsimile: 214-939-5849 | |
| | Telephone: 916-441-0886 |
| *Attorneys for Defendant* | Facsimile: 916-575-1231 |
| **TYLER** | |
| **TECHNOLOGIES, INC., a Delaware** | *Attorneys for Defendant* |
| **Corporation F/K/A NEW WORLD** | **TYLER** |
| **SYSTEMS CORPORATION, a** | **TECHNOLOGIES, INC., a Delaware** |
| **Surrendered California corporation** | **Corporation F/K/A NEW WORLD** |
| | **SYSTEMS CORPORATION, a** |
| | **Surrendered California corporation** |

22
in the following manner:

23
   ☐  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Sacramento, CA. I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

27
   ☐  **(BY FACSIMILE)** The above-referenced document(s) was/were transmitted by facsimile transmission, and the transmission was reported as complete and without error to the numbers listed above.

- 1 -

PROOF OF SERVICE

1  ☒  **(BY EMAIL TRANSMISSION)** The above-referenced document(s) was/were transmitted via electronic transmission to the persons at the electronic-email addresses indicated above.

2

3  ☐  **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by Capitol Couriers to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed forthwith.

4

5  ☐  **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by _____ for overnight delivery.

6

7

8

  I declare under penalty of perjury that the foregoing is true and correct.  Executed

9  February 1, 2019, at Sacramento, California.

10

11  _____
                    Sydney A. Ward

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

EXHIBIT C - PAGE 14

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Sacramento Regional Public Safety, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Tyler Technologies, Inc., et al. | ) |
| _Defendant_ | ) |

Civil Action No.   2:18-01792-KJM-KJN

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 Robert Motzne

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hanson Reporting, 400 Renaissance Center, Suite 2160, Detroit, MI 48243 | Date and Time: 02/19/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:    video, stenographically, instant visual display of testimony

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/01/2019

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ | | _Sydney Ward_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Sacramento Regional Public Safety Communications Center, et al. _____ , who issues or requests this subpoena, are:

Philip S. Warden, Esq., Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (415) 983-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT C - PAGE 15**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:18-01792-KJM-KJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT C - PAGE 16**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT C - PAGE 17**

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   PHILIP S. WARDEN (SBN 54752)
2  philip.warden@pillsburylaw.com
   CLARK THIEL (SBN 190212)
3  clark.thiel@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111-5998
   Telephone:  415-983-1000
5  Facsimile:  415-983-1200

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SYDNEY A. WARD (SBN 312615)
7  sydney.ward@pillsburylaw.com
   2600 Capitol Avenue, Suite 300
8  Sacramento, CA 95816-5930
   Telephone:  916-329-4700
9  Facsimile:  916-441-3583

10 KINGSLEY BOGARD, LLP
   ROBERT E. KINGSLEY (SBN 59596)
11 Prosecuting Authority for Plaintiff
   rkingsley@kblegal.us
12 600 Coolidge Drive
   Suite 160
13 Folsom, CA 95630
   Telephone:  916-932-2500
14
   Attorneys for Plaintiff SACRAMENTO REGIONAL
15 PUBLIC SAFETY COMMUNICATIONS CENTER
   D/B/A SACRAMENTO REGIONAL FIRE/EMS
16 COMMUNICATIONS CENTER

17              **UNITED STATES DISTRICT COURT**

18             **EASTERN DISTRICT OF CALIFORNIA**

19 SACRAMENTO REGIONAL PUBLIC          Case No.  2:18-cv-01792-KJM-KJN
   SAFETY COMMUNICATIONS CENTER
20 D/B/A SACRAMENTO REGIONAL           PLAINTIFF'S NOTICE OF SUBPOENA TO
   FIRE/EMS COMMUNICATIONS CENTER      KEVIN FLYNN
21
                   Plaintiff,           Judge:  Hon. Kimberly J. Mueller
22
          vs.
23
   TYLER TECHNOLOGIES, INC., a Delaware
24 corporation F/K/A NEW WORLD SYSTEMS
   CORPORATION, a Surrendered California
25 corporation
26                 Defendant.
27
28
                                                                      -1-
─────────────────────────────────────────────────────────────
           PLAINTIFF'S NOTICE OF SUBPOENA T**EXHIBIT C - PAGE 18**

1        PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 Plaintiff

2  Sacramento Regional Public Safety Communications Center d/b/a Sacramento Regional Fire/EMS

3  Communications Center ("SRFECC" or "Plaintiff") hereby causes the deposition subpoena attached

4  hereto as Exhibit A to be served upon Kevin Flynn which requires his appearance on February 20,

5  2019 at 9:00 a.m. at Hanson Reporting, 400 Renaissance Center, Suite 2160, Detroit, MI 48243 to

6  testify at a deposition to be taken in this action.

7

8

9  Dated:  February 1, 2019                 PILLSBURY WINTHROP SHAW
                                   PITTMAN LLP

10

11                         *Sydney Ward*

12               By:  PHILIP S. WARDEN
                   ROBERT E. KINGSLEY, Prosecuting
                   Authority

13                   Attorneys for Plaintiff
                   SACRAMENTO REGIONAL PUBLIC

14                   SAFETY COMMUNICATIONS CENTER
                   D/B/A SACRAMENTO REGIONAL

15                   FIRE/EMS COMMUNICATIONS
                   CENTER

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

4839-3341-1450.v1                               Case No.:  2:18-cv-01792-KJM-KJN

1  <u>PROOF OF SERVICE</u>

2  <u>Case No.  2:18-cv-01792-KJM-KJN</u>

3       I, Sydney A. Ward, the undersigned, hereby declare as follows:

4       1.       I am over the age of 18 years and am not a party to the within cause.  I am

5  employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Sacramento, California.

6       2.       My email and business addresses are sydney.ward@pillsburylaw.com,

7  2600 Capitol Avenue, Suite 300, Sacramento, CA  95816-5930.

8       3.       On February 1, 2019, at 2600 Capitol Avenue, Suite 300, Sacramento,

9  California, I served the following documents:

10      • **PLAINTIFF'S NOTICE OF SUBPOENA TO KEVIN FLYNN**

11  on the parties listed below:

| | |
|---|---|
| Beth W. Petronio, Esq.<br>K&L GATES<br>1717 Main Street, Suite 2800<br>Dallas, Texas 75201<br>beth.petronio@klgates.com<br><br>Telephone:  214-939-5815<br>Facsimile:  214-939-5849<br><br>*Attorneys for Defendant*<br>**TYLER**<br>**TECHNOLOGIES, INC., a Delaware**<br>**Corporation F/K/A NEW WORLD**<br>**SYSTEMS CORPORATION, a**<br>**Surrendered California corporation** | Malcolm Segal, Esq.<br>John T. Kinn, Esq.<br>SEGAL & ASSOCIATES, PC<br>400 Capitol Mall, Suite 2550<br>Sacramento, CA 95814<br>msegal@segal-pc.com<br>jkinn@segal-pc.com<br><br>Telephone:  916-441-0886<br>Facsimile:  916-575-1231<br><br>*Attorneys for Defendant*<br>**TYLER**<br>**TECHNOLOGIES, INC., a Delaware**<br>**Corporation F/K/A NEW WORLD**<br>**SYSTEMS CORPORATION, a**<br>**Surrendered California corporation** |

22  in the following manner:

23  ☐  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be
24      placed in the United States mail at Sacramento, CA.  I am readily familiar with the
        practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of
25      correspondence for mailing, said practice being that in the ordinary course of
        business, mail is deposited in the United States Postal Service the same day as it is
26      placed for collection.

27  ☐  **(BY FACSIMILE)** The above-referenced document(s) was/were transmitted by
        facsimile transmission, and the transmission was reported as complete and without
28      error to the numbers listed above.

**EXHIBIT C - PAGE 20**

1  ☒  **(BY EMAIL TRANSMISSION)** The above-referenced document(s) was/were
2      transmitted via electronic transmission to the persons at the electronic-email addresses
       indicated above.

3  ☐  **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver
4      authorized by Capitol Couriers to receive documents to be delivered on the same
       date.  A proof of service signed by the authorized courier will be filed forthwith.

5  ☐  **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
6      Winthrop Shaw Pittman LLP for collection and processing of correspondence for
       overnight delivery and know that the document(s) described herein will be deposited
7      in a box or other facility regularly maintained by _____ for overnight delivery.

8          I declare under penalty of perjury that the foregoing is true and correct.  Executed
9  February 1, 2019, at Sacramento, California.

10
11                          _____
                                        Sydney A. Ward
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -                                    Case No. 2:18-cv-01792-KJM-KJN
PROOF OF SERVICE

**EXHIBIT C - PAGE 21**

# EXHIBIT A

**EXHIBIT C - PAGE 22**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

| | |
|---|---|
| Sacramento Regional Public Safety, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:18-01792-KJM-KJN |
| Tyler Technologies, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                Kevin Flynn

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Hanson Reporting, 400 Renaissance Center, Suite 2160, Detroit, MI 48243 | Date and Time:  02/20/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:   video, stenographically, instant visual display of testimony

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/01/2019

CLERK OF COURT

                                                          OR

_____                    *Sydney Ward*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Sacramento Regional Public Safety Communications Center, et al. _____ , who issues or requests this subpoena, are:

Philip S. Warden, Esq., Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (415) 983-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT C - PAGE 23**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:18-01792-KJM-KJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT C - PAGE 24**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT C - PAGE 25**

# EXHIBIT D

**Ward, Sydney**

---

| | |
|---|---|
| **From:** | Petronio, Beth W. <beth.petronio@klgates.com> |
| **Sent:** | Thursday, March 7, 2019 8:42 AM |
| **To:** | Ward, Sydney; Warden, Philip S.; Hua, Nelson M.; jkinn@segal-pc.com; msegal@segal-pc.com |
| **Subject:** | RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production |

Hi Sydney:

A few points of clarification:

1. The week of May 6 does not work for us because Tyler has its quarterly board meetings in Dallas that week.
2. We moved Bonini's deposition for several reasons, including:
   a. You produced a large amount of information last Friday evening that we are still analyzing;
   b. You have indicated that you still have approximately 200,000 additional documents to review and produce;
   c. As you know, we do not believe it is appropriate to require us to produce any witnesses until production is complete. Nonetheless, we are willing to agree to the schedule we suggested. We don't, however, believe it is equitable to require us to provide our witnesses with incomplete discovery and then for you to produce your witnesses in a month or two months with the benefit of the additional discovery and time to analyze the documents, etc.
   d. Mr. Bonini has developed a work conflict that complicates the previously discussed date;
   e. Both Ms. Diaz and I will be traveling repeatedly to California for these depositions (and she is coming from Maine). We believe it is reasonable and appropriate to consolidate our travel. Because you cannot schedule all three of your witnesses at one time, we think it is more appropriate to consolidate Mr. Bonini with Ms. Murray and also the settlement conference. That limits us to two trips instead of four.
3. The dates proposed for Ms. Murray are two months away. Surely with this much advanced notice she can control her schedule in order to make time for this important deposition.
4. Judge Barnes' is not available for a settlement conference until May 16 in any event, so a stipulation that expires on May 3 is not feasible.

Given all of these facts, and the other issues that we have discussed in the past weeks and months, we believe that the schedule we suggested below is infinitely reasonable and workable for all parties. We are, however, happy to proceed with our motion to continue all the deadlines on March 22, 2019, if that is the path you prefer.

Thanks,
Beth

**From:** Ward, Sydney [mailto:sydney.ward@pillsburylaw.com]
**Sent:** Thursday, March 07, 2019 9:59 AM
**To:** Petronio, Beth W.; Warden, Philip S.; Hua, Nelson M.; jkinn@segal-pc.com; msegal@segal-pc.com
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Hi Beth,

**EXHIBIT D - PAGE 2**

Thanks for your email.  We reached out again to Teresa to urge her to give us a date that is convenient for you, given that the first week of April and May 4-5 were unacceptable to you.  We have not heard back from her yet.  I will note that Teresa is available May 6-10 as well, though since May 4 and 5 were unacceptable to you (which were the closest dates possible to the May 1-3 dates you proposed, on which Teresa was traveling), we are not sure whether you would agree to them either.

We are confused by your proposal below to change the order of depositions and Mr. Bonini's deposition date.  The order and date were intentional and need to be maintained.

Given the uncertainty at this point, we have no choice but to file an opposition to your motion.  We prefer not to do so, but need to protect the client's interests.

Thank you,

Sydney

**Sydney Ward** | Associate
Pillsbury Winthrop Shaw Pittman LLP
2600 Capitol Avenue, Suite 300 | Sacramento, CA 95816-5930
t +1.916.329.4730
sydney.ward@pillsburylaw.com | website bio

---

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Wednesday, March 6, 2019 11:51 AM
**To:** Warden, Philip S. <philip.warden@pillsburylaw.com>; Hua, Nelson M. <Nelson.Hua@klgates.com>; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Ward, Sydney <sydney.ward@pillsburylaw.com>
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Phil:
Given all the moving pieces, here is our proposal for a deposition schedule and settlement conference.  To accomplish this schedule, we would need to extend the stipulation we have been discussing to May 17.

1.  Kevin Flynn in Troy, Michigan on March 27, 2019;
2.  Robert Motzny in Troy, Michigan on March 28, 2019;
3.  Diane House in Sacramento on April 10;
4.  Joe Thuesen in Sacramento on April 11;
5.  David Bonini in Sacramento on either May 14 or 15, depending on Teresa Murray's availability;
6.  Teresa Murray in Sacramento on either May 14 or 15;
7.  Settlement Conference on May 16, 2019 at 10am before Judge Barnes – Note that this is the **only** date she has available before May 17th due to knee surgery in April, and we need to let her know asap to hold it.
8.  The stipulation extends the discovery and expert dates to May 17 without prejudice to our refiling a request for a new scheduling order in the event the parties do not reach a settlement agreement. A revised version is attached.

Please let me know about this proposal as soon as possible so that we can get a stipulation on file.
Thanks,
Beth

**EXHIBIT D - PAGE 3**

**From:** Warden, Philip S. [mailto:philip.warden@pillsburylaw.com]
**Sent:** Tuesday, March 05, 2019 7:20 PM
**To:** Petronio, Beth W.; Hua, Nelson M.; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Ward, Sydney; Warden, Philip S.
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Beth, we are checking with Teresa; would May 6 work? What dates do you suggest?  So May 3 or May 5 don't work? Recall that Teresa no longer is employed by the District, but I am trying.

I note your concerns about documents, but the FRCP do not require that all documents be produced before depositions can commence; in fact, there are always later produced documents. We have produced the custodians who had any real role.  I think it would be wise to file the Stip now.

Teresa is traveling but we are trying to get this final piece nailed down.  My goal is to get this completed tomorrow.

Phil

**Philip S. Warden** | Partner
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998
t +1.415.983.7260 | f +1.415.983.1200 | m +1.415.359.5129
philip.warden@pillsburylaw.com | website bio

---

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Tuesday, March 5, 2019 2:54 PM
**To:** Ward, Sydney <sydney.ward@pillsburylaw.com>; Hua, Nelson M. <Nelson.Hua@klgates.com>; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Warden, Philip S. <philip.warden@pillsburylaw.com>
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Sydney:

Thanks for the email. Neither of those suggested dates work for us. Can you please check with Teresa for alternatives? It appears we will need to extend the stipulation beyond May 3rd at this point to accomplish what needs to be done. Or, in the alternative, we could just extend all the deadlines by 3 months (as requested in our current motion to amend) and give everyone the necessary time to get this done in a reasonable manner.

Although we initially insisted on getting all of your documents before proceeding with depositions, Tyler was willing to proceed with depositions based on the suggestion that the production would be *substantially* complete by March 1. Now you have said that there are 200,000 or so more documents to review and produce. Still, we were willing to go forward with depositions of our clients and yours without a complete document production in order to accommodate SRFECC's desire to expedite this matter and to take discovery before another settlement conference.  That agreement was, however, conditioned on the belief that we would be getting dates for all three of your depositions and a settlement conference prior to May 3. Now, it would appear that that is also not feasible. SRFECC continues to oppose our reasonable suggestion for a 3-month continuance, and yet they continue to delay discovery to a point that makes it impossible to meet the deadlines it claims are applicable. And, at the same time, for reasons that we do not understand, SRFECC will not attend another settlement conference with Tyler until the discovery occurs.

So, in light of Teresa's availability and the other restrictions on various individuals' availability, what do you suggest we do about the stipulation and/or motion to amend?

**EXHIBIT D - PAGE 4**

Thanks,
Beth



**Beth W. Petronio**
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX 75201
Phone: 214.939.5815
Fax: 214.939.5849
beth.petronio@klgates.com
www.klgates.com

**From:** Ward, Sydney [mailto:sydney.ward@pillsburylaw.com]
**Sent:** Tuesday, March 05, 2019 12:52 PM
**To:** Petronio, Beth W.; Hua, Nelson M.; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Warden, Philip S.
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Hi Beth,

Teresa has a busy travel schedule over the next few months.  She says that she should be back in California the first week of April and then again May 4th and May 5th (which is a Sat. and Sun.).

Are any of those dates workable for you?  If so, can you propose specific dates and I will call her back asap to confirm her availability?  She's traveling today so I want to try and get her while she's still on the ground.

Thanks,

Sydney

**Sydney Ward** | Associate
Pillsbury Winthrop Shaw Pittman LLP
2600 Capitol Avenue, Suite 300 | Sacramento, CA 95816-5930
t +1.916.329.4730
sydney.ward@pillsburylaw.com | website bio

**From:** Petronio, Beth W. <beth.petronio@klgates.com>
**Sent:** Tuesday, March 5, 2019 8:52 AM
**To:** Ward, Sydney <sydney.ward@pillsburylaw.com>; Hua, Nelson M. <Nelson.Hua@klgates.com>; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Warden, Philip S. <philip.warden@pillsburylaw.com>
**Subject:** RE: SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

**EXHIBIT D - PAGE 5**

* EXTERNAL EMAIL *

Phil and Sydney:
Thank you for the signed stipulation. Before we counter-sign and file it, do we have confirmation on dates for Teresa Murray's deposition and for our settlement conference?
I believe we can confirm the following dates for the other depositions:
1. David Bonini – March 20 – K&L Gates' San Francisco office
2. Kevin Flynn – March 27 – Troy, Michigan
3. Brian Motzny – March 28 – Troy, Michigan
4. Diane House – April 10 – Sacramento
5. Joe Thuesen – April 11 – Sacramento
We need to get flight reservation started, so please confirm when you can.
Thanks,
Beth

**From:** Ward, Sydney [mailto:sydney.ward@pillsburylaw.com]
**Sent:** Friday, March 01, 2019 10:23 PM
**To:** Petronio, Beth W.; Hua, Nelson M.; jkinn@segal-pc.com; msegal@segal-pc.com
**Cc:** Warden, Philip S.
**Subject:** SRFECC v. Tyler / Production of Documents in Response to First Set of Requests for Production

Dear Nelson and Beth,

I have changed the month on the signature block to March and signed the stipulation for Phil.

Below please find below your login credentials to access Plaintiff's production of documents:

- Volume 4:  Bates Range SRFECC 0018836 – SRFECC 0048782
- Volume 5:  Bates Range SRFECC 0048783 – SRFECC 0050398

SFTP URL: https://secureftp1.pillsburylaw.com
Username: **pwuser-3600**
Password: **TkUrFsL2N**

For an FTP client, like Filezilla, use this access:
**site**: secureftp1.pillsburylaw.com
**FTP user name**: **pwuser-3600**
**password**: **TkUrFsL2N**
**Port**: 22

I will send you the zip password in a separate email.

Please note that this site is intended for the temporary transfer of files between parties and is not a long-term storage site.  The data in the site will be removed after 21 days, so please let me know as soon as possible if you encounter any trouble accessing the files.

5

**EXHIBIT D - PAGE 6**

We are substantially complete with respect to Diane, Teresa, and Joe, and will not use any documents not produced today at their depositions.  There are some documents with a technical issue that we are trying to resolve.  We will not use them at the deposition, and if they are non-privileged and responsive, we will produce them next week.

Thank you, and have a nice weekend,

Sydney

**Sydney Ward** | Associate
Pillsbury Winthrop Shaw Pittman LLP
2600 Capitol Avenue, Suite 300 | Sacramento, CA 95816-5930
t +1.916.329.4730
sydney.ward@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   MIAMI
NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO
SAN DIEGO   SAN DIEGO NORTH COUNTY   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

**EXHIBIT D - PAGE 7**

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at beth.petronio@klgates.com.

**EXHIBIT D - PAGE 8**